# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMPSON, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00129 DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 24) |

    Plaintiff Jeremiah D. Vickers ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On January 26, 2016, the Court screened Plaintiff's August 31, 2015, First Amended Complaint and found that it stated the following claims: (1) an Eighth Amendment excessive force claim against Tulare County Deputies Smith, O'Neil and Sandoval; and (2) an Eighth Amendment deliberate indifference claim against Defendants Tulare County Sheriff Sgt. Thompson, and Deputies Smith, O'Neil and Sandoval.[1] The Court also dismissed Plaintiff's procedural due process claim for failure to state a claim.

    Also on January 26, 2016, the Court ordered Plaintiff to return service documents so that service could be initiated on Defendants by the United States Marshal. Plaintiff received a thirty (30) day extension of time within which to return the documents.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 4, 2015.

On February 24, 2016, Plaintiff filed a Request for Judicial Notice, citing various sections of the California Rules of Court and California Evidence Code.[2] Attached to his request was a motion objecting to the Magistrate Judge's dismissal of the due process claim.  The Court construes this as a motion for reconsideration.

## A.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his control.  Id. (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## B.    DISCUSSION

Plaintiff disagrees with the Magistrate Judge's finding that he failed to state a due process claim against Defendant O'Neil and Sandoval based on their cell-extraction techniques.  The Magistrate Judge explained that there were no procedural due process rights attached to cell-extractions.

Plaintiff argues that their actions were "atypical, and therefore unequal," to the ordinary incidents and procedures of jail life, as well as other cell extractions conducted by Tulare County Jail Deputies that Plaintiff has witnessed.  ECF No. 24, at 7.  He contends that the "process he received," i.e., Defendants alleged tactics during the cell extraction, was atypical and inhumane. Plaintiff explains that he does not contend that the cell-extraction violated the Fourteenth Amendment, but rather contends that "the manner in which it began- or what it began without. . ." violated his liberty interest. ECF No. 24, at 8.

///

---

[2] The California Rules of Court and California Evidence code are not applicable in this federal action.

Plaintiff is correct that he has a liberty interest in freedom from restraint which imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citing Sandin v. Conner, 515 U.S. 472, 484 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). However, a cell extraction, even one that Plaintiff believes to be improper, is not something to which procedural due process rights attach. Regardless of how Plaintiff characterizes his claim, i.e., relating to the actual cell extraction or the events leading to the cell extraction, he was not entitled to any process under the due process clause.

Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated: **March 11, 2016**         /s/ *Dennis L. Beck*
                                  UNITED STATES MAGISTRATE JUDGE

3