# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMPSON, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00129-SAB (PC)<br><br>ORDER REGARDING MOTION REQUESTING INTERVENTION FROM THE COURT FOR SERVICE UPON THE REMAINING DEFENDANTS<br><br>ORDER DIRECTING COUNTY COUNSEL TO PROVIDE DEFENDANTS SANDOVAL'S AND O'NEIL'S FORWARDING ADDRESSES TO U.S. MARSHAL WITHIN THIRTY (30) DAYS |

Plaintiff Jeremiah D. Vickers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint for Eighth Amendment excessive force claims against Defendants Smith, O'Neil and, Sandoval, and Eighth Amendment deliberate indifference against Defendants Thompson, Smith, O'Neil, and Sandoval.

Plaintiff consented to magistrate judge jurisdiction. (ECF No. 8.) Counsel for Defendants Thompson and Smith has appeared, and those Defendants have also consented to magistrate judge jurisdiction. (ECF No. 40.)

On September 15, 2016, service was returned unexecuted as to Defendant Sandoval. (ECF No. 48.) The Deputy Marshal indicated that, "per Tulare County staff, deputy Sandoval [is] no longer employed with Tulare Co[unty]. Unable to forward." (Id. at 1.)

1

On September 6, 2016, Plaintiff filed the instant "Motion Requesting Intervention from the Court for Service upon Remaining Defendants." (ECF No. 46.) Plaintiff declares that defense counsel for Defendants Thompson and Smith informed him that Defendants Sandoval and O'Neil no longer work for the County of Tulare and could not be served by the Marshal by mail at the Tulare County Sheriff's Department. Plaintiff requests that the Court allow service to be made on Defendants Sandoval and O'Neil through the court clerk, under Federal Rule of Civil Procedure 5(b)(2)(D). Plaintiff further requests that the Court "interpret" the rules to conclude that Defendants Sandoval and O'Neil have been served.

Federal Rule of Civil Procedure 5 does not apply to service of a summons and complaint. Instead, Rule 4 "governs the commencement of an action and the service of process." E.g., Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 999 (9th Cir. 2007). "Rule 5, in turn, governs service of 'every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants." Id. (quoting Fed. R. Civ. P. 5(a)). Plaintiff's request to serve Defendants Sandoval and O'Neil with the summons and first amended complaint in this matter is denied, as is his request to have the Court declare that those parties have been served.

Plaintiff's request for court intervention in service of Defendants Sandoval and O'Neil in these circumstances, however, requires some additional attention. In cases involving a plaintiff proceeding in forma pauperis, a U.S. Marshal, upon order of the court, serves the summons and the complaint. See Avery v. Allamby, No. 13-CV-3169-BTM-DHB, 2015 WL 710695, at *1 (S.D. Cal. Feb. 17, 2015) (citing Fed. R. Civ. P. 4(c)(3)). The plaintiff must provide the information necessary to identify the defendant so that the U.S. Marshal can effect service. Id.

Here, Plaintiff has provided the information necessary to sufficiently identify Defendants Sandoval and O'Neil, but the U.S. Marshal was unable to effect service upon them due to their retirement, and the presumably confidential nature of their forwarding residential addresses. Thus, as long as the privacy of those forwarding address can be preserved, Plaintiff is entitled to rely on the Marshal to effect service upon Defendants Sandoval and O'Neil on his behalf. See Avery, 2015 WL 710695, at *2 (citing Puette v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)).

Therefore, the Court will direct defense counsel, who is the Tulare County Counsel, to provide any forwarding address obtainable from Tulare County's personnel records Defendants Sandoval and O'Neil to the Marshal in a confidential memorandum indicating that the summons and Plaintiff' first amended complaint are to be served at those addresses. Defendants Sandoval's and O'Neil's confidential addresses <u>shall not appear</u> on any U.S. Marshal Form 285, <u>shall not be made accessible to Plaintiff</u>, and <u>shall not</u> be made part of the Court's record.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Motion Requesting Intervention from the Court for Service upon the Remaining Defendants, filed September 6, 2016 (ECF No. 46), is granted in part and denied in part;

2. Defense counsel shall provide any forwarding address obtainable from Tulare County's personnel records Defendants Sandoval and O'Neil to the Sacramento Division of the U.S. Marshal's Office in a confidential memorandum indicating that the summons and Plaintiff' first amended complaint are to be served at those addresses;[1]

3. Defense counsel shall file a notice indicating that this order has been complied with, and at that time the Court shall issue an order directing the U.S. Marshal to re-attempt service on Defendants Sandoval and O'Neil; and

4. The Clerk's Office shall serve a copy of this order on the Sacramento Division of the United States Marshals Office.

IT IS SO ORDERED.

Dated:   **November 22, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[1] The United States Marshal's Office is located at 501 I St., Ste. 5600, Sacramento, CA, 95814.