NAME: Jeremiah D. Vickers

I.D.#: F-74670

ADDRESS: C.S.P. - Los Angeles County
P.O. Box 8457
Lancaster, CA 93539

PRO PER PLAINTIFF

FILED

JAN 0 9 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

JEREMIAH D. VICKERS,
Plaintiff,

v.

THOMPSON, et al.,
Defendants.

Case No. # 1:15-cv-00129 SAB (PC)

## MOTION TO COMPEL DISCOVERY

The plaintiff hereby moves pursuant to Rule 34(b) and 37(a) of the Fed. R. Civ. P. for an order compelling the defendants to produce all of the documents requested on October 10, 2016; an order issuing that all the evasive, ignored, and/or meritless denials/responses be deemed as "admitted" in the admissions submitted on October 5, 2016; an order issuing the waiving of all objections, pursuant to Rule 33(b) of the Fed. R.C.P., to the interrogatories submitted on October 10, 2016.

Attached herein are plaintiff's declaration, brief in support of MOTION TO COMPEL DISCOVERY with points and authorities, as well as the relevant exhibits, per court rules.

# TABLE OF CONTENTS

A) MOTION TO COMPEL DISCOVERY   (cover document)

B) DECLARATION OF JEREMIAH D. VICKERS

C) BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

D) EXHIBIT 1 — Plaintiff's Request For Admissions (which includes defendant's incident report as "exhibit a")

E) EXHIBIT 1a — Defendant's Sgt. Thompson and Deputy Smith's response to Admissions request

F) EXHIBIT 2 — Plaintiff's First Request For Production Of Documents

G) EXHIBIT 2a — Defendants Sgt. Thompson and Deputy Smith's response to Production of Documents request

H) EXHIBIT 3 — Plaintiff's First Set Of Interrogatories

I) EXHIBIT 3a — Defendants Sgt. Thompson and Deputy Smith's response to Interrogatories request

J) EXHIBIT 4 — Defendants Sgt. Thompson and Deputy Smith's Counsel's letter stating initial refusal to respond to Production Of Documents and Interrogatories request

Declaration In Support Of Motion To Compel

Jeremiah D. Vickers declares under penalty of perjury:

1) I am the Plaintiff in this case. I make this declaration in support of my MOTION TO COMPEL DISCOVERY:

2) On October 3, 2016, I served on the defendants a Request for Admissiones — which is attached to this MOTION as Exhibit 1;

3) On October 10, 2016, I served on the defendants, via prison legal mail procedures (same as I did with my Request for Admissiones aforementioned), a Request for Production Of Documents — which is attached to this MOTION as Exhibit 2;

4) On October 10, 2016, I served on the defendants, via prison legal mail procedures, a Plaintiff's First Set Of Interrogatories — which is attached to this MOTION as Exhibit 3;

5) On October 27, 2016, I received a letter from defendants counsel initially refusing to respond to my request for production of documents and my interrogatories — which is attached to this MOTION as Exhibit 4;

6) On November 10, 2016, I received defendant Sgt. Thompson's and Deputy Smith's Response To Plaintiff's Request for Admissiones, which was full of evasive, insufficient, and/or meritless denials/responses — see Exhibit 1a;

7) On December 16, 2016, I received defendant's Sgt. Thompson and Deputy Smith's Response To Plaintiff's Request For Production Of Documents which failed to produce the documents requested, was full of evasive and/or insufficient responses, meritless and boilerplate objections/denials/responses — see Exhibit 2a;

8) On December 16, 2016, I received defendant's Sgt. Thompson and Deputy Smith's Response To Plaintiff's First Set of

Interrogatories which was full of insufficient evasive, meritless, boilerplate generalized objections/responses — see Exhibit 3a

9) In every possible aspect defendants ignored and/or violated the "Definitions" and "Instructions" put forth in each discovery request submitted

10) Defendants responses and/or objections — in the Plaintiff's Request for Admissions — on the grounds that the request was vague, seemingly interchangeable, without definition, etc. as reason for denial or not producing a response was a meritless deceitful ambiguity created to conceal their evasive stonewalling, as set forth in the brief accompanying this motion.

11) Defendants objections — in the Plaintiff's Request for Production Of Documents and Plaintiffs First Set Of Interrogatories — are waived, as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

12) Defendants response(s) and/or objection(s) on the grounds(s) that the discovery sought is "responsive documents(s) in the possession and control of the Tulare County Sheriff's Department", "not reasonably designed to lead to the discovery of admissible evidence", [documents] previously provided irrelevant, burdensome or oppressive, duplicative or cumulative, overbroad, not limited to a relevant time period, etc. as reasons for not producing the discovery have no merit, as set forth in the brief accompanying this motion

WHEREFORE, the plaintiff request that the court grant this motion in all respects.

January 03, 2017
DATE

SIGNATURE

Jeremiah D. Vickers
PRINTED NAME

BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

THIED IS A SUFFICIENT PLEADING

## Statement of the Case

This is a §1983 action filed by a prisoner, who was at the time a convicted inmate in the custody of the Tulare County Sheriff's Department, and is currently in the custody of the California Department of Corrections and Rehabilitation seeking damages for use of excessive force and deliberate indifference to a serious medical need both in violation of the 8th Amendment

## Statement of Facts

On October 03, 2016, plaintiff served on defendants a REQUEST FOR ADMISSIONS pursuant to Rule 36, Fed. R. Civ. P. On October 10, 2016, plaintiff served on defendants a REQUEST FOR PRODUCTION OF DOCUMENTS and a PLAINTIFF'S FIRST SET OF INTERROGATORIES pursuant to Rule 33 and Rule 34, Fed. R. Civ. P. On November 03, 2016, defendants served plaintiff with response to admissions request. On December 12, 2016 defendants served plaintiff with response to documents request and interrogatories request.

As set forth in the plaintiff's Declaration, the defendants counsel insufficient Admissions responses, late and insufficient Production Of Documents and Interrogatories responses ignored document/discovery request definitions and instructions at every opportunity in an attempt to stonewall plaintiff and impede the discovery process.

# ARGUMENT

## POINT I

## RULE 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 36(a) of the Fed. R. Civ. P. provides in part that: "The party who has requested the admissions may move to determine the sufficiency of the answers or objections". Plaintiff has determined that ____ (i.e. admissions request number(s) #2, #3, #4, #5, #13, #15, #17, and #18 ) out of 27, admissions request responses made by defendants Sgt. Thompson and Deputy Smith are insufficient.

    a) defendants completely ignored plaintiff's "DEFINITIONS" (see EXHIBIT 1) given on page 2 of the admissions request;

    b) admissions requests #2, #3, #4, and #5 were clearly defined Tulare County Sheriff's Department Detention Division Procedures Manual terminology (i.e. "mutual response incident" in #2, "inmate disturbance" in #3, "emergency incident" in #4, "unusual incident" in #5), however, the responding defendants claimed to not know these terms and their defining source when it supported their deceitful agenda of concealment — they knew the term and it's source in #2 but not in #3, #4, and #5? — but failed to thoroughly inquire into them as well. _Concerned Citizens v. Belle Haven Club_, 223 F.R.D. 39 (D. Conn 2004). The rule governing request for admissions requires the Responding Party to make a reasonable inquiry and effort to secure information that is readily available from person and documents within the Responding Party's relative control. see responding defendants deceitful stonewalling in EXHIBIT 1a;

    c) admissions request #13, #15, #17, and #18 are clear

in their wording however, the responding defendants gave evasive ambiguous responses that fail to answer the actual requested Admission (i.e "were you involved..." was plaintiff's wording and/but defendants responded with "...[they] deny... they used..." in #13 of admissions; thus, not factually responding to the actual admission request. The defendants, thompson and Smith, responses to #15, #17, and #18 are similar, to #13, with their evasive ambiguous deceit). Callous disregard of discovery responsibilities cannot be condoned. _Campbell Industries v M/V Gemini_, 619 F. 2d 24, 27 (9th Cir. 1980). Making an evasive or meritless denial clearly would result in the matter[s] being deemed admitted. _Asea, Inc v. Southern Pacific Transportation Co._, 669 F. 2d 1242 (9th Cir. 1981)


POINT II

RESPONDING DEFENDANTS HAVE WAIVED
THEIR OBJECTIONS BY THEIR FAILURE TO
RESPOND TIMELY TO THE REQUEST

The rules provide that responses and objections to request for production of documents and interrogatories are to be served within 30 days of the request unless the court grants a shorter or longer time. Rule 33(b)(3) and Rule 34(b), Fed. R. Civ. P. The responding defendants waited almost two months before supposedly responding, without even obtaining or even seeking permission from the court, or agreement from the plaintiff, for this delay.

It is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production request, or other discovery efforts." _Godsey v. United States_, 133 F.R.D. 111, 113 (S.D. Miss. 1990); accord, _Marx v. Nationwide Federal Credit Union_, 229 F.R.D. 364, 368 (D. Conn. 2005); _Safeco Ins. Co. of America v. Rawstrom_, 183 F.R.D. 668, 670-73 (C.D. Cal 1998); _Demary v. Yamaha Motor Corp._, 125 F.R.D. 20, 22 (D.

1  Mazo 1992) and cases cited. This waiver is enforced even if the objections are based on a
2  claim of privilege. Marx v. Kelly, Hart & Halman, P.C., 929 F.2d 8, 12 (1st Cir.
3  1991); Fonville v. District of Columbia, 230 F.R.D. 38, 42-43 (D.D.C. 2005); Fretz v.
4  Kettner, 109 F.R.D. 303, 309 (D. Kan. 1986) and cases cited. The noncomplying party is
5  excused from the waiver only if the discovery is "patently improper," Godsey v. United
6  States, 133 F.R.D. at 113, or if it "far exceeds the bounds of fair discovery," Krewson v.
7  City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988) accord, U.S. ex rel. Burroughs v.
8  DeNardi Corp., 167 F.R.D. 680, 687 (S.D. Cal. 1996).
9      As shown in the next point, the discovery sought is not only proper but is highly appropriate
10  and relevant.

11
12                          POINT III
13         THE DISCOVERY SOUGHT IS RELEVANT
14         TO THE CLAIMS AND DEFENSES IN THIS
15                          CASE
16      Defendants belated objections state that the documents requested by the plaintiff
17  are irrelevant to the action, not reasonably designed to lead to the discovery of admissible
18  evidence, overbroad, oppressive, unduly burdensome, etc., etc., etc. are boilerplate and
19  meritless. Their argument is frivolous.
20      Rule 26(b)(1), Fed. R. Civ. P., permits the discovery of any nonprivileged matter that is
21  relevant to any party's claim or defense. Relevant information need not be admissible at the
22  trial if the discovery appears reasonably calculated to lead to the discovery of admissible
23  evidence."
24      As well, "burden" can't be an excuse to computerized records. PHE, Inc. v.
25  Department of Justice, 139 F.R.D. 249 (D.D.C. 1991).
26      Each item sought by the plaintiff is relevant to the claims and defenses in the case, as
27  explained below.
28      a) in production of documents (P.O.D.) request #2 plaintiff ask for " any

and all incident packages generated by TCSD relating to all interactions with Plaintiff on or about INCIDENTS giving rise to the COMPLAINT. This document request includes but is not limited to... all Supervisor Report Critiques..." (see EXHIBIT 2a). Responding defendants used their now signature "observe-the-request tactic", questioned my clear request, and then basically failed/refused to respond to my request;

b) the responding defendants continued to be ambiguous, deceitful, and/or evasive in all of their documents request responses. Out of 12 request from plaintiff, the defendants evaded 11 of them (P.O.D. request #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, and #12) by observing the request then being ambiguous, deceitful, and/or partial in their response. (see EXHIBIT 2a);

c) P.O.D. request #3 ask the responding defendants to produce "...jail video surveillance footage... depicting the times and places of the INCIDENTS..." the defendants object, then claim not to know of any such footage, and claim policy preventing obtainment of any such footage. However, the response fails to properly cite and produce the policy document(s) that conveniently destroyed the requested footage. Moreover, responding defendants fail to describe why they failed to adhere to Tulare County Sheriff's Department - Policy Manual section 300.7 (c)(3), (d) and keep the "[footage] retained until all potential for civil litigation has expired"; expressly, respondents fail to produce who destroyed the footage, and when. Rule 34(b) Fed. R. Civ. P., "If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts;

PLAINTIFF NOW MOVES FOR AN ORDER UNDER RULE 37(a)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE;

d) P.O.D. request #4, #5, #6 ask for specific training records in all their parts (i.e. the documents reviewed, who issued them, when, where, how, etc.) but respondents submitted only dates and results, thus obstructing the plaintiff's discovery efforts. Respondents objections are general, boilerplate, and fail to explain the confidentiality claimed. Therefore, the respondents should be

1  waived Rule 26(b)(1), Fed. R. Civ. P. "the parties may obtain discovery regarding

2  any matter not privileged ...";

3  e) Respondants claim to have previously produced the documents

4  requested in #7, #8, #9. However the respondants never produced these documents

5  at no point and time in this litigation. (see EXHIBIT 2a);

6  f) P.O.D. request # 10, #11, #12 received evasive, ambiguous, and

7  insufficient responses (see Exhibit 2a) from the responding defendants. The

8  plaintiff's request seeks any and all formal and informal documents, allegations,

9  and/or written complaints related to different elements of use of force involving

10  the respondants and/or but not limited to, even recording their presence. The

11  defendants responding object, claim no relevant requested time period — although

12  that's a lie because that's the last sentence in those request —, along with

13  other non-standard meeting generalized excuses why they didn't produce the

14  requested documents;

15  The plaintiff does not seek these records in a general way. Plaintiff seeks

16  documents pertaining to particular kinds of events, conduct, complaints, and/or

17  allegations about these defendants. This evidence may also support the claim against

18  the respondants themselves. Rule 404(b), Fed. R. Evid., provides, "Evidence of other

19  crimes, wrongs, or acts is not admissible to prove the character of a person in order

20  to show that he acted in conformity therewith. It may, however be admissible for

21  other purposes, such as proof of motive, opportunity, intent, preparation, plan, know-

22  ledge, identity, or absence of mistake or accident."

23  Respondants' evading duty to produce these request under the pretext that

24  Tulare County Sheriff's Department possesses such records/documents is frivolous.

25  Actual possession, custody or control is not required. "A party may be ordered to

26  produce a document in the possession of a non-party entity if that party has a

27  legal right to obtain the document..." Soto v. City of Concord, 162 F.R.D.

28  603, 620 (N.D. Cal. 1995).

POINT III

UNTIMELY, INCOMPLETE, GENERALIZED

INTERROGATORIES OBJECTIONS/RESPONSES

WILL NOT SUFFICE

Plaintiff submitted his First set of Interrogatories in a timely fashion (Under the "prison mailbox" rule Schoenlein v. Halawa Correctional Facility, 2008 WL 4761791, *3-5 (D. Haw. Oct. 29, 2008)), but Sgt. Thompson and Deputy Smith waited almost two months before submitting responses. Moreover, the responses #1,#3-#9, #11-#16, #18, and #19 are all incomplete, evasive, and obtain objections that plaintiff moves the court to waive and impose sanctions authorizing to direct factual findings on ultimate fact issues. Edwards v. Cerro, 564 S.E. 2d 277 (2002); Goede v. Aerojet General Corp., 143 S.W.3d 14 (Mo. Ct. App 2004).

    a) Interrogatories #1 ask for specific history. Respondants restructured plaintiffs request an issued an irrelevant response ; respondants deliberately obstructed plaintiff's discovery efforts. (see "EXHIBIT 3a);

    b) Interrogatories #3 ask for a specific description. The respondants mislead in their response because the incident report does not describe what the interrogatorie request (see the defendants incident report in "EXHIBIT 1" attached to Admissions Request)

    c) The response to Interrogatories #4 is not in accordance with the request thus, making the response insufficient after some meritless generalized objections;

    d) Interrogatories #5 is a clear concise question asking for a direct response, but defendants responding purposefully mislead. The incident report has no mention of an assess threat level (see "EXHIBIT 1" for defendants incident report);

    e) Interrogatories #6, #7, and #8 continue with this

illegal obstruction of ambiguous, misleading boilerplate objections; leaving the interrogatories basically unanswered. No policy was ever issued as #6 response suggest. #7 response is also deceitful, "Facility Commander" is a Tulare County Sheriff's Department Detentions Division term often mention throughout their policy manual(s);

f) Interrogatories #9 is further proof how respondants used general objections but failed to carry it's burden of showing facts justifying it's objections to the interrogatories which sough determinate information. Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401 (N.D. Ill 2007) In general, a responding party is required to provide full answers to interrogatories, which include all information within that party's knowledge [and/or] control;

g) Interrogatories #11 is a direct question that received an insufficient objection, rendering #11 unanswered;

h) Identical obstructions — made by the responding defendants — occur in the responses given to Interrogatories #13, #14, #15, and #16 (see "EXHIBIT 3a"); the same Fed. R. Civ. P. and Fed. R. Evid. and the same cases cited govern and determine the insufficiency of those responses as well as my right to that discovery sought. Fed. R. Civ. P., Rule 33(6)(1); Rule 404(b) Fed. R. Evid.; Ramirez v. County of Los Angeles, 231 F.R.D. 407, 411-12 (C.D. Cal 2005); Scaife v. Boenne, 191 F.R.D. 590, 595-96 (N.D. Ind. 2000); Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) ("Prior civilian complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in § 1983 actions." Evidence that supervisors knew about prior assaults may be relevant to claims against the supervisor. Record of a prior assault arrest is discoverable);

i) Interrogatories #18 and #19 responses fail to state with specificity the exact manner in which responding defendants deem that information to

grant them legal privilege.

## CONCLUSION

For these reason the material sought should be produced : it is relevant, the objections made are untimely and insufficeint.

Plaintiff request that the Court impose sanctions upon the respondents. The failure to sufficently answer and/or respond to plaintiff's discoveries was not substantially justified, nor is plaintiff aware of any circumstances that would render an award of sanctions unjust.

Plaintiff request that the Court waive all of the responding defendants untimely objections, issue Order directing complete answers/responses to all discovery questions, and issue Order directing production of all documents requested herein/therein.

## VERIFICATION

I, Jeremiah D. Vickers, have read the foregoing and hereby verify that the matters alleged therein are true and correct.

January 03, 2017
DATE

SIGNATURE

Jeremiah D. Vickers
PRINTED NAME

# EXHIBIT
# 1

PLAINTIFF'S REQUEST FOR
ADMISSION
(which includes defendant's incident report as
"EXHIBIT A")

NAME: Jeremiah D. Vickers

I.D.#: F74670

ADDRESS: California State Prison - Los Angeles County
P.O. Box 9457
Lancaster, CA 93539

IN PRO PER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

JEREMIAH D. VICKERS,
Plaintiff,

vs.

THOMPSON, et al.,
Defendants.

Case No. 1:15-cv-00129 DLB (PC)

PLAINTIFF'S REQUEST
FOR ADMISSIONS

Propounding Party: Plaintiff
Responding Party: All Defendants
Set Number: One

Pursuant to Rule 36 of the Fed. R. of Civ. P for the U.S. District Court, Eastern District of California, all defendants in this matter are requested herein to admit the truthfulness of some matters, and to admit the authenticity of some documents, as follows.

## DEFINITIONS

Unless otherwise indicated the following definitions and terms shall apply to these Request for Production of Documents:

PAGE 1 OF 24

1. The terms "you" and "your" refer to defendants and anyone purporting to act on their behalf, including but not limited to, their attorneys, assistants, advisors, investigators, employees, experts, consultants or custodians of records.

2. The terms "documents" or "document" are intended to have the broadest possible meaning. These terms refer to, but are not limited to, any written, typed, printed, recorded, taped, copied, computerized, graphic or photographic material however produced, reproduced or stored, including, without limitation, any data stored on computer tapes, diskes or hard drives, including electronic mail and any sound or visual reproduction. The types of documents include, without limitation, preliminary, supplemental or final drafts of correspondence, letters, forms, teletypes, notes, memoranda, reports, studies, bulletins, logos, directives, announcements, notices, rules, regulations, instructions, procedure manuals, training materials, catalogs, transcripts, minutes, schedules, agendas, work assignments, bills, specifications, blueprints, budget request, and contracts. Specifically included are all files separately maintained by employees, representatives, experts, agents or consultants of the Tulare County Sheriff's Department and it's Detentions Division.

3. The term "TCSD" refers to the Tulare County Sheriff's Department, it's agents, employees and anyone acting on it's behalf.

4. The term "Detentions Division" refers to the jails and/or detention facilities within the jurisdiction and/or under the control of the Tulare County Sheriff's Department.

5. The term "relate to" means constitutes, mentions, discusses, describes, concerns, comments on or refers, relates or pertains to the subject matter of the request, directly or inderctly, in whole or in part.

6. The term "all" means any and all.

7. The term "any" means each and every

8. The term "COMPLAINT" as used herein references the Amended Complaint filed by Plaintiff on August 31, 2015 in the USDC Eastern District of California, case number 1:15-cv-00129-DLB (PC)

## TRUTH OF MATTERS

• Admit that you came to the cell of inmate Vickeres the night of August 27, 2014 and day of August 28, 2014

• Admit that a TCSD Detentions Division administratively segragated inmate's refusal to handcuff through the cell's door food port, prior to the door being opened, is considered to be a Mutual response incident.

• Admit that a TCSD Detentions Division administratively segragated inmate's refusal to handcuff through the cell's door food port, prior to the door being opened, is a inmate disturbance.

• Admit that a TCSD Detentions Division administratively segragated inmate's refusal to handcuff through the cell's door food-port, prior to the door being opened, is a emergency incident.

• Admit that a TCSD Detentions Division administratively segragated inmate's refusal to handcuff through the cell's door food port, prior to the door being opened, is a unusual event.

1  · Admit that TCSD Detention Division does have policy and procedure(s)
2  in place that relate to cell extractions.

3
4  · Admit that TCSD Detention Division does have policy and procedure(s)
5  in place that relate to administratively segregated inmates refusing
6  to comply with a staff's instruction.

7
8  · Admit that when inmate Vickers' cell door was opened during the
9  day of August 28, 2014 (i.e. the day, moment, and incident
10 regarding the nature of this complaint), you were aware that inmate
11 Vickers was not handcuffed.

12
13 · Admit that the opening of inmate Vickers' (the Plaintiff in this
14 action) cell door during the morning of August 28, 2014 (i.e. the
15 day, moment, and incident regarding the nature of this complaint) occured
16 prior to the arrival of any shift sergeant.

17
18
19 · Admit that TCSD Detention Division does have policy and
20 procedure (s) in place that relate to opening the cell door of an
21 administratively segregated inmate who is failing to comply with Deputy's
22 instructions and is not handcuffed.

23
24 · Admit that the opening of inmate Vickers cell door during the
25 morning of August 28, 2014, was for the purpose of
26 conducting a calculated use of force.

27
28 · Admit that the use of force upon noncooperative inmates

in a cell is a cell extraction.

• Admit that on the night of August 27, 2014, you were involved in a use of force upon the Plaintiff.

• Admit that on the day of August 28, 2014, you were involved in a use of force upon the Plaintiff.

• Admit that on the day of August 28, 2014, you intentionally injured the plaintiff

• Admit that you saw no videotaping equipment, medical staff, or safety equipment (including but not limited to protection suites, shields, knee or elbow pads, and leg restraints) in use during the use of force on inmate Vickers, the Plaintiff, the morning of August 28, 2014, (i.e. the day, moment, and incident regarding the nature of this complaint).

• Admit that you escorted inmate Vickers, the Plaintiff, from his cell to medical clinic the day of August 28, 2014.

• Admit that you saw no videotaping equipment, medical staff, or safety equipment (including but not limited to protection suites, shields, knee or elbow pads, and leg restraints) in use during the escorting of inmate Vickers from his cell the day of August 28, 2014, to the medical clinic.

• Admit that you did file any written report (including but not limited to incident reports and use of force reports) relating to the use of force on inmate Vickers from his cell and/or the escorting of inmate Vickers

1  to the medical clinic the day of August 28, 2014.

2

3  • Admit that high-risk inmates are placed in administrative
4  segregation within the TCSD Detention Division.

5

6  • Admit that within TCSD Detention Division there are policy and
7  procedure(s) in place that relate to staff's responsibilities after a use of
8  force incident

9

10

11  • Admit that a "physical struggle" with an inmate involves use of
12  force

13

14  • Admit that within TCSD Detention Division when a supervisor is
15  able to respond to an incident in which there has been a reported
16  application of force, the supervisor is expected to evaluate the
17  circumstances surrounding the incident and initiate an administrative
18  investigation if there is a question of policy non-compliance or if for
19  any reason further investigation may be appropriate.

20

21  • Admit that "EXHIBIT 'A'" attached is genuine and that you are
22  not aware of any forgery thereof.

23

24  • Admit that "EXHIBIT 'A'" attached was kept in the ordinary
25  course of the TCSD Detention Division's business

26

27  • Admit that TCSD Detention Division maintained "EXHIBIT 'A'"
28  pursuant to laws or statutes requiring the maintenance of such records

PAGE 6 OF 24

• Admit that you have no information, knowledge or evidence to indicate that any portion of the exhibit is untrustworthy

• Admit that under the laws of application in Federal Courts in the United States" EXHIBIT "A" and all its subparts are admissible into evidence for purposes of trial and summary dispositiones motiones, if any.

• Admit that there were attemptes taken to identify witnesses not already included in the reports that relate to the use of force INCIDENTS that gave rise to the COMPLAINT by the Plaintiff.

10/3/2016
DATE

SIGNATURE

Jeremiah D. Vickers
PRINTED NAME

PAGE 7 OF 24

# EXHIBIT

# A

1   KATHLEEN BALES-LANGE, #094765
    County Counsel for the County of Tulare
2   Kathleen A. Taylor, # 131100
    Chief Deputy County Counsel
3   Amy I. Terrible, #169479
    Deputy County Counsel
4   2900 West Burrel, County Civic Center
    Visalia, California 93291
5
6   Phone: (559) 636-4950
    Fax: (559) 737-4319
7   E-mail: aterrible@co.tulare.ca.us

8   Attorneys for Defendants, Michael Thompson and Ryan Smith
9

10              UNITED STATES DISTRICT COURT
11          EASTERN DISTRICT OF CALIFORNIA – FRESNO

12

13   JEREMIAH D. VICKERS,              Case Number: 1:15-cv-00129 (DLB)
                                       (PC)
               Plaintiff,
14
                                       DEFENDANTS' MICHAEL
15   .vs.                              THOMPSON AND RYAN C.
                                       SMITH INITIAL DISCLOSURES
16                                     [F.R.C.P. 26]
     TULARE COUNTY SHERIFF SGT.
17   THOMPSON, DEPUTY SMITH, DEPUTY
     O'NEIL, DEPUTY SANDOVAL,
18   individually and in their official capacities,

19

20             Defendants.

21       TULARE COUNTY SHERIFF SGT. MICHAEL THOMPSON, DEPUTY RYAN C.

22   SMITH, individually and in their official capacities, (hereinafter Defendants") hereby offer

23   the following as their initial disclosures:

24                              WITNESSES

25

26   1.    TCSO Deputy Ryan Smith, who may be contacted through Tulare County Counsel's
           Office, Amy I. Terrible, lead attorney, 2900 W. Burrel Ave., Visalia, CA 93291, (559)
27

28
     ─────────────────────────────────────────────
County Counsel                        1
Tulare County
Visalia, California    Defendants' Initial Disclosures [F.R.C.P. 26]

636-4950 (percipient witness concerning investigation and incident report).

2. TCSO Sergeant Michael Thompson, who may be contacted through Tulare County Counsel's Office, Amy I. Terrible, lead attorney, 2900 W. Burrel Ave., Visalia, CA 93291, (559) 636-4950 (percipient witness concerning investigation and incident report).

3. TCSO Deputy Josh Akin, who may be contacted through Tulare County Counsel's Office, Amy I. Terrible, lead attorney, 2900 W. Burrel Ave., Visalia, CA 93291, (559) 636-4950 (percipient witness concerning investigation and incident report).

4. TCSO Deputy Alex Williams, who may be contacted through Tulare County Counsel's Office, Amy I. Terrible, lead attorney, 2900 W. Burrel Ave., Visalia, CA 93291, (559) 636-4950 (percipient witness concerning investigation and incident report).

5. Hector Sandoval Jr. - no longer an employee of Tulare County Sheriff's Department (percipient witness concerning investigation and incident report).

6. Jason O'Neal – no longer an employee of Tulare County Sheriff's Department (percipient witness concerning investigation and incident report).

## DOCUMENTS

1. Tulare County Sheriff's Department Incident Report # 14-00010820 (copy attached);

2. Photos (8) taken of Plaintiff in regards to Incident Report # 14-00010820 (copies attached);

3. Tulare County Superior Court Case No. People vs. Jeremiah D. Vickers VCF178848 Sentencing and Report (copy attached);

4. Tulare County Superior Court Case No. People vs. Jeremiah D. Vickers VCF281150 Sentencing and Report (copy attached);

5. Transcript of Trial Setting Hearing on 5-22-2014 Cases: VCF280893, VCF281150, VCF292932A, VCF295906 and VCM293943 (copy attached);

6. Transcript of Change of Plea and Sentencing Hearing on 8-21-2014 Cases

1    VCF280893, VCF281150, VCF292932A, VCF295906 and VCM293943 (copy

2    attached);

3  7.    J. D. Vickers Tulare County Sheriff Departments' Jail Records (copy attached);

4  8.    Tulare County Main Jail Medical Notes (per Release signed by Jeremiah D. Vickers)

5    (copy attached).

6

7  Dated:  July 11, 2016                                      KATHLEEN BALES-LANGE

                                                             Tulare County Counsel
8

9                                                            By

10                                                            Amy I. Terrible
                                                             Deputy County Counsel
11

12

13

14

15

16

17  KAM/7/11/2016/2016870

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF TULARE        )

I am employed in the County of Tulare, State of California.  I am over the age of eighteen (18) years and not a party to this action; and, my business address is 2900 West Burrel Avenue, Visalia, CA 93291.

On this date, I served the following document: DEFENDANTS' THOMPSON AND SMITH RULE 26 INITIAL DISCLOSURES on the parties to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Jeremiah D. Vickers
#F74670
California State Prison, Los Angeles County
P.O. Box 8457
Lancaster, CA 93539
*Pro per Plaintiff*

☒  (BY MAIL) I am "readily familiar" with The County of Tulare's practice of collection and processing correspondence by mailing.  Under that practice, mail is deposited with the U.S. Postal Service on the same day with postage fully prepaid at Visalia, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  (BY CERTIFIED AND REGULAR MAIL) I caused such envelope to be deposited with the U.S. Postal Service with postage fully paid at Visalia, California, in the ordinary course of business, via certified mail with return receipt requested, and via regular U.S. mail.

☐  (BY TELECOPIER) With the addressee(s)' consent and agreement, I caused such document to be delivered by telecopy transmission to the addressee(s).

☐  (BY FEDERAL EXPRESS OR UPS NEXT DAY SERVICE) I caused such envelope to be delivered to Federal Express or UPS with a fully prepaid airbill/invoice for next business day delivery to the addressee(s).

Executed on July 11, 2016, at Visalia, CA.

KARI MARTIN-HIGGINS

COUNTY COUNSEL
TULARE COUNTY
VISALIA, CALIFORNIA

## TULARE COUNTY SHERIFF'S DEPARTMENT

PAGE 1

| [ ] CRIME REPORT | [x] INCIDENT REPORT | [ ] WARRANT | CASE NUMBER<br>14-00010820 000 |
|---|---|---|---|

| STATISTICAL CATEGORY |
|---|
| ☐ AG CRIME   ☐ NARCOTICS   ☐ GANG   ☐ HATE CRIME   ☐ DOMESTIC   ☐ JUVENILE   ☒ CORRECTIONS   ☐ OTHER |

| SECTION<br>COMBATIVE INMATE | DEFINITION<br>DETENTION FACILITIES - COMBATIVE INMATE | FEL / MISD | TYPE<br>9507 |
|---|---|---|---|

| LOCATION OF OCCURRENCE<br>2404 W BURREL , VISALIA | BEAT<br>10A | PROPERTY LOSS & PROPERTY DAMAGE | |
|---|---|---|---|

| DATE OCC. FROM:  TO:<br>08/28/2014 - 08/28/2014 | TIME OCC. FROM: TO:<br>06:50 - 06:50 | DAY OCC.<br>THURSDAY | DATE / TIME DISP.<br>08/28/2014 06:50 | TIME ARR<br>06:50 | TIME COMP<br>06:58 |
|---|---|---|---|---|---|

**VIC / WIT**

| CODE | NAME (LAST, FIRST, MIDDLE) FIRM IF BUSINESS | CODE | NAME (LAST, FIRST, MIDDLE) FIRM IF BUSINESS |
|---|---|---|---|
| CODE | NAME (LAST, FIRST, MIDDLE) FIRM IF BUSINESS | CODE | NAME (LAST, FIRST, MIDDLE) FIRM IF BUSINESS |
| CODE | NAME (LAST, FIRST, MIDDLE) FIRM IF BUSINESS | CODE | NAME (LAST, FIRST, MIDDLE) FIRM IF BUSINESS |
| CODE | NAME (LAST, FIRST, MIDDLE) FIRM IF BUSINESS | CODE | NAME (LAST, FIRST, MIDDLE) FIRM IF BUSINESS |

**SUSPECT**

| CODE<br>S1 | NAME (LAST, FIRST  MIDDLE)<br>VICKERS, JEREMIAH DANIEL | AKA'S | SEX | RACE |
|---|---|---|---|---|

| HGT. | WGT | EYES | HAIR | HAIR STYLE | DATE OF BIRTH<br>02/22/1985 | DL / SS NUMBER<br>D8424698          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 | ARR / CITE<br>OTHER |
|---|---|---|---|---|---|---|---|

| ADDRESS / POSSIBLE LOCATION<br>2354 W WHITENDALE AV VI, VISALIA | RESIDENCE PHONE |
|---|---|

| CODE | NAME (LAST, FIRST  MIDDLE) | AKA'S | SEX | RACE |
|---|---|---|---|---|

| HGT. | WGT | EYES | HAIR | HAIR STYLE | DATE OF BIRTH | DL / SS NUMBER | ARR / CITE |
|---|---|---|---|---|---|---|---|

| ADDRESS / POSSIBLE LOCATION | RESIDENCE PHONE |
|---|---|

**VEHICLE**

| SUSPECT VEHICLE | YEAR | MAKE | MODEL | COLOR | STYLE | LICENSE | STATE |
|---|---|---|---|---|---|---|---|

| NAME OF R/O         SUS | ADDRESS OF R/O   ;SUS |
|---|---|

| OTHER VEHICLE INFORMATION |
|---|

| ODOR OF ALCOHOL<br>YES    NO | ABLE TO CARE FOR SELF<br>YES    NO | SPEECH<br>[ ] NORMAL<br>[ ] SLURRED<br>[ ] INCOHERENT | CLOTHING<br>[ ] NORMAL<br>[ ] SOILED<br>[ ] DISARRANGED | BALANCE<br>[ ] GOOD<br>[ ] POOR<br>[ ] UNSTEADY | ATTITUDE<br>[ ] COOPERATIVE<br>[ ] ANTAGONISTIC<br>[ ] ANGRY |
|---|---|---|---|---|---|

**NARRATIVE**

1 -

2 -

3 -  08-28-2014 @ 1900 hrs

4 -  I was assigned to the Tulare County Main Jail as the Fourth Floor Deputy.

5 -

6 -  08-28-2014 @ 0650 hrs

7 -  Deputy O'Neal and Alvarez escorted inmate Vickers, Jeremiah ID# 7787472 to the

| CASE STATUS | [ ] ACTIVE | [x] INACTIVE | [ ] CLOSED | [ ] UNFOUNDED | NON-PROS Y - Ⓝ |
|---|---|---|---|---|---|

| NEWS REL Y - Ⓝ | COPIES TO:  DET  PAT  D/A  JUV  CPS  OTHER | SUP-RESP Y - Ⓝ | LAB RESP Y - Ⓝ | DET RESP Y - Ⓝ |
|---|---|---|---|---|

| REPORTING DEPUTY<br>SMITH,RYAN | ID #<br>S6359 | DATE / TIME<br>08/28/2014 | REVIEWED BY:<br>THOMPSON,MICHAEL-T9938 | DATE<br>09/15/2014 |
|---|---|---|---|---|

DEF000001

| *TULARE COUNTY SHERIFF'S DEPARTMENT* | *CASE NUMBER* |
|---|---|
| *CONTINUATION REPORT - 5400* | *14-00010820 000* |
| *CRIME:* DETENTION FACILITIES - COMBATIVE INMATE | *PAGE* 2 |

8 - Fourth Floor. Deputies O'Neal, Alvarez and I escorted Vickers down tier three to his

9 - assigned cell 4A, Vickers was placed into cell 4A and was instructed by Deputy O'Neal

10 - to put his hands through the trap door to be unhand-cuffed. Vickers complied with the

11 - instructions and was unhand-cuffed. After Vickers was unhand cuffed he refused to put

12 - his arms inside the door causing us to be unable to shut the trap door. Deputy ONeal

13 - called for assistance from his hand held radio. After several attempts to get Vickers

14 - to put his hands in the door I opened cell 4A to talk Vickers into releasing the

15 - door. Vickers said he did not want to be in that cell. I advised Vickers he needed to

16 - talk to a Sergeant about that situation.

17 -

18 -   08-28-2014 @ 0658 hrs

19 -   Sergeant Thompson and Deputies Sandoval and  Akins arrived to assist with getting

20 - Vickers to put his hands in the door. I entered to cell and advised Vickers to let go

21 - of the door. I instructed Vickers three times to let go of the door and to sit on his

22 - bunk. Vickers refused to  comply and I grabbed both of his hands and broke his grip

23 - on the door. Deputy Sandoval entered the cell and we assisted Vickers to the ground.

24 - After Vickers was on the ground he moved himself towards the door and placed his feet

25 - outside the door to  stop us from shutting the door. After failed attempts  of

26 - telling him to place his feet in the cell, Deputy Sandoval and I dragged him in the

27 - cell and advised him to stay on the ground. After Sandoval and I released Vickers he

28 - attempted to move towards the door again. Deputies Sandoval, Akins and I grabbed

29 - Vickers and dragged him back in the cell. Vickers was resisting by not complying with

| *REPORTING DEPUTY:* | *REVIEWED BY:* |
|---|---|
| SMITH,RYAN-S6359 | THOMPSON,MICHAEL-T9938 |
| *DATE/TIME:* 08/28/2014 | |

DEF000002

| TULARE COUNTY SHERIFF'S DEPARTMENT | CASE NUMBER |
|---|---|
| CONTINUATION REPORT - 5400 | 14-00010820 000 |
| CRIME: DETENTION FACILITIES - COMBATIVE INMATE | PAGE 3 |

30 - instruction to stay in the cell and yelling that he did not want to be in the cell.

31 - Deputy Sandoval and I continued to keep Vickers in a control hold until he complied.

32 - Deputy Akins and I exited the cell followed by Deputy Sandoval, and we secured the

33 - door without further incident.

34 -

35 -   Case Status: Inactive

36 -

37 -

38 -

39 -

40 -

41 -

42 -

43 -

44 -

45 -

46 -

47 -

48 -

49 -

50 -

51 -

REPORTING DEPUTY:                                          REVIEWED BY:
SMITH,RYAN-S6359                                           THOMPSON,MICHAEL-T9938
DATE/TIME: 08/28/2014

DEF000003

PAGE 1

| TULARE COUNTY SHERIFF'S DEPARTMENT | CASE NUMBER   14-00010820 001 |
| --- | --- |

SUPPLEMENT - FOLLOW-UP REPORT

CRIME: DETENTION FACILITIES - COMBATIVE INMATE          CLASSIFICATION:  INFORMATION ONLY

VICTIMS NAME:                                             ADDRESS:

DATE/TIME: 08/28/2014  06:57

Narrative:

52 - 08/28/2014-0657 hrs.

53 -

54 -    While located on the 2nd floor I heard via my hand held radio, "All staff respond

55 - to the 4th floor".   I immediately proceeded to the 4th floor.

56 -

57 -  08/28/2014-0658 hrs.

58 -

59 -  I arrived on the 4th floor cell 4A.   I observed Deputy Smith in a physical

60 - struggle with inmate Jeremiah Vickers #77-87472.   I began to assist Deputy Smith by

61 - grabbing Vickers by his right arm and taking him to the ground inside his cell.

62 - Once on the ground I informed Vickers to remain on the ground until the door was

63 - shut.   Vickers did not comply and moved himself into the doorway so we could not

64 - secure the door shut.   Deputy Smith and I once again grabbed Vickers by his arms and

65 - drugged him inside his cell and exited the cell and attempted to secure the door

66 - shut.   Vickers once again moved his body into the doorway to prevent us from

67 - shutting the door.   Deputies Smith, Akin and I entered the cell again and grabbed

68 - Vickers by his arms and legs and drugged him to the back of his cell and I placed my

69 - right knee on Vickers right hip and instructed Vickers that he needed to stay on the

70 - floor and remain there until the door was shut.   Vickers seemed hesitant and not

71 - wanting to comply with our instructions.   Deputies Smith and Akin exited the cell

REPORTING DEPUTY:  SANDOVAL,HECTOR JR-S8102          REVIEWED BY:  THOMPSON,MICHAEL-T9938

DATE/TIME: 08/29/2014

DEF000004

PAGE 2

| TULARE COUNTY SHERIFF'S DEPARTMENT | CASE NUMBER | 14-00010820 001 |
| SUPPLEMENT - FOLLOW-UP REPORT | | |

CRIME: DETENTION FACILITIES - COMBATIVE INMATE       CLASSIFICATION: INFORMATION ONLY

VICTIMS NAME:                                    ADDRESS:

DATE/TIME: 08/28/2014 06:57

Narrative:

72 - first and I advised Deputy O'Neal to be ready to shut the door.   I gave Vickers

73 - instructions to remain on the ground and I immediately got up and ran out of the cell

74 - and Deputy O'Neal secured the door shut before Vickers could get back to the door.

75 -

76 -  Nothing further to report at the time.

77 -  Refer to Deputy Smith, O'Neal, Akin and Alvarez report for further information.

78 -

79 -  Case Status: Inactive.

80 -

81 -

82 -

83 -

84 -

85 -

86 -

87 -

88 -

89 -

90 -

REPORTING DEPUTY:  SANDOVAL,HECTOR JR-S8102          REVIEWED BY:  THOMPSON,MICHAEL-T9938

DATE/TIME: 08/29/2014

DEF000005

PAGE 1

| | |
|---|---|
| TULARE COUNTY SHERIFF'S DEPARTMENT | CASE NUMBER 14-00010820 002 |
| SUPPLEMENT - FOLLOW-UP REPORT | |

CRIME: DETENTION FACILITIES - COMBATIVE INMATE     CLASSIFICATION: INCIDENT REPORT

VICTIMS NAME:     ADDRESS:

DATE/TIME: 08/28/2014 06:50

Narrative:

91 -

92 - On Wednesday 8-28-2014 I was assigned duties at the Tulare County Sheriff's

93 - Department Main Jail as the Classification Deputy from 0700-1900 hours.

94 -

95 - At approximately 0650 hours Correctional Deputy Alvarez and I escorted inmate

96 - Vickers, Jeremiah # 77-87472 to the Fourth Floor. Correctional Deputy Smith assisted

97 - in escorting Vickers from the Elevator to the Cell A-4. Vickers was placed into the

98 - cell and directed to remove his hands through the food port. At this time I removed

99 - the handcuffs from his hands. Vickers refused to pull his hands back into the cell

100 - making it impossible to close the trap door. Vickers was instructed numerous times to

101 - pull his hands inside the cell but failed to comply with our direct orders.  I

102 - called for Sergeant Thompson to respond to the Fourth Floor using my handheld radio.

103 - Vickers continued to refuse to put his hands into the cell and kept repeating that he

104 - did not want to be in that cell.

105 -

106 - At approximately 0658 hours Deputies Sandoval , Atkins, and Sergeant Thompson arrived

107 - on the Fourth Floor.   At this time I held the cell door open while the other

108 - Deputies attempted to get Vickers to comply. Due to the door being solid I was unable

109 - to see what was going on in the cell. After a short time all involved Deputies exited

110 - the cell and I secured the door without further incident.

REPORTING DEPUTY: O^NEAL,JASON-O2485          REVIEWED BY: THOMPSON,MICHAEL-T9938

DATE/TIME: 10/03/2014

PAGE 2

*TULARE COUNTY SHERIFF'S DEPARTMENT*      *CASE NUMBER*  14-00010820 002
*SUPPLEMENT - FOLLOW-UP REPORT*

*CRIME:*  DETENTION FACILITIES - COMBATIVE INMATE    *CLASSIFICATION:*  *INCIDENT REPORT*

*VICTIMS NAME:*       *ADDRESS:*

*DATE/TIME:*  08/28/2014 06:50

Narrative:

*111 -*

*112 -*

*113 -*

*114 - For Further information see Correctional Deputy Smith's report.*

*115 -*

*116 -*

*117 -*

*118 - Case Status: Inactive*

*119 -*

*120 -*

*121 -*

*122 -*

*123 -*

*124 -*

*125 -*

*126 -*

*127 -*

*128 -*

*129 -*

REPORTING DEPUTY:  *O^NEAL, JASON-O2485*      REVIEWED BY:  *THOMPSON, MICHAEL-T9938*

DATE/TIME:  *10/03/2014*

DEF000007

| *TULARE COUNTY SHERIFF'S DEPARTMENT* | *CASE NUMBER* | 14-00010820 003 |
| --- | --- | --- |
| *SUPPLEMENT - FOLLOW-UP REPORT* | | |

| CRIME: DETENTION FACILITIES - COMBATIVE INMATE | CLASSIFICATION: INFORMATION ONLY |
| --- | --- |

*VICTIMS NAME:*                                    *ADDRESS:*

*DATE/TIME:* 08/28/2014 06:57

Narrative:

130 -

131 -

132 -   08-28-2014 @ 1900 hrs

133 -   I was assigned to Tulare County Mail Jail as the second floor Deputy Trainee with

134 -   JTO Deputy Sandoval.

135 -   08-28-2014 @ 0657 hrs

136 -   While exiting the second floor I heard a broadcast over my hand held radio, "all

137 - staff report to fourth floor"

138 -   08-28-2014 @ 0658 hrs

139 -   I arrived on the fourth floor and assisted Deputies Smith and Sandoval secure

140 - Vickers, Jeremiah ID# 7787472 into cell 4A. While attempting to gain control of

141 - Vickers I placed my knee on the middle of Vickers back while he was laying face down

142 - on the floor. After gaining control of Vickers, Deputy Sandoval instructed me to exit

143 - the cell. I did so and exited the cell completely while Deputy Smith followed behind

144 - and Deputy Sandoval followed behind Deputy Smith. Deputy O'Neal secured the door shut

145 - with Vickers inside.

146 -

147 -   Nothing further to report at this time

148 -   Refer to Deputies Smith, Sandoval, O'Neal supplemental reports for further

149 - information

REPORTING DEPUTY:  AKIN,JOSH-A5694          REVIEWED BY:  THOMPSON,MICHAEL-T9938

DATE/TIME: 08/29/2014

PAGE 2

| TULARE COUNTY SHERIFF'S DEPARTMENT | CASE NUMBER | 14-00010820 003 |
|---|---|---|
| SUPPLEMENT - FOLLOW-UP REPORT | | |

CRIME: DETENTION FACILITIES - COMBATIVE INMATE   CLASSIFICATION: INFORMATION ONLY

VICTIMS NAME:                          ADDRESS:

DATE/TIME: 08/28/2014 06:57

Narrative:

150 -

151 -  Case Status: Inactive

152 -

153 -

154 -

155 -

156 -

157 -

158 -

159 -

160 -

161 -

162 -

163 -

164 -

165 -

166 -

167 -

168 -

REPORTING DEPUTY: AKIN, JOSH-A5694          REVIEWED BY: THOMPSON, MICHAEL-T9938

DATE/TIME: 08/29/2014

PAGE 1

*TULARE COUNTY SHERIFF'S DEPARTMENT*          CASE NUMBER   14-00010820 004
*SUPPLEMENT - FOLLOW-UP REPORT*

CRIME:   DETENTION FACILITIES - COMBATIVE INMATE     CLASSIFICATION:   COMBATIVE INMATE

VICTIMS NAME:                              ADDRESS:

DATE/TIME:  09/02/2014 10:01

Narrative:

169 -

170 - 8/28/2014, 0700 hours.

171 -

172 - I was assigned to the Tulare County Main Jail as the shift sergeant.   I was

173 - instructed bt Lieutenant Stelow to take photographs of inmate Jeremiah Vickers in

174 - realtion to his involvment in a use of force that had occure earlier.   I caontacted

175 - Vickers in holding cell 5 in the intake hallway.   Vickers was being held here after

176 - causing over $400 dollars in damage to his cell.   I took eight digital photographs

177 - of Vickers.

178 -

179 - 1: Vickers' face.

180 -

181 - 2: Vickers' lower lip.

182 -

183 - 3: Vickers' torso from the front.

184 -

185 - 4: Vickers' back.

186 -

187 - 5: Vickers' forehead

188 -

REPORTING DEPUTY:  WILLIAMS,ALEX-W9590          REVIEWED BY:  STELOW,TY-S0040

DATE/TIME: 10/06/2014

PAGE 2

| | |
|---|---|
| *TULARE COUNTY SHERIFF'S DEPARTMENT* | *CASE NUMBER*   14-00010820 004 |
| *SUPPLEMENT - FOLLOW-UP REPORT* | |

*CRIME:*  DETENTION FACILITIES - COMBATIVE INMATE   *CLASSIFICATION:*  COMBATIVE INMATE

*VICTIMS NAME:*                    *ADDRESS:*

*DATE/TIME:* 09/02/2014  10:01

Narrative:

189 - 6: Vickers' wrists.

190 -

191 - 7: Vickers' right leg.

192 -

193 - 8: Vickers' right shin.

194 -

195 - All 6 photographs were uploaded to the Digital Crime Scene database.

196 -

197 -

198 -

199 -

200 -

201 -

202 -

203 -

204 -

205 -

206 -

207 -

REPORTING DEPUTY:  *WILLIAMS,ALEX-W9590*          REVIEWED BY:  *STELOW,TY-S0040*

DATE/TIME: *10/06/2014*

DEF000011

PROOF OF SEVICE BY UNITED STATES MAIL
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1745)

I, _Jeremiah D. Vickers_____ , declare, depose and say, the following statement is true and correct under penalty of perjury, according to the laws of the State of California based on matters known to me personally to be true.

I am over eighteen (18), years of age, a resident, and a state prisoner of the State of California with a present mailing address of:

CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

POST OFFICE BOX ~~4850~~ 3457

LANCASTER, CALIFORNIA  93539

On this ___3___ day of _October_____ , 201 _6_ , I caused a true and correct copy of the following , specifically described document(s):

_PLAINTIFF'S REQUEST FOR ADMISSION_____

At the prison to be placed in a sealed envelope(s) with first class postage, having been placed thereon, duly addressed to the interested person (s) as described hereinafter, and then deposited said envelope(s) in the regular United States mail, or mail service made available where I am being detained, to the addressee(s):

Tulare County Counsel
Amy I. Terrible, # 2604760
DEPUTY COUNTY COUNSEL
Kevin A. Stimmel, # 202858
DEPUTY COUNTY COUNSEL
2900 W. Burrel , COUNTY CIVIC CENTER
Visalia , CA 93291

I declare that there has been regular U.S. mail pick-up by correctional officers at the aforementioned prison, and/or delivery service, at the places where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

Executed this___3___ day of _October_____ , 201 _6_ , under penalty of perjury according to the laws of the State of California, at Los Angeles; County of Lancaster.

_____
Declarants Signature            PAGE _24_ OF _24_

# EXHIBIT 1a

DEFENDANTS SERGEANT THOMPSON AND DEPUTY SMITH'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

1  KATHLEEN BALES-LANGE, #094765
   County Counsel for the County of Tulare
2  KATHLEEN A. TAYLOR, #131100
   Chief Deputy County Counsel
3  AMY I. TERRIBLE, #269475
   Deputy County Counsel
4  2900 West Burrel, County Civic Center
   Visalia, California 93291
5  Phone: (559) 636-4950
6  Fax: (559) 737-4319
   E-mail: ATerrible@co.tulare.ca.us
7  Attorneys for Defendants

8

9           UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF CALIFORNIA – FRESNO
10

11

12  JEREMIAH D. VICKERS,                    Case Number: 1:15-cv-00129-SAB (PC)

                 Plaintiff,
13                                          DEFENDANTS TULARE COUNTY
                                            SHERIFF SGT. THOMPSON,
14  vs.                                     DEPUTY SMITH RESPONSE TO
                                            PLAINTIFF'S REQUESTS FOR
15  TULARE COUNTY SHERIFF SGT.              ADMISSIONS
    THOMPSON, DEPUTY SMITH, DEPUTY
16  O'NEIL, DEPUTY SANDOVAL, individually
    and in their official capacities
17

18               Defendants.

19

20          Come now Sergeant Michael Thompson (sued as Sgt. Thompson) and Deputy Ryan C.

21  Smith (sued as Deputy Smith, (hereinafter "Deputy Defendants"), by and through their attorney,

22  Tulare County Counsel, and provides responses to the Plaintiff's Requests for Admissions, served on

23  October 3, 2016, pursuant to Rule 36 of the Federal Code of Civil Procedure.

24

25                          **PRELIMINARY STATEMENT**

26          It should be noted that Deputy Defendants have not fully-completed the investigation of the

27  facts relating to this case and has not fully completed the preparation for trial.  All of the answers

28

contained herein are based only upon such information and documents which are presently available to and specifically known to Deputy Defendants, and he discloses only those contentions which presently occur to him.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal variations from the contentions set forth herein. The following responses are given without prejudice to Deputy Defendants' rights to produce evidence of any subsequently discovered fact or facts which Deputy Defendants may later recall. Accordingly, Deputy Defendants reserve the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The answers contained herein are made in a good faith effort to supply as much factual information, and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of Deputy Defendants in relation to further discovery.

By making this response, Deputy Defendants do not waive, and expressly reserve, all privileges, including the attorney-client privilege and the work-product rule. Additionally, Deputy Defendants do not waive, but on the contrary reserve, (a) the right to object on the grounds of competency, relevancy, and materiality, or any other proper ground, to the use of any document for any purpose, in whole or in part, in any subsequent step or proceeding in this action or in any other action; (b) the right to object on any and all grounds at any time to interrogatories, requests for inspection, or other discovery procedures involving or relating to the subject matter of the Requests herein answered; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein. These paragraphs are incorporated as though set forth more fully in each of the following responses.

## TRUTH OF THE MATTERS

*Admit that you came to the cell of inmate Vickers the night of August 27, 2014 and day of August 28, 2014.

**Response:**

*Objection: This request is vague, as it does not define "you". There are various defendants in this matter and in order to answer this request, Defendants would need to have "you" defined clearly. If "you" refers to Defendants Ryan Smith and Michael Thompson, Defendants Ryan Smith and Michael Thompson admit they were at the cell of inmate Vickers on August 28, 2014. All other requests are denied.*

\*Admit that a TCSD Detentions Division administratively segregated inmate's refusal to handcuff through the cell's door food port prior to the door being opened is considered to be a mutual response incident.

**Response:**

*Objection: This request is vague, as it does not define "mutual response incident." If Plaintiff intends "Mutual Response" to mean "A mutual response is any response to an emergency situation involving staff not normally assigned to the involved facility" as defined by the Tulare County Sheriff's Department Detention Division Procedures Manual in effect at the time of the alleged incident, the request is denied.*

\*Admit that a TCSD Detentions Division administratively segregated inmate's refusal to handcuff through the cell's door food port prior to the door being opened is a inmate disturbance.

**Response:**

*Objection: This request is vague, as it does not define "disturbance" nor "inmate disturbance". Plaintiff's use of the terms "incident" and "disturbance" seemingly interchangeably without defining either term requires Defendants Smith and Thompson to speculate as to Plaintiff's intended meaning, thereby preventing Defendants Smith and Thompson from forming an intelligent reply in good faith; therefore the request is denied.*

1   *Admit that a TCSD Detentions Division administratively segregated inmate's refusal to handcuff

2   through the cell's door food port prior to the door being opened is a emergency incident.

3   <u>Response:</u>

4   *Objection: This request is vague, as it does not define "emergency", "incident" nor "emergency

5   incident". Plaintiff's use of the terms "incident" and "disturbance" seemingly interchangeably

6   without defining either term requires Defendants Smith and Thompson to speculate as to Plaintiff's

7   intended meaning. If Plaintiff intends "Emergency Incident" to mean "Fire and Smoke; Bomb

8   Threat; Natural or Man-made Disasters; Earthquakes; Floods; Chemical Spills Affecting All or Part

10  of the Facility; Food Strike; Inmate Disturbances; and Aviation Incidents" as defined by the Tulare

11  County Sheriff's Department Detention Division Procedures Manual in effect at the time of the

12  alleged incident, the request is denied.

13  *Admit that a TCSD Detentions Division administratively segregated inmate's refusal to handcuff

14  through the cell's door food port prior to the door being opened is a unusual incident.

16  <u>Response:</u>

17  *Objection:  Not relevant to the subject matter involved in the action as Plaintiff does not claim he

18  refused to handcuff through the cell's door food port prior to the door being opened; rather,

19  Plaintiff states in his Complaint that he refused to pull his hands back into his food port door after

20  the handcuffs were removed.

22  *Objection: Ambiguous. The request does not define "unusual", "incident" or "unusual incident".

23  Plaintiff's use of the terms "incident" and "disturbance" seemingly interchangeably without

24  defining either term requires Defendants Smith and Thompson to speculate as to Plaintiff's intended

25  meaning, thereby preventing Defendants Smith and Thompson from forming an intelligent reply in

26  good faith.  For these reasons, the request is denied.

27

28

*Admit that TCSD Detention Division does have a policy and procedure(s) in place that relate to cell extractions.

**Response:**

*Admit.*

*Admit that TCSD Detention Division does have a policy and procedure(s) in place that relate to administratively segregated inmates refusing to comply with staff's instruction.

**Response:**

*Deny.*

*Admit that when Vickers' cell door was opened during the day of August 28, 2014 (i.e. the day, moment, and incident regarding the nature of this complaint), you were aware that inmate Vickers was not handcuffed.

**Response:**

*Objection: This request is vague, as it does not define "you". There are various defendants in this matter and in order to answer this request, Defendants would need to have "you" defined clearly. If "you" refers to Defendants Ryan Smith and Michael Thompson, Defendants Ryan Smith and Michael Thompson admit that inmate Vickers was not handcuffed when his cell door was opened on August 28, 2014. All other requests are denied.*

*Admit that the opening of inmate Vickers' (the Plaintiff in this action) cell door during the morning of August 28, 2014 (i.e. the day, moment, and incident regarding the nature of this complaint) occurred prior to the arrival of any shift sergeant.

**Response:**

*Deny.*

*Admit that TCSD Detention Division does have a policy and procedure(s) in place that relate to opening the cell door of an administratively segregated inmate who is failing to comply with Deputy's instructions and is not handcuffed.

**Response:**

*Deny.*

1   *Admit that the opening of inmate Vickers cell door during the morning of August 28, 2014 was for

2   the purpose of conducting a calculated use of force.

3   **Response:**

4   *Deny.*

5   *Admit that the use of force upon noncooperative inmates in a cell is a cell extraction.

6   **Response:**

7   *Deny.*

8   *Admit that the night of August 27, 2014, you were involved in a use of force upon the Plaintiff.

9   **Response:**

10  *Objection: This request is vague, as it does not define "you". There are various defendants in this

11  matter and in order to answer this request, Defendants would need to have "you" defined clearly. If

12  "you" refers to Defendants Ryan Smith and Michael Thompson, Defendants Ryan Smith and

13  Michael Thompson deny that on August 27, 2014 they used force against Plaintiff.*

14  *Admit that the day of August 28, 2014, you intentionally injured the plaintiff.

15  **Response:**

16  *Deny.*

17  *Admit that you saw no videotaping equipment, medical staff or safety equipment (including but not

18  limited to protection suits, shields, knee or elbow pads, and leg restraints) in use during the use of

19  force on inmate Vickers, the Plaintiff the morning of August 28, 2014 ((i.e. the day, moment, and

20  incident regarding the nature of this complaint).

21  **Response:**

22  *Objection: This request is vague, as it does not define "you". There are various defendants in this

23  matter and in order to answer this request, Defendants would need to have "you" defined clearly. If

24  "you" refers to Defendants Ryan Smith and Michael Thompson, Defendants Ryan Smith and

25  Michael Thompson admit they saw no videotaping equipment, medical staff or safety equipment at

26  the time of the incident involving inmate Vickers' refusal to comply with the order to pull his

27  uncuffed hands into his cell on August 28, 2014. All other requests are denied.*

28

1    *Admit that you escorted inmate Vickers, the Plaintiff, from his cell to medical clinic the day of

2    August 28, 2014.

3    **Response:**

4    *Objection: This request is vague, as it does not define "you". There are various defendants in this*

5    *matter and in order to answer this request, Defendants would need to have "you" defined clearly. If*

6    *"you" refers to Defendants Ryan Smith and Michael Thompson, Defendants Ryan Smith and*

7    *Michael Thompson deny that either of them escorted Vickers to the medical clinic. Defendants Ryan*

8    *Smith and Michael Thompson admit that inmate Vickers was escorted to the medical clinic by TCSD*

9    *staff on August 28, 2014.*

10    *Admit that you saw no videotaping equipment, medical staff or safety equipment (including but not

11    limited to protection suits, shields, knee or elbow pads, and leg restraints) in use during the escorting

12    of inmate Vickers from his cell that day of August 28, 2014, to the medical clinic.

13    **Response:**

14    *Objection: This request is vague, as it does not define "you". There are various defendants in this*

15    *matter and in order to answer this request, Defendants would need to have "you" defined clearly. If*

16    *"you" refers to Defendants Ryan Smith and Michael Thompson, Defendants Ryan Smith and*

17    *Michael Thompson admit they saw no videotaping equipment, medical staff or safety equipment at*

18    *the time of the involving inmate Vickers on August 28, 2014. All other requests are denied.*

19    *Admit that you did file any written report (including but not limited to incident reports and use of

20    force reports) relating to the use of force on inmate Vickers from his cell and/or escorting of inmate

21    Vickers to the medical clinic the day of August 28, 2014.

22    **Response:**

23    *Objection: This request is vague, as it does not define "you". There are various defendants in this*

24    *matter and in order to answer this request, Defendants would need to have "you" defined clearly. If*

25    *"you" refers to Defendants Ryan Smith and Michael Thompson:*

26    *Defendant Ryan Smith admits he authored an incident report regarding the incident involving*

27    *Plaintiff's refusal to obey orders and pull his uncuffed hands into his cell on August 28, 2014. All*

28

County Counsel
Tulare County
Visalia, California

7

1   *other requests are denied.*

2   *Defendant Michael Thompson admits reviewing the incident report regarding the incident involving*

3   *Plaintiff's refusal to obey orders and pull his uncuffed hands into his cell on August 28, 2014. All*

4   *other requests are denied.*

5   *Admit that high risk inmates are placed in administrative segregation within the TCSD Detention

6   Division.

7   **Response:**

8   *Objection: This request is vague, as it does not define "high risk" leaving Defendants Smith and*

9   *Thompson to speculate as to Plaintiff's intended meaning. If Plaintiff intends "high risk" to mean*

10  *"inmates prone to escape; prone to assault staff, other inmates; or is charges with an offense of*

11  *serious gravity or notoriety" as defined by the Tulare County Sheriff's Department Detention*

12  *Division Procedures Manual in effect at the time of the alleged incident, the request is admitted.*

13  *Admit that within the TCSD Detention Division there are policy and procedure(s) in place that·

14  relate to staff's responsibilities after a use of force incident.

15  **Response:**

16  *Admit.*

17  *Admit that a "physical struggle" with an inmate involves use of force.

18  **Response:**

19  *Objection: This request is vague, as it does not clarify with whom Plaintiff intends as engaging in a*

20  *"physical struggle with an inmate". Presuming Plaintiff's request seeks admission that a "physical*

21  *struggle" of a deputy with an inmate involves use of force, the request fails to define "physical*

22  *struggle". Defendants Smith and Thompson admit that a "physical struggle" between a deputy and*

23  *an inmate can, in some circumstances, require the use of force. Defendants deny any other*

24  *interpretation or intended meaning of Plaintiff's Request.*

25  *Admit that within the TCSD Detention Division when a supervisor is able to respond to an incident

26  in which there has been a reported application of force, the supervisor is expected to evaluate the

27  circumstances surrounding the incident and initiate an administrative investigation if there is a

28

1   question of policy non-compliance or if for any reason further investigation may be appropriate.

2   **Response:**

3   *Admit.*

4   *Admit that "EXHIBIT "A" attached is genuine and that you are not aware of any forgery thereof.

5   **Response:**

6   *Objection: This request is vague, as it does not define "you". There are various defendants in this*

7   *matter and in order to answer this request, Defendants would need to have "you" defined clearly. If*

8   *"you" refers to Defendants Ryan Smith and Michael Thompson, the request seeks authenticity of*

9   *documents prepared by several individuals other than Smith and Thompson.  As to Defendants Smith*

10  *and Thompson:*

11   *Defendant Ryan Smith admits he authored an incident report regarding the incident involving*

12  *Plaintiff's refusal to obey orders and pull his uncuffed hands into his cell on August 28, 2014, a copy*

13  *of which is included in Plaintiff's Exhibit A. All other requests are denied.*

14  *Defendant Michael Thompson admits reviewing the incident report regarding the incident involving*

15  *Plaintiff's refusal to obey orders and pull his uncuffed hands into his cell on August 28, 2014, a copy*

16  *of which is included in Plaintiff's Exhibit A. All other requests are denied.*

17  *Admit that "EXHIBIT "A" attached was kept in the ordinary course of the TCSD Detentions

18  Division's business.

19  **Response:**

20  *Admit.*

21  *Admit that TCSD Detentions Division maintained "EXHIBIT "A" pursuant to laws or statutes

22  requiring maintenance of such records.

23  **Response:**

24  *Admit.*

25  *Admit that you have no information, knowledge or evidence to indicate that any portion of the

26  exhibit is untrustworthy.

27  ///

28

1  **Response**:

2  *Objection: This request is vague, as it does not define "you". There are various defendants in this*

3  *matter and in order to answer this request, Defendants would need to have "you" defined clearly. If*

4  *"you" refers to Defendants Ryan Smith and Michael Thompson, Defendants admit.*

5  *Admit that under the laws of application in Federal Courts in the United States "EXHIBIT "A" and

6  all its subparts are admissible into evidence for purposes of trial and summary disposition motions, if

7  any.

8  **Response**:

9  *Admit.*

10  *Admit there were attempts taken to identify witnesses not already included in the reports that relate

11  to the use of force INCIDENTS that gave rise to the COMPLAINT by the Plaintiff.

12  **Response**:

13  *Deny.*

14

15  Dated:  November 3, 2016                    KATHLEEN BALES-LANGE
                                                Tulare County Counsel

16

17                                      By:  _Kathleen A Taylor_
                                                Kathleen A. Taylor, Chief Deputy
18                                              for Amy I. Terrible
                                                Deputy County Counsel
19                                              Attorneys for Defendants

20

21

22

23  KAM/10/19/2016/2016870

24

25

26

27

28

County Counsel
Tulare County
Visalia, California

10

## VERIFICATION

I have read the foregoing **DEFENDANT** RYAN SMITH'S **RESPONSE TO     REQUEST FOR ADMISSIONS** and know its contents.

☒     I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief and, as to those matters, I believe them to be true.

I am a representative of the Defendant COUNTY OF TULARE, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are stated on information and belief and, as to those matters, I believe them to be true.

I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices and, therefore.  I make this verification for and on behalf of that party for that reason. I am informed and believe and, on that ground, allege that the maters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed this _27_ day of October, 2016, at Visalia, California.

RYAN SMITH

KAM/10/24/2016/2016870

**VERIFICATION**

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# VERIFICATION

I have read the foregoing **DEFENDANT** MICHAEL THOMPSON'S **RESPONSE TO REQUEST FOR ADMISSIONS** and know its contents.

☒    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief and, as to those matters, I believe them to be true.

I am a representative of the Defendant COUNTY OF TULARE, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are stated on information and belief and, as to those matters, I believe them to be true.

I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices and, therefore. I make this verification for and on behalf of that party for that reason. I am informed and believe and, on that ground, allege that the maters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed this __3__ day of November, 2016, at Visalia, California.

_____
MICHAEL THOMPSON

KAM/10/24/2016/2016870

County Counsel
Tulare County
Visalia, California

**VERIFICATION**

1

1

2
PROOF OF SERVICE

STATE OF CALIFORNIA    )

3
                       ) ss.

4
COUNTY OF TULARE       )

I am employed in the County of Tulare, State of California.  I am over the age of eighteen

5
(18) years and not a party to this action; and, my business address is 2900 West Burrel Avenue,
Visalia, CA 93291.

6

7
On this date, I served the following document: DEFENDANTS THOMPSON AND
SMITH'S RESPONSE TO REQUESTS FOR ADMISSIONS w/ Verifications on the parties to

8
this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9
Jeremiah D. Vickers
#F74670

10
California State Prison, Los Angeles
County

11
P.O. Box 8457

12
Lancaster, CA 93539
*Pro se Plaintiff*

13

14    ☒    **(BY MAIL)** I am "readily familiar" with The County of Tulare's practice of collection
and processing correspondence by mailing.  Under that practice, mail is deposited with

15
the U.S. Postal Service on the same day with postage fully prepaid at Visalia, California,
in the ordinary course of business.  I am aware that on motion of the party served, service

16
is presumed invalid if postal cancellation date or postage meter date is more than one day

17
after date of deposit for mailing in affidavit.

18    ☐    **(BY CERTIFIED AND REGULAR MAIL)** I caused such envelope to be deposited
with the U.S. Postal Service with postage fully paid at Visalia, California, in the ordinary

19
course of business, via certified mail with return receipt requested, and via regular U.S.

20
mail.

21    ☐    **(BY TELECOPIER)** With the addressee(s)' consent and agreement, I caused such
document to be delivered by telecopy transmission to the addressee(s).

22

23    ☐    **(BY FEDERAL EXPRESS OR UPS NEXT DAY SERVICE)** I caused such envelope
to be delivered to Federal Express or UPS with a fully prepaid airbill/invoice for next

24
business day delivery to the addressee(s).

25
Executed on November 3, 2016, at Visalia, CA.

26
KARI MARTIN-HIGGINS

27

28

COUNTY COUNSEL
TULARE COUNTY
VISALIA, CALIFORNIA

# EXHIBIT 2

PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS

NAME: Jeremiah D. Vickers

I.D. #: F 74670

ADDRESS: California State Prison-Los Angeles County

P.O. Box 8457

Lancaster, CA 93539

PRO PER PLAINTIFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEREMIAH D. VICKERS,
Plaintiff,

Case No.#:1:15-cv-00129 DLB (PC)

VS.

THOMPSON, et al.,
Defendants

PLAINTIFF'S FIRST

REQUEST FOR PRODUCTION

OF DOCUMENTS

Plaintiff request, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that all Defendants in this case produce for inspection and copying the documents described below; and within thirty (30) days after service of this Request serve a written response pursuant to Rule 34 (b) of the Federal Rules of Civil Procedure.

DEFINITIONS

The term "INCIDENT" or "INCIDENTS" refers to the events and/or circumstances giving rise to this action that occurred on 8/27/2015 through to 8/28/2014.

Unless otherwise indicated the following definitions and

PAGE 1 OF 9

and terms shall apply to these Request for Production of Documents:

1) The terms "you" and "your" refer to defendants and anyone purporting to act on their behalf, including but not limited to, their attorneys, assistants, advisors, investigators, employers, employees, experts, consultants or custodians of records.

2) The terms "document" or "documents" are intended to have the broadest possible meaning. These terms refer to, but are not limited to, any written, typed, printed, recorded, taped, copied, computerized, graphic or photographic material, however produced, reproduced or stored, including without limitation, any data stored on computer tapes, disk or hard drives, including electronic mail and any sound or visual reproduction. The types of documents include, without limitation, preliminary, supplemental or final drafts of correspondence, letters, forms, teletypes, notes, memoranda, reports, studies, bulletins, logs, directives, announcements, notices, rules, regulations, instructions, procedure manuals, training materials, catalogs, transcripts, minutes, schedules, agendas, work assignments, bills, specifications, blueprints, budget request, and contracts. Specifically included are all files separately maintained by employees, representatives, experts, agents or consultants of the Tulare County Sheriff's Department.

3) The term "TCSD" refers to the Tulare County Sheriff Department, it's agents, employees and anyone acting on it's behalf in relation to, in whole or a part of, it's jails.

4) The term "relate to" means constitutes, mentions,

PAGE 2 OF 9

discusses, describes, concerns, comments on or refers, relates or pertains to the subject matter of the request, directly or indirectly, in whole or in part.

5) The term "all" means any and all.

6) The term "any" means each and every

## INSTRUCTIONS

1) This request covers all documents in the actual or constructive possession, custody or control of defendants their attorneys, representatives, employees, employees, experts, consultants or custodian of such documents and information.

2) Unless otherwise indicated, for purposes of responding to these request, the relevant time period for this request is August 27, 2014, through to August 28, 2014. This request includes all documents generated, prepared, sent, recieved, and/or reviewed during that period or which were operative during, relate to, or contain information about, events occurring within that period.

3) Documents shall be segregated according to the paragraph to which they are responsive. If there are any paragraphs of this request for which no documents are produced, please, indicate in writing the basis for not producing any documents. If there are not responsive documents, please indicate that fact in writing. If a document is responsive to more than one

paragraph it need be produced only once. If a document responsive to multiple request is produced only once, please segregate the document according to the first paragraph to which it is responsive and identify in writing all subsequent paragraphs to which the document is responsive.

4) Please produce all non-identical copies of all responsive documents, including copies that bear marks notations, or changes not present in the original.

5) With respect to each document otherwise called for by this request as to which a claim of privilege is asserted separately state the following: (a) the type of document (e.g. letter, memorandum, note, etc.); (b) the date of the document; (c) the name, business address, and present position of it's author or authors; (d) the name and position of its author or authors at the time the document was prepared; (e) the name, business address, and present position of its addressee and all other recipients of the document; (f) the position of its addressee and all other recipients at the time the document was prepared and/or recieved; (g) a general description of the subject of the document; (h) the basis of the claim of privilege; and (i) if the basis of the claim of privilege is the work product doctrine, please identify the proceeding for which the document was prepared.

6) Electronic records and computerized information including, but not limited to, computer tapes and diskes, must be produced in an intelligible format or together with a description of the system

1  from which it was derived that is sufficient to permit the materials
2  to be rendered intelligible.

3

4

5  ## REQUEST FOR DOCUMENTS

6

7  REQUEST NO. 1

8       Any and all equipment/use logs for use of force equipment on
9  the night of August 27, 2014 and morning of August 28, 2014 as
10  it relates to the times of the INCIDENTS mentioned in the COMPLAINT

11

12  REQUEST NO. 2

13       Any and all incident packages generated by TCSO relating to all
14  interactions with Plaintiff on or about INCIDENTS giving rise to the
15  COMPLAINT. This document request includes (i.e. Sgt. Thompson,
16  Deputy Alvarez, Lieutenant Stelow, etc.) but is not limited to the
17  Crime/Incident Report Review Notices, Facility Commander Reviews,
18  Sergeant/Shift Supervisor Report(s), Patrol Lieutenant Use of
19  Force Compliance Report(s), Use of Force Reports, all Supervisor
20  Report Critiques of Use of Force Incident Report(s).

21

22  REQUEST NO. 3

23       Any and all video footage and/or jail video surveillance footage,
24  un-redacted, depicting the times and places of the INCIDENTS
25  mentioned in the COMPLAINT (i.e. from the time Deputy Smith
26  approached the Plaintiff's door with the nurse for night "pill pass" on
27  August 27, 2014, to the every minute of every location from every
28  angle that the Plaintiff was placed within the jail that has

video surveillance footage until the taking of Sgt. Williams photos on August 29, 2014. (EVERY MINUTE OF EVERY LOCATION).

REQUEST NO. 4:

Any and all records of training that has been provided to each defendant on use of force. The time frame for this discovery request is the time each defendant became employed by the TCSD to the present.

REQUEST NO. 5:

Any and all records of training that has been provided to each defendant on cell extractions. The time frame for this discovery request is the time each defendant became employed by the TCSD to the present.

REQUEST NO. 6:

Any and all records of training that has been provided to each defendant on emergency medical and mental health evacuation procedures. The time frame for this document request is the time each defendant became employed by TCSD to the present.

REQUEST NO. 7:

Any and all documents recieved, read, or reviewed by each defendant that refer or relate to training, policies, or procedures on use of force.

REQUEST NO. 8:

Any and all documents recieved, read, or reviewed by each

1  defendant that refer or relate to training, policies, or procedures
2  on cell extractions

3

4  REQUEST NO. 9:
5   Any and all documents recieved, read, or reviewed by each
6  defendant that refer or relate to training, policies, or procedures on
7  medical and mental health evacuations and/or emergency medical and
8  mental health evacuations.

9

10  REQUEST NO. 10:
11   Any and all documents relating to allegations of excessive use of
12  force by any TCSD staff in cell extractions or emergency medical
13  and/or mental health evacuations while any of defendants were present.

14

15  REQUEST NO. 11:
16   Any and all formal and informal written complaints (including but not
17  limited to administrative Grievance forms) against any defendant,
18  including but not limited to those alleging excessive use of force, that
19  occured in or out of TCSD Detention Division (including all written responses
20  appeals, reports, investigations, and/or correspondence regarding
21  complaints). The time frame for this discovery request is the time each defendant
22  became employed by TCSD to the present.

23

24  REQUEST NO. 12:
25   Any and all formal and informal written complaints (including
26  but not limited to administrative Grievance forms) against any
27  TCSD Deputy and/or staff, including but not limited to those
28  alleging excessive use of force, that happen to so much as even

1  mention the "presence" of any defendant (including all written responses,
2  appeals, reports, investigations, and/or correspondence regarding the
3  complaints). The time frame for this discovery request is the time each
4  defendant became employed by TCSD to the present.

17  October 10, 2016
    DATE

19  SIGNATURE

21  Jeremiah D. Vickers
    PRINTED NAME

PAGE 8 OF 9

PROOF OF SEVICE BY UNITED STATES MAIL

(Code of Civil Procedure Section 1015)

(28 U.S.C. Section 1745)

I, _____Jeremiah D. Vickers_____, declare, depose and say, the following statement is true and correct under penalty of perjury, according to the laws of the State of California based on matters known to me personally to be true.

I am over eighteen (18), years of age, a resident, and a state prisoner of the State of California with a present mailing address of:

CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

POST OFFICE BOX 8457

LANCASTER, CALIFORNIA 93539

On this ___10___ day of ___October___, 201_6_, I caused a true and correct copy of the following, specifically described document(s):

_____PLAINTIFF'S FIRST REQUEST FOR_____
_____PRODUCTION OF DOCUMENTS_____

At the prison to be placed in a sealed envelope(s) with first class postage, having been placed thereon, duly addressed to the interested person (s) as described hereinafter, and then deposited said envelope(s) in the regular United States mail, or mail service made available where I am being detained, to the addressee(s):

Tulare County Counsel
Amy I. Terrible, #269475
DEPUTY COUNTY COUNSEL
Kevin A. Dimmel, #202525B
DEPUTY COUNTY COUNSEL
2900 W. Burrel, COUNTY CIVIC CENTER
Visalia, CA 93291

I declare that there has been regular U.S. mail pick-up by correctional officers at the aforementioned prison, and/or delivery service, at the places where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

Executed this ___10___ day of ___October___, 201_6_, under penalty of perjury according to the laws of the State of California, at Los Angeles; County of Lancaster.

_____
Declarants Signature            PAGE _9_ OF _9_

# EXHIBIT 2a

DEFENDANTS SERGEANT THOMPSON
AND DEPUTY SMITH'S RESPONSE
TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

1   KATHLEEN BALES-LANGE, #094765
County Counsel for the County of Tulare
2   KATHLEEN A. TAYLOR, #131100
Chief Deputy County Counsel
3   AMY I. TERRIBLE, #269475
Deputy County Counsel
4   2900 West Burrel, County Civic Center
Visalia, California 93291
5   Phone: (559) 636-4950
Fax: (559) 737-4319
6   E-mail: ATerrible@co.tulare.ca.us
7   Attorneys for Defendants

8

9                    UNITED STATES DISTRICT COURT
10              EASTERN DISTRICT OF CALIFORNIA – FRESNO

11

12   JEREMIAH D. VICKERS,                       Case Number: 1:15-cv-00129-SAB (PC)

            Plaintiff,                          **DEFENDANTS TULARE COUNTY
13                                              SHERIFF SGT. THOMPSON'S AND
                                                DEPUTY SMITH'S RESPONSE TO
14   vs.                                        PLAINTIFF'S REQUESTS FOR
                                                PRODUCTION OF DOCUMENTS**
15   TULARE COUNTY SHERIFF SGT.
     THOMPSON, DEPUTY SMITH, DEPUTY
16   O'NEIL, DEPUTY SANDOVAL, individually
     and in their official capacities
17

18          Defendants.

19

20       PROPOUNDING PARTY:    Plaintiff, JEREMIAH D. VICKERS

21       RESPONDING PARTY:     Defendants, THOMPSON and SMITH

22       SET NUMBER:           ONE (1)

23       **Responding Parties object to Plaintiff's Requests as they require responses beyond the**

24   **discovery cut-off date.** However, in the spirit of cooperation, Responding Parties Sergeant Michael

25   Thompson (sued as Sgt. Thompson) and Deputy Ryan C. Smith (sued as Deputy Smith, (hereinafter

26   "Deputy Defendants"), by and through their attorney, Tulare County Counsel, and provides

27

28   responses to the Plaintiff's Requests for Production of Documents, served on October 10, 2016,

                                              1

pursuant to Rule 34 of the Federal Code of Civil Procedure.

## PRELIMINARY STATEMENT

It should be noted that Deputy Defendants have not fully completed the investigation of the facts relating to this case and have not fully completed preparation for trial. All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to Deputy Defendants, and they disclose only those contentions which presently occur to each of them.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal variations from the contentions set forth herein. The following responses are given without prejudice to Deputy Defendants' rights to produce evidence of any subsequently discovered fact or facts which Deputy Defendants may later recall. Accordingly, Deputy Defendants reserve the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The answers contained herein are made in a good faith effort to supply as much factual information, and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of Deputy Defendants in relation to further discovery.

By making this response, Deputy Defendants do not waive, and expressly reserve, all privileges, including the attorney-client privilege and the work-product rule. Additionally, Deputy Defendants do not waive, but on the contrary reserve, (a) the right to object on the grounds of competency, relevancy, and materiality, or any other proper ground, to the use of any document for any purpose, in whole or in part, in any subsequent step or proceeding in this action or in any other action; (b) the right to object on any and all grounds at any time to interrogatories, requests for inspection, or other discovery procedures involving or relating to the subject matter of the Requests

2

herein answered; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein. These paragraphs are incorporated as though set forth more fully in each of the following responses.

## GENERAL OBJECTIONS

1.     Responding Parties object to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, when possible, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.

2.     Responding Party objects to the extent that the demands of Plaintiff could be construed to call for information or documents protected from discovery under the attorney/client privilege and/or the attorney work product doctrine, or any other applicable privilege, whether or not these objections are separately stated for each category or demand.   In particular, without waiving limitation, Responding Party will not furnish any information constituting or reflecting the medical impressions, conclusions, opinions, legal theories, or other work product of its counsel.

3.     Responding Party also objects to each and every demand, whether or not such objection is separately set forth, to the extent it requires Responding Party to prepare summaries or compilations of information already made available to Plaintiffs through any other means.

4.     Responding Party further responds by stating that it will produce only those documents which are currently in its possession, custody, or control, and does not intend to produce documents which are in the possession of third parties and/or public entities, which are equally available to the requesting party or documents that have been previously produced.   To the extent any of the demands are interpreted to include any such documents, Responding Party objects to them.

///

## DEMAND FOR PRODUCTION

**Request No. 1:**   Any and all equipment/use logs for use of force equipment on the night of August 27, 2014 and morning of August 28, 2014 as it relates to the times of the INCIDENTS mentioned in the COMPLAINT.

**Response to Request No. 1:**   Objection. The request calls for disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving the objection, after conducting a diligent search, Responding Parties are not aware of any documents responsive to this request.

**Request No. 2:**   Any and all incident packages generated by TCSD relating to all interactions with Plaintiff on or about INCIDENTS giving rise to the COMPLAINT. This document request includes (i.e. Sgt. Thompson, Deputy Alvarez, Lieutenant Stelow, etc) but is not limited to the Crime/Incident Report Review Notices, Facility Commander Reviews, Sergeant/Shift Supervisor Report(s), Patrol Lieutenant Use of Force Compliance Report(s), Use of Force Reports, all Supervisor Report Critiques of Use of Force Incident Report(s).

**Response to Request No. 2:**    Objection. The request fails to specify the documents requested with reasonable particularity, is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, calls for disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.  If Plaintiff seeks only the Incident Report regarding the Incident giving rise to the Complaint, Responding Parties previously provided said documents in conjunction with Responding Parties' Initial Disclosures.

**Request No. 3:**    Any and all video footage and/or jail video surveillance footage, un-redacted, depicting the times and places of the INCIDENTS mentioned in the COMPLAINT (i.e. from the time Deputy Smith approached the Plaintiff's door with the nurse for night "pill pass" on August 27,

4

2014 to the every minute of every location from every angle that the Plaintiff was placed within the jail that has video surveillance footage until the taking of Sgt. Williams photos on August 28, 2014 EVERY MINUTE OF EVERY LOCATION).

**Response to Request No. 3:** Objection. The request calls for disclosure of confidential documents. Without waiving the objection, after a diligent search, Responding Parties are unaware of the existence of any video surveillance of the Incident, as video surveillance is stored for a one-year period per policy and this Incident occurred in August of 2014, more than two years prior to the date of this request.

**Request No. 4:**   Any and all records of training that has been provided to each defendant on use of force. The time frame for this discovery request is the time each defendant became employed by the TCSD to the present.

**Response to Request No. 4:** Objection. The request is not limited to a relevant time period, calls for the disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, Responding Parties produce herewith the training records of SMITH and THOMPSON.

**Request No. 5:**   Any and all records of training that has been provided to each defendant on cell extractions. The time frame for this discovery request is the time each defendant became employed by the TCSD to the present.

**Response to Request No. 5:** Objection. The request is not limited to a relevant time period, calls for the disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, Responding Parties produce herewith the training records of SMITH and THOMPSON.

**Request No. 6:**   Any and all records of training that has been provided to each defendant on emergency medical and mental health evacuation procedures. The time frame for this discovery

request is the time each defendant became employed by the TCSD to the present.

**Response to Request No. 6:** Objection. The request is not limited to a relevant time period, calls for the disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, Responding Parties produce herewith the training records of SMITH and THOMPSON.

**Request No. 7:**   Any and all documents received, read, or reviewed by each defendant that refer or relate to training, policies or procedures on use of force.

**Response to Request No. 7:** Objection. The request is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, Responding Parties previously provided applicable policies at the time of our Initial Disclosures.

**Request No. 8:**   Any and all documents received, read, or reviewed by each defendant that refer or relate to training, policies or procedures on cell extractions.

**Response to Request No. 8:** Objection. The request is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, Responding Parties previously provided applicable policies at the time of our Initial Disclosures.

**Request No. 9:**   Any and all documents received, read, or reviewed by each defendant that refer or relate to training, policies or procedures on medical and mental health evacuations and/or emergency medical and mental health evacuations.

**Response to Request No. 9:** Objection. The request is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, Responding Parties previously provided applicable policies at the time of our Initial Disclosures.

**Request No. 10:**   Any and all documents relating to allegations of excessive use of force by any TCSD staff in cell extractions or emergency medical and/or mental health evacuations while any of the defendants were present.

**Response to Request No. 10:** Objection. The request is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, calls for disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, and after a diligent search, Responding Parties are not aware of the existence of any responsive documents.   If any such documents existed they would be in the possession of the Tulare County Sheriff's Department located at 2404 W. Burrel Ave., Visalia, CA 93291.

**Request No. 11:**   Any and all formal or informal written complaints (including but not limited to administrative Grievance forms) against any defendant, including but not limited to those alleging excessive use of force that occurred in or out of TCSD Detention Division (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints). The time frame for this discovery request is the time each defendant became employed by TCSD to the present.

**Response to Request No. 11**: Objection. The request is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, calls for disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, and after a diligent search, Responding Parties are not aware of the existence of any responsive documents.   If any such documents existed they would be in the possession of the Tulare County Sheriff's Department located at 2404 W. Burrel Ave., Visalia, CA 93291.

**Request No. 12:**   Any and all formal or informal written complaints (including but not limited to

administrative Grievance forms) against any TCSD Deputy and/or staff, including but not limited to those alleging use of force, that happen to so much as even mention the "presence" of any defendant (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints). The time frame for this discovery request is the time each defendant became employed by TCSD to the present.

**Response to Request No. 12:**   Objection. The request is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, calls for disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, and after a diligent search, Responding Parties are not aware of the existence of any responsive documents.   If any such documents existed they would be in the possession of the Tulare County Sheriff's Department located at 2404 W. Burrel Ave., Visalia, CA 93291.

Dated:  December 5, 2016

KATHLEEN BALES-LANGE
Tulare County Counsel

By: _____
    Amy I. Terrible
    Deputy County Counsel
    Attorneys for Defendants

KAM/11/30/2016/2016870

County Counsel
Tulare County
Visalia, California

8

 

Tulare County Sheriff's Office

## Individual Training Activity

12/05/2016                                                                 Page 1 of 3 pages

| Person: | Smith, R      # |
|---------|----------------|

### Personal
Agency:         Tulare County Sheriff's Office
ID #:

### Employment

| Property | Value | From | Through |
|----------|-------|------|---------|
| Active Status: | Active | 03/17/2008 | / / |
| Duty Status: | Full Duty | 03/17/2008 | / / |
| Time Status: | Full Time | 03/17/2008 | / / |
| Rank: | Correctional Deputy | 10/09/2011 | / / |
| Work Unit: | Main Jail | 03/17/2008 | / / |
| Station: | Main Jail | 10/09/2011 | / / |
| Division: | Detentions | 03/17/2008 | / / |

### Training Completed In: 2016

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - 1-3960 | 11/17/2016 | Body Camera Training | *** None *** | ✓ | P | | 02:00 |
| - 1-3864 | 10/28/2016 | Interview and Interrogations | CA-STC 0037-54026 | ✓ | P | | 08:00 |
| - 1-3772 | 08/31/2016 | Understanding LGBT Issues | CA-STC 0920-063455 | ✓ | P | | 08:00 |
| - 1-3740 | 08/10/2016 | Ground Control Techniques | CA-STC 0037-049335 | ✓ | P | | 08:00 |
| - 1-3785 | 07/13/2016 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-3583 | 05/16/2016 | Advanced Taser Update X-26 | CA-STC 0037-052759 | ✓ | P | | 04:00 |
| - 1-3398 | 02/19/2016 | Interview and Interrogations | *** None *** | ✓ | P | | 08:00 |

| Totals For Training Completed In: 2016 | Completed 7 of 7 Modules | 40:00 |
|---|---|---|

### Training Completed In: 2015

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - 1-3274 | 12/18/2015 | Tactical Communications | *** None *** | ✓ | P | | 08:00 |
| - 1-3081 | 09/10/2015 | Advanced Taser Update X-26 | CA-STC | ✓ | P | | 04:00 |
| - 1-2766 | 04/02/2015 | The Wrap | CA-STC | ✓ | P | | 04:00 |
| - 1-2937 | 04/02/2015 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-2698 | 03/26/2015 | STC Negotiations Course | CA-STC | ✓ | P | | 08:00 |
| - 1-2715 | 03/06/2015 | Drugs in Jails | CA-STC | ✓ | P | | 08:00 |
| - 1-2588 | 01/30/2015 | Advanced Taser Update X-26 | CA-STC | ✓ | P | | 04:00 |
| - 1-2587 | 01/16/2015 | Arrest & Control Techniques | CA-STC | ✓ | P | | 08:00 |

| Totals For Training Completed In: 2015 | Completed 8 of 8 Modules | 46:00 |
|---|---|---|




Tulare County Sheriff's Office

## Individual Training Activity

| Person: | Smith, R | # | (Continued) |
|---|---|---|---|

### Training Completed In: 2014

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - 1-2616 | 12/01/2014 | Force Option Simulator Training | *** None *** | ✓ | P | | 02:00 |
| - 1-2465 | 11/25/2014 | Arrest and Control Tactics | CA-STC | ✓ | P | | 08:00 |
| - 1-2566 | 07/10/2014 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-2067 | 04/29/2014 | Street and Prison Gangs | CA-STC | ✓ | P | | 08:00 |
| - 1-1982 | 03/14/2014 | Force Option / Defensive Tactics | CA-STC | ✓ | P | | 08:00 |
| - 1-1929 | 01/22/2014 | 1022 Seat Belt Procedure | *** None *** | ✓ | P | | 01:30 |
| - 1-1961 | 01/14/2014 | Law Enforcement Response to the Mentally Ill: Basic Principles and Practical Sts | *** None *** | ✓ | P | | 01:30 |
| - 1-1930 | 01/01/2014 | Rule 14 | *** None *** | ✓ | P | | 01:00 |
| - 1-1936 | 01/01/2014 | 314 Vehicle Pursuit Policy | *** None *** | ✓ | P | | 01:00 |
| - 1-1939 | 01/01/2014 | 316 DEPUTY RESPONSE TO CALLS | *** None *** | ✓ | P | | 01:00 |
| - 1-1941 | 01/01/2014 | 702 PERSONAL COMMUNICATION DEVICES | *** None *** | ✓ | P | | 01:00 |

| Totals For Training Completed In: 2014 | Completed 11 of 11 Modules | | | | | | 35:00 |
|---|---|---|---|---|---|---|---|

### Training Completed In: 2013

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - 1-1923 | 12/19/2013 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-1750 | 11/22/2013 | Drugs in Jails | CA-POST, CA-STC - -13 | ✓ | P | | 08:00 |
| - 1-1700 | 11/05/2013 | Advanced Taser Update X-26 | CA-POST, CA-STC - -13 | ✓ | P | | 04:00 |
| - 1-1495 | 08/12/2013 | PREA Training | CA-STC | ✓ | P | | 04:00 |
| - 1-1413 | 04/30/2013 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-1846 | 04/13/2013 | Rule 14 | *** None *** | ✓ | P | | 01:00 |
| - 1-1214 | 03/19/2013 | Interview and Interrogations | CA-STC | ✓ | P | | 08:00 |
| - 1-1152 | 02/22/2013 | Force Option / Defensive Tactics | CA-STC | ✓ | P | | 08:00 |
| - 1-1173 | 02/13/2013 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |

| Totals For Training Completed In: 2013 | Completed 9 of 9 Modules | | | | | | 39:00 |
|---|---|---|---|---|---|---|---|

### Training Completed In: 2012

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - 1-1042 | 12/14/2012 | Drugs in Jails | CA-STC | ✓ | P | | 08:00 |




Tulare County Sheriff's Office

## Individual Training Activity

12/05/2016                                                                                     Page 3 of 3 pages

| Person: | Smith, R ▮▮▮ #▮▮▮▮▮ | | | | | | (Continued) |
|---|---|---|---|---|---|---|---|

| Training Completed In: 2012 | | | | | | | (Continued) |
|---|---|---|---|---|---|---|---|

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - 1-0956 | 11/02/2012 | Street and Prison Gangs | CA-STC | ✓ | P | | 08:00 |
| - 1-0955 | 10/24/2012 | Suicide Prevention/Medical | CA-STC | ✓ | P | | 04:00 |
| - 1-0520 | 03/21/2012 | 832 P.C. Course - Firearms | CA-STC | ✓ | P | | 24:00 |
| - 1-0571 | 03/18/2012 | Firearms: Semi-Auto Pistol | *** None *** | ✓ | P | | 16:00 |
| - 1-0519 | 03/16/2012 | 832 P.C. Course - Laws of Arrest | CA-STC | ✓ | P | | 40:00 |
| - 1-0527 | 03/09/2012 | Chemical Agents Training | CA-STC | ✓ | P | | 04:00 |
| - 1-0526 | 03/09/2012 | Clets/Less Full Access Course 4 Hours | CA-STC 0037-052556 | ✓ | P | | 04:00 |
| - 1-0521 | 03/07/2012 | Baton/Expandable | CA-STC 0037-056043 | ✓ | P | | 08:00 |
| - 1-0468 | 03/06/2012 | Correctional Core Academy | CA-STC | ✓ | P | | 128:00 |

| Totals For Training Completed in 2012 | Completed 10 of 10 Modules | | | | | | 244:00 |
|---|---|---|---|---|---|---|---|

| Training Completed In: 2011 | | | | | | | |
|---|---|---|---|---|---|---|---|

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - 1-2259 | 11/29/2011 | 2011 Lexipol Policy Acknowledgment | *** None *** | ✓ | P | | 02:00 |
| - 1-0316 | 11/02/2011 | Less Lethal Weapons: Advanced Taser X-26 | CA-POST - -11 | ✓ | P | | 08:00 |

| Totals For Training Completed in 2011 | Completed 2 of 2 Modules | | | | | | 10:00 |
|---|---|---|---|---|---|---|---|

| Training Completed In: 2008 | | | | | | | |
|---|---|---|---|---|---|---|---|

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - -8310 | 08/21/2008 | Clets/Less Full Access Course 4 Hours | CA-POST | ✓ | P | | 04:00 |
| - -8216 | 04/04/2008 | TCSO Orientation/Procedure Manual Course | *** None *** | ✓ | P | | 08:00 |
| - -8080 | 04/03/2008 | Introduction To Detentions | *** None *** | ✓ | P | | 16:00 |

| Totals For Training Completed in 2008 | Completed 3 of 3 Modules | | | | | | 28:00 |
|---|---|---|---|---|---|---|---|

| Totals For: Smith, R ▮▮▮ #▮▮▮▮▮ | Completed 50 of 50 Modules | | | | | | 442:00 |
|---|---|---|---|---|---|---|---|




Tulare County Sheriff's Office

# Individual Training Activity

12/05/2016 Page 1 of 8 pages

| Person: | Thompson, M#    #    |
|---------|---------------------|

## Personal

Agency: Tulare County Sheriff's Office
ID #:

## Employment

| Property | Value | From | Through |
|----------|-------|------|---------|
| Active Status: | Active | 02/13/2000 | / / |
| Duty Status: | Full Duty | / / | / / |
| Time Status: | Full Time | / / | / / |
| Rank: | Correctional Sergeant | 03/18/2007 | / / |
| Work Unit: | Main Jail | 09/08/2013 | / / |
| Station: | Main Jail | 09/08/2013 | / / |
| Division: | Detentions | / / | / / |

### Training Completed In: 2016

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - 1-3794 | 07/26/2016 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-3534 | 04/27/2016 | Verbal Judo Training: Tactical Communication | *** None *** | ✓ | P | | 08:00 |
| - 1-3326 | 01/08/2016 | Gordon Graham Training | CA-STC 0037-084023 | ✓ | P | | 08:00 |

| Totals For Training Completed In: 2016 | Completed 3 of 3 Modules | | 18:00 |
|-----------------------------------------|--------------------------|--|-------|

### Training Completed In: 2015

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - 1-3190 | 10/15/2015 | Prevention of Discrimination/Harassment | *** None *** | ✓ | P | | 02:00 |
| - 1-2780 | 04/15/2015 | Advanced Taser Update X-26 | CA-POST, CA-STC -   -14 | ✓ | | | 04:00 |
| - 1-2766 | 04/02/2015 | The Wrap | CA-STC | ✓ | P | | 04:00 |
| - 1-2935 | 03/31/2015 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-2698 | 03/26/2015 | STC Negotiations Course | CA-STC | ✓ | P | | 08:00 |
| - 1-2629 | 03/20/2015 | Perishable Skills Update | CA-POST 4620-29518-14008 | ✓ | P | | 24:00 |

| Totals For Training Completed In: 2015 | Completed 6 of 6 Modules | | 44:00 |
|-----------------------------------------|--------------------------|--|-------|

### Training Completed In: 2014

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - 1-2616 | 12/01/2014 | Force Option Simulator Training | *** None *** | ✓ | P | | 02:00 |
| - 1-2317 | 09/22/2014 | Report Writing | CA-STC | ✓ | P | | 08:00 |




Tulare County Sheriff's Office

## Individual Training Activity

12/05/2016                                                                                                Page 2 of 8 pages

| Person: | Thompson, M ░░░░ ░.# ░░░░░ | | (Continued) |
| --- | --- | --- | --- |

**Training Completed In: 2014**                                                                    (Continued)

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
| --- | --- | --- | --- | --- | --- | --- | --- |
| - 1-2565 | 07/09/2014 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-2067 | 04/29/2014 | Street and Prison Gangs | CA-STC | ✓ | P | | 08:00 |
| - 1-1982 | 03/14/2014 | Force Option / Defensive Tactics | CA-STC | ✓ | P | | 08:00 |
| - 1-1929 | 01/14/2014 | 1022 Seat Belt Procedure | *** None *** | ✓ | P | | 01:30 |
| - 1-1961 | 01/08/2014 | Law Enforcement Response to the Mentally Ill: Basic Principles and Practical Sts | *** None *** | ✓ | P | | 01:30 |
| - 1-1930 | 01/01/2014 | Rule 14 | *** None *** | ✓ | P | | 01:00 |
| - 1-1936 | 01/01/2014 | 314 Vehicle Pursuit Policy | *** None *** | ✓ | P | | 01:00 |
| - 1-1939 | 01/01/2014 | 316 DEPUTY RESPONSE TO CALLS | *** None *** | ✓ | P | | 01:00 |
| - 1-1941 | 01/01/2014 | 702 PERSONAL COMMUNICATION DEVICES | *** None *** | ✓ | P | | 01:00 |

**Totals For Training Completed In: 2014      Completed 11 of 11 Modules**                          35:00

**Training Completed In: 2013**

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
| --- | --- | --- | --- | --- | --- | --- | --- |
| - 1-1770 | 12/20/2013 | Advanced Taser Update X-26 | CA-POST, CA-STC - -13 | ✓ | P | | 04:00 |
| - 1-1923 | 12/19/2013 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-1451 | 07/11/2013 | PREA Training | CA-STC | ✓ | P | | 04:00 |
| - 1-1332 | 05/01/2013 | Prevention of Discrimination/Harassment | *** None *** | ✓ | P | | 02:00 |
| - 1-1949 | 04/03/2013 | Clets/Biennial Recert Less Full Access | *** None *** | ✓ | P | | 01:00 |
| - 1-1190 | 03/22/2013 | Perishable Skills Update | CA-POST, CA-STC 4620-29518-12009 | ✓ | P | | 24:00 |
| - 1-1120 | 02/07/2013 | Mandatory Customer Service Training | *** None *** | ✓ | P | | 04:00 |

**Totals For Training Completed In: 2013      Completed 7 of 7 Modules**                             41:00

**Training Completed In: 2012**

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
| --- | --- | --- | --- | --- | --- | --- | --- |
| - 1-1026 | 11/10/2012 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-1025 | 11/09/2012 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |




Tulare County Sheriff's Office

# Individual Training Activity

12/05/2016                                                                 Page 3 of 8 pages

| Person: | Thompson, M | . # | | | (Continued) |
|---|---|---|---|---|---|

| Training Completed In: 2012 | | | | | | (Continued) |

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - 1-0685 | 05/22/2012 | Firearms Update | CA-POST, CA-STC -11 | ✓ | P | | 08:00 |
| - 1-0630 | 05/21/2012 | Interview and Interrogations | CA-STC | ✓ | P | | 08:00 |
| - 1-0598 | 04/27/2012 | Advanced Taser Update X-26 | CA-POST, CA-STC -11 | ✓ | P | | 04:00 |
| - 1-0582 | 03/14/2012 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |

| Totals For Training Completed in: 2012 | Completed 6 of 6 Modules | | | | 26:00 |

| Training Completed In: 2011 | | | | | | |

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - 1-0376 | 11/15/2011 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-2259 | 11/09/2011 | 2011 Lexipol Policy Acknowledgment | *** None *** | ✓ | P | | 02:00 |
| - 1-0082 | 05/03/2011 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 1-0006 | 04/21/2011 | Prevention of Discrimination / Harrassment | *** None *** | ✓ | P | | 02:00 |
| - 1-0004 | 04/20/2011 | Advanced Taser Update X-26 | CA-STC | ✓ | P | | 04:00 |
| - 9992 | 04/18/2011 | VINE - CA Victim Notification | *** None *** | ✓ | P | | 02:30 |
| - 9928 | 03/25/2011 | Post Supervisory Course | CA-POST 2540-00400-10005 | ✓ | P | | 80:00 |

| Totals For Training Completed in: 2011 | Completed 7 of 7 Modules | | | | 94:30 |

| Training Completed In: 2010 | | | | | | |

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - 9703 | 09/24/2010 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - 9544 | 09/23/2010 | First Aid/CPR - Update | *** None *** | ✓ | P | | 08:00 |
| - 9701 | 09/22/2010 | Range Qualification-Pistol/backup/Shotgu | *** None *** | | F | | 02:00 |
| - 9250 | 07/01/2010 | Pursuit Driving Update Post Dvd #159 | *** None *** | ✓ | P | | 02:00 |
| - 9468 | 05/10/2010 | Advanced Taser Update X-26 | CA-STC | ✓ | P | | 04:00 |
| - 9321 | 03/01/2010 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |

| Totals For Training Completed in: 2010 | Completed 5 of 6 Modules | | | | 20:00 |




Tulare County Sheriff's Office

## Individual Training Activity

12/05/2016

| Person: | Thompson, M | . # | (Continued) |
|---|---|---|---|

### Training Completed In: 2009

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - -9111 | 12/01/2009 | Clets/Biennial Recert Less Full Access | *** None *** | ✓ | P | 97.00 | 02:00 |
| - -9085 | 11/20/2009 | Simunitions Training | *** None *** | ✓ | P | | 02:00 |
| - -9024 | 11/06/2009 | Perishable Skills Update | CA-POST, CA-STC 4620-20005-09007 | ✓ | P | | 24:00 |
| - -8751 | 04/29/2009 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - -8628 | 02/12/2009 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |

| Totals For Training Completed In: 2009 | Completed 5 of 5 Modules | 32:00 |
|---|---|---|

### Training Completed In: 2008

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| - -8421 | 11/26/2008 | Interview & Interrogation Patrol | CA-POST | ✓ | P | | 16:00 |
| - -8415 | 11/14/2008 | Less Lethal Weapons: Advanced Taser X-26 | *** None *** | ✓ | P | | 08:00 |
| - -8497 | 11/03/2008 | Simunitions Training | *** None *** | ✓ | P | | 02:00 |
| - -8427 | 09/29/2008 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - -8422 | 09/25/2008 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - -8420 | 09/24/2008 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - -8391 | 09/11/2008 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | F | | 02:00 |
| - -8346 | 07/24/2008 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - -8450 | 06/30/2008 | Annual Multi Track | *** None *** | ✓ | P | | 24:00 |
| - -8017 | 06/30/2008 | Pursuit Driving Update Post Dvd #159 | *** None *** | ✓ | P | | 02:00 |
| - -8159 | 04/07/2008 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - -7988 | 02/06/2008 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 02:00 |
| - -7875 | 01/10/2008 | Less-Lethal Weapons | CA-POST 2850-30995-07002 | ✓ | P | | 08:00 |

| Totals For Training Completed In: 2008 | Completed 13 of 13 Modules | 74:00 |
|---|---|---|




Tulare County Sheriff's Office

## Individual Training Activity

12/05/2016                                                                                                    Page 5 of 8 pages

| Person: | Thompson, M_____ ___. #_____ | | | | | (Continued) |
|---|---|---|---|---|---|---|

### Training Completed In: 2007

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| -  -8281 | 12/13/2007 | Internal Affairs Investigation | CA-POST 3550-32100-07002 | ✓ | P | | 24:00 |
| -  -7699 | 12/07/2007 | Supervisory Core Course | CA-STC | ✓ | P | | 80:00 |
| -  -7750 | 09/13/2007 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| -  -7610 | 06/30/2007 | Annual Multi Track | CA-STC | ✓ | P | | 24:00 |
| -  -7615 | 06/30/2007 | Pursuit Driving Update Post Dvd #159 | CA-POST 2850-29000-06159 | ✓ | P | | 02:00 |
| -  -7552 | 06/04/2007 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| -  -7772 | 06/04/2007 | Prevention of Discrimination/Harassment | *** None *** | ✓ | P | | 02:30 |
| -  -7504 | 05/16/2007 | Less Lethal Weapon: Advance Taser M-26 | CA-STC | ✓ | P | | 08:00 |
| -  -7333 | 05/04/2007 | Perishable Skills Update | CA-POST 4620-29518-06017 | ✓ | P | | 24:00 |
| -  -7435 | 02/26/2007 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |

| Totals For Training Completed in: 2007 | Completed 10 of 10 Modules | 167:30 |
|---|---|---|

### Training Completed In: 2006

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|---|---|---|---|---|---|---|---|
| -  -7066 | 11/14/2006 | Firearms Update | CA-POST 2850-32001-06004 | ✓ | P | | 08:00 |
| -  -7225 | 09/28/2006 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| -  -6992 | 06/30/2006 | Clets/Biennial Recert Less Full Access | *** None *** | ✓ | P | | 01:00 |
| -  -7060 | 06/22/2006 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| -  -6936 | 05/19/2006 | Drug Recognition and Influence | *** None *** | ✓ | P | | 16:00 |
| -  -6597 | 05/02/2006 | First Aid/CPR - Update | CA-POST | ✓ | P | | 08:00 |
| -  -6838 | 01/30/2006 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |

| Totals For Training Completed in: 2006 | Completed 7 of 7 Modules | 36:00 |
|---|---|---|




Tulare County Sheriff's Office

## Individual Training Activity

12/05/2016                                                                                    Page 6 of 8 pages

| Person: | Thompson, M ▮ ▮ # ▮ | (Continued) |
|---------|---------------------|-------------|

### Training Completed In: 2005

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - -6758 | 12/08/2005 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -6684 | 09/26/2005 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -6467 | 07/08/2005 | Driver Awareness Training (Psp) | CA-POST 2850-29502-05001 | ✓ | P | | 08:00 |
| - -6559 | 06/16/2005 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -6401 | 03/07/2005 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| Totals For Training Completed In 2005: | | Completed 5 of 5 Modules | | | | | 12:00 |

### Training Completed In: 2004

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - -6266 | 12/16/2004 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -6199 | 12/14/2004 | Hate Crimes | CA-POST 2850-23282-04010 | ✓ | P | | 03:00 |
| - -6198 | 12/14/2004 | Racial Profiling | CA-POST 2850-23282-04010 | ✓ | P | | 05:00 |
| - -6128 | 09/20/2004 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -5981 | 07/02/2004 | Perishable Skills Update | CA-POST, CA-STC | ✓ | P | | 24:00 |
| - -5886 | 06/30/2004 | Clets/Biennial Recert Less Full Access | *** None *** | ✓ | P | | 01:00 |
| - -6042 | 06/28/2004 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -5883 | 03/23/2004 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| Totals For Training Completed In 2004: | | Completed 8 of 8 Modules | | | | | 37:00 |

### Training Completed In: 2003

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - -5802 | 12/31/2003 | 03-08B Interrogation Law 2003 | CA-POST 2850 30001 03003 | ✓ | P | | 02:00 |
| - -5794 | 12/31/2003 | 03-06 Auto Theft 2003 | CA-POST | ✓ | P | | 02:00 |
| - -5634 | 10/23/2003 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -5481 | 10/21/2003 | Drug Recognition and Influence | CA-STC | ✓ | P | | 16:00 |




Tulare County Sheriff's Office

## Individual Training Activity

| Person: | Thompson, M | # | (Continued) |

**Training Completed In: 2003** (Continued)

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - -5516 | 09/08/2003 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -5235 | 07/10/2003 | First Aid/CPR - Update | CA-POST, CA-STC 2850 29900 03001 | ✓ | P | | 08:00 |
| - -5330 | 06/30/2003 | Clets/Biennial Recert Less Full Access | *** None *** | ✓ | P | | 01:00 |
| - -5373 | 06/18/2003 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -5068 | 01/16/2003 | Responding To Inmates Disturbances | CA-STC | ✓ | P | | 24:00 |

| Totals For Training Completed In: 2003 | Completed 9 of 9 Modules | | | | | | 56:00 |

**Training Completed In: 2002**

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - -4714 | 12/02/2002 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -4684 | 08/08/2002 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -4645 | 03/07/2002 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -4508 | 01/24/2002 | An Introduction To Direct Supervision | CA-STC 037-2343 | ✓ | P | | 16:00 |
| - -4507 | 01/22/2002 | Intro-Interpersonal Communication Skills | CA-STC 037-2333 | ✓ | P | | 08:00 |

| Totals For Training Completed In: 2002 | Completed 5 of 5 Modules | | | | | | 27:00 |

**Training Completed In: 2001**

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score | Tng. Time |
|-------|-------|---------|---------------|--------|-------|-------|-----------|
| - -4093 | 12/10/2001 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | | 01:00 |
| - -4296 | 10/31/2001 | Drug Symptomology & Enforcement | CA-POST, CA-STC 4620 00300 01001 | ✓ | P | | 24:00 |
| - -4379 | 10/24/2001 | Suicide Prevention Training | CA-STC 037-2346 | ✓ | P | | 16:00 |
| - -4375 | 10/04/2001 | Street and Prison Gangs | CA-STC 037-7932 | ✓ | P | | 08:00 |
| - -4374 | 10/03/2001 | Drug Recognition and Influence | CA-STC 037-7972 | ✓ | P | | 16:00 |




Tulare County Sheriff's Office

## Individual Training Activity

12/05/2016                                                                                Page 8 of 8 pages

| Person: | **Thompson, M** ▮ # ▮ | | | | | (Continued) |
|---|---|---|---|---|---|---|

| Training Completed In: **2001** | | | | | | (Continued) |
|---|---|---|---|---|---|---|

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score Tng. Time |
|---|---|---|---|---|---|---|
| - -4070 | 09/20/2001 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | 01:00 |
| - -4141 | 07/31/2001 | First Aid/CPR - Update | CA-POST, CA-STC 2850 29900 01003 | ✓ | P | 08:00 |
| - -4028 | 06/27/2001 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | 01:00 |
| - -3861 | 05/11/2001 | Driver Awareness | CA-POST 2850 29900 00033 | ✓ | P | 08:00 |
| - -4130 | 05/05/2001 | Classification in Your Facility | CA-STC | ✓ | P | 08:00 |
| - -4129 | 05/04/2001 | Basic Institutions Trng Officer Course | CA-STC | ✓ | P | 40:00 |
| - -4001 | 03/21/2001 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | 01:00 |

| Totals For Training Completed in 2001 | Completed 2 of 12 Modules | | | | | 132:00 |
|---|---|---|---|---|---|---|

| Training Completed In: **2000** | | | | | | |
|---|---|---|---|---|---|---|

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score Tng. Time |
|---|---|---|---|---|---|---|
| - -3659 | 12/13/2000 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | 01:00 |
| - -3769 | 11/01/2000 | Corrections Supplemental Core Course | CA-STC | ✓ | P | 60:00 |
| - -3633 | 09/05/2000 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | 01:00 |
| - -3493 | 04/13/2000 | Firearms: Semi-Auto Pistol | CA-POST 2850 29900 99035 | ✓ | P | 08:00 |
| - -3447 | 03/09/2000 | Range Qualification-Pistol/backup/Shotgu | *** None *** | ✓ | P | 01:00 |

| Totals For Training Completed in 2000 | Completed 5 of 5 Modules | | | | | 71:00 |
|---|---|---|---|---|---|---|

| Training Completed In: **1998** | | | | | | |
|---|---|---|---|---|---|---|

| TMS # | Ended | Subject | Certification | Compl. | Grade | Score Tng. Time |
|---|---|---|---|---|---|---|
| - -3173 | 12/17/1998 | Basic Course | CA-POST | ✓ | P | 892:00 |

| Totals For Training Completed in 1998 | Completed 1 of 1 Modules | | | | | 892:00 |
|---|---|---|---|---|---|---|

| Totals For: Thompson, M ▮ # ▮ | Completed 125 of 126 Modules | | | | | 1,815:00 |
|---|---|---|---|---|---|---|

## VERIFICATION

I have read the foregoing DEFENDANTS TULARE COUNTY SHERIFF SGT.

THOMPSON'S AND DEPUTY SMITH'S RESPONSE TO PLAINTIFF'S RESPONSE TO

REQUEST TO PRODUCE and know its contents.

☒     I am a party to this action. The matters stated in the foregoing document are true of my own

knowledge except as to those matters which are stated on information and belief and, as to those

matters, I believe them to be true.

I am a representative of the Defendant COUNTY OF TULARE, a party to this action, and

am authorized to make this verification for and on its behalf, and I make this verification for that

reason. The matters stated in the foregoing document are stated on information and belief and, as to

those matters, I believe them to be true.

I am one of the attorneys for _____, a party to this action. Such

party is absent from the county of aforesaid where such attorneys have their offices and, therefore. I

make this verification for and on behalf of that party for that reason. I am informed and believe and,

on that ground, allege that the maters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct and that this verification was executed this 9 day of Dec , 2016, at Visalia,

California.

Sgt. Michael Thompson

LTW/12/6/2016/2016870

PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF TULARE        )

I am employed in the County of Tulare, State of California.  I am over the age of eighteen (18) years and not a party to this action; and, my business address is 2900 West Burrel Avenue, Visalia, CA 93291.

On this date, I served the following document: **DEFENDANTS SMITH AND THOMPSON'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS** on the parties to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Jeremiah D. Vickers
#F74670
California State Prison, Los Angeles County
P.O. Box 8457
Lancaster, CA 93539
*Pro se Plaintiff*

☒   **(BY MAIL)** I am "readily familiar" with The County of Tulare's practice of collection and processing correspondence by mailing.  Under that practice, mail is deposited with the U.S. Postal Service on the same day with postage fully prepaid at Visalia, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **(BY CERTIFIED AND REGULAR MAIL)** I caused such envelope to be deposited with the U.S. Postal Service with postage fully paid at Visalia, California, in the ordinary course of business, via certified mail with return receipt requested, and via regular U.S. mail.

☐   **(BY TELECOPIER)** With the addressee(s)' consent and agreement, I caused such document to be delivered by telecopy transmission to the addressee(s).

☐   **(BY FEDERAL EXPRESS OR UPS NEXT DAY SERVICE)** I caused such envelope to be delivered to Federal Express or UPS with a fully prepaid airbill/invoice for next business day delivery to the addressee(s).

Executed on December 12, 2016, at Visalia, CA.

KARI MARTIN-HIGGINS

# EXHIBIT 3

PLAINTIFF'S FIRST SET
OF INTERROGATORIES

NAME: Jeremiah D. Vickers

I.D.#: F-74670

ADDRESS: California State Prison - Los Angeles County

P.O. Box 9457

Lancaster, CA 93539

In Pro Per

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS, Plaintiff, | CASE No. #1:15-cv-00129 DLB(PC) |
| vs THOMPSON, et al., Defendant | PLAINTIFF'S FIRST SET OF INTERROGATORIES |

Plaintiff request, pursuant to Rule 33 of the Fed. R. Civ. P., the defendants in the above-entitled action respond to the following written interrogatories separately and fully under oath, in the manner set forth in Rule 33, and within thirty (30) days after service.

## DEFINITIONS

Unless otherwise indicated, the following definitions and terms shall apply to these interrogatories:

1. The terms "you" and "your" refer to you and anyone purporting to act on your behalf, including but not limited to your attorneys, assistants, advisors, investigators, employers, experts, consultants or custodians of records.

2. The terms "document" or "documents" are intended to have the

PAGE 1 OF 9

broadest possible meaning. These terms refer to, but are not limited to any written, typed, printed, recorded, taped, copied, computerized graphic or photographic material, however produced, reproduced or stored including without limitation, any data stored on computer tapes, disk or hard drives including electronic mail and any sound or visual reproduction. The types of documents include, without limitation, preliminary, supplemental or final drafts of correspondence, letters, forms, teletypes, notes, memoranda, reports, studies, bulletins, logs, directives, announcements, notices, rules, regulations, instructions, procedure manuals, training materials, catalogs, transcripts, minutes, schedules, agendas, work assignments, bills, specifications, blueprints, budget request, and contracts. Specifically included are all files separately maintained by employees, representatives, experts, agents or consultants of the Tulare County Sheriff's Department and as well as it's Detentions Division

3. The term "TCSD" refers to the Tulare County Sheriff's Department, it's agents, employees and anyone acting on it's behalf

4. The term "Detentions Division" refers to the jails and/or detention facilities within the jurisdiction and/or under the control of the Tulare County Sheriff's Department

5. The term "relate to" means constitutes, mentions, discusses, describes, concerns, comments on or refers, relates or pertains to the subject matter of the request directly or indirectly, in whole or in part.

6. The term "all" means any and all.

7. The term "any" means each and every.

8. An interrogatory to "identify" a writing or document means a request either to attach each as an exhibit to your answers to these interrogatories, or to describe each with sufficient specificity that it may be made the subject of a request for production of documents.

PAGE 2 of 9

9. A request to "identify" an oral communication shall mean a request to describe the communication, with particularity including the identity of all parties to the communication, the identity of the person whom you contend initiated the communication, the identity of all persons present at the time of the communication, and the time, date and place of the communication.

10. A request to "identify" a person or individual unless otherwise stated means to state his or her name, title, place of employment, and present or last known businesses and home addresses and telephone numbers.

11. The term "COMPLAINT" as used herein references the Amended Complaint filed by Plaintiff on 5/31/2015 in the USDC Eastern District of California, Case Number 1:15-cv-00120 DLB (PC).

12. The term "INCIDENT" refers to the events and/or circumstances giving rise to this action that occurred on August 27, 2014 and through to August 29, 2014

## INTERROGATORIES

1. State all the positions you have held in the TCSD and it's Detentions Division.

2. Describe what you did, if anything, to ensure that TCSD Detentions Division's staff followed the Use of Force policies, in effect during your employment, on the day of the INCIDENT.

3. Give a detailed description of the INCIDENT, including your reason for the manner in which you chose to remove inmate Vickers' arm from the

PAGE 3 OF 9

1  trap-door, alongwith describing what inmate Vickers was doing (i.e. behavior,
2  physical demeanor, etc.) the entire duration of the INCIDENT.

3

4     4. Did you make any efforts to use as little force as necessary the
5  entire duration of the INCIDENT? If your answer is anything other than an
6  unqualified "No", then please describe in detail the efforts you made, and the
7  order in which you made these efforts.

8

9     5. Prior to the opening of inmate Vickers door during the INCIDENT,
10  did you assess inmate Vickers' threat level? If your answer is anything
11  other than an unqualified "No", then please describe in what manner you
12  assessed inmate Vickers, what your conclusion was, and how you arrived
13  at that conclusion.

14

15     6.  Did you do everything according to policy upon your arrival at inmate
16  Vickers door and once you became aware of his refusal to comply at the
17  time of the INCIDENTS? If your answer is anything other than an
18  unqualified "No", then describe in detail what you did do, the sequence you
19  did it in, and cite the policy (e.g. it's section and if needed it's
20  subsection(s)) that your action was in accordance with.

21

22     7.  Before you opened the door, at the time of the INCIDENT, intending
23  to remove the Plaintiff's arm from the top-door, why didn't you notify the Facility Commander
24  of inmate Vickers' refusal to comply first?

25

26     8. Was there another manner, defined as use of force, in which inmate
27  Vickers could have been made to comply ___ (i.e. different from the
28  manner that was used) at the time of the incidents? If your answer is

PAGE 4 OF 9

anything other than an unqualified "No", then please describe in detail what other manner(s) you refer to.

9. Describe in detail (i.e. date(s), location(s), sequence of methods used, and persons present and persons involved) every incident you have been involved in where videotaping equipment, safety equipment (including but not limited to protection suits, shields, knee or elbow pads, and leg restraints) were in use during the entrance of Staff into a administratively segragated high risk inmate's cell.

10. As it relates to the INCIDENTS, please state the number of times that you struck the Plaintiff and, for each time, the specific body part or point struck on the Plaintiff, the type of punch or kick that was used, whether or not a weapon or object was used, whether or not the Plaintiff was on the ground at the time, the number of blows or kicks or punches that were delivered.

11. At any point during the INCIDENTS did you shout at or speak to the Plaintiff? If so, what did you say during each part of your verbal communication; indicate whether or not you were shouting, threatening or cursing.

12. Describe and summerize the injuries that you inflicted upon the Plaintiff; include any injurious conduct other than kicks and punches, including but not limited to, head smashing, arm twisting or wrestling. Also, please include in your answers observations with respect to bruises, bleeding, damage to teeth (e.g. including the point at which you became aware of the injuries and what your response(s) was) and expressions of pain exhibited by the Plaintiff; all during the INCIDENTS. Your answer should include damage to any clothing, as well.

13. With respect to your ability to commit an assault, and or excessive force, please set forth your birth date, height, weight, general physical condition at the time of the INCIDENTS, any training that you have ever had with respect to weight lifting, boxing, wrestling, karate, judo, jiujitsu, aikido and any other form of physical fighting or combat training; set forth dates, level achieved, belt achieved (if any); sports or physical activities that you have engaged in within the past ten years; in all aforementioned activities set forth dates, tournaments that you have competed in and any awards or tournaments that you have won.

14. Have you ever been accused of having any involvement in any violence, excessive use of force, or assaultive conduct? If so, for each such incident state the specific accusation, the date of the cause for the accusation (i.e. the date the alleged incident was to have occurred on) any punishment or fine that you received, and whether such punishment or fine came as the result of a plea, a trial, or an administrative disciplinary consequence. Indicate the subject venue (i.e. the court, business, or entity) its address, the case number or report number, and the name of the person who issued the verdict.

15. Have you ever been subject to any restraining orders or injunctive orders? If so, for each such order, state the nature of the preceding, the date of issuance, any punishment or fine that you received, and the specific order. Indicate the subject court, its address, the case number and the judge who issued the order.

16. With respect to prior relevant conduct, other than the INCIDENTS, which is the subject of this COMPLAINT, have you engaged in any fights, assaults, use of force, excessive use of force, or physical altercations whatsoever

PAGE 6 OF 9

1  within the preceding ten years? If so, then for each such physical
2  alteration and or incident, set forth its date, place, the names and addresses
3  of all persons involved and a summary of the occurrence. Indicate whether or
4  not a police report or incident report was ever issued, and if so, the name
5  and address of the agency or police department involved together with the report
6  or case number(s)

7

8  17.   With respect to this COMPLAINT, are you aware of any agents,
9  deputies, representatives, employees, contractors or other person(s) acting
10  on your behalf, under your control, or in concert or participation with you, have,
11  at any time, provided any statements, information, or discovery responses that
12  are false, unsubstantiated or less than completely accurate? If your
13  answer to this question is anything other than an unequivocal "no", please
14  identify each and every such statement or response and identify the person(s)
15  who generated or authored the subject statement or response by name,
16  address and relationship to the parties herein

17

18  18.   Do you possess, or are you aware of any information, facts, writings,
19  or evidence relating to this litigation that has not been fully and completely
20  disclosed during your prior answers to these interrogatories? If your answer
21  to this question is anything other than an unequivocal "No", please identify each
22  and every such item of information, fact, writing or evidence specifically and in
23  detail.

24

25  19.   Do any of your agents, deputies, representatives, employees, contractors,
26  or other person(s) acting on your behalf, under your control, or in concert or
27  participation with you possess any information, facts, writings or
28  evidence relating to this litigation that has not been fully and completely

PAGE 7 OF 9

1  disclosed during your prior answer(s) to the interrogatories? If your answer to
2  this question is anything other than an unequivocal "No", please identify each
3  and every such item of information, fact, writing or evidence specifically and in
4  detail, and in addition, identify the person or persons possessing such information
5  by name, address and relationship to the parties herein.

OBLIGATIONS

11  THE FOREGOING INTERROGATORIES are to be answered by the
12  Defendants separately and under oath within the time permitted by law. The requested
13  information must be provided regardless of whether it is possessed by the Defendant
14  personally or by agents, deputies, representatives, employers & contractors, or other
15  person(s) acting on the Defendants' behalf, under the Defendants' control or in
16  concert or in participation with the Defendants. With respect to each individual
17  interrogatory, identify the person who is signing and responding. IF you
18  (Defendant) or anyone acting on your behalf should discover any new information
19  or should change a position, you are obligated to supplement your answers
20  within the time permitted by law.

23  October 10, 2016
   DATE

25  _____
   SIGNATURE

27  Jeremiah D. Vickers
   PRINTED NAME

PAGE 8 OF 9

PROOF OF SEVICE BY UNITED STATES MAIL
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1745)

I, _Jeremiah D. Vickers_ , declare, depose and say, the following statement is true and correct under penalty of perjury, according to the laws of the State of California based on matters known to me personally to be true.

I am over eighteen (18), years of age, a resident, and a state prisoner of the State of California with a present mailing address of:

CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

POST OFFICE BOX ▬▬▬ 8457

LANCASTER, CALIFORNIA   93539

On this __10__ day of _October_ , 201_6_,I caused a true and correct copy of the following , specifically described document(s):

_____PLAINTIFF'S FIRST SET OF INTERROGATORIES_____

_____

_____

At the prison to be placed in a sealed envelope(s) with first class postage, having been placed thereon, duly addressed to the interested person (s) as described hereinafter, and then deposited said envelope(s) in the regular United States mail, or mail service made available where I am being detained, to the addressee(s):

Tulare County Counsel
Amy I. Terrible, # 2664765
DEPUTY COUNTY COUNSEL
Kevin A. Stimmel, # 292850
DEPUTY COUNTY COUNSEL
2900 W. Burrel, COUNTY CIVIC CENTER
Visalia, CA 93291

I declare that there has been regular U.S. mail pick-up by correctional officers at the aforementioned prison, and/or delivery service, at the places where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

Executed this __10__ day of _October_ , 201_6_, under penalty of perjury according to the laws of the State of California, at Los Angeles; County of Lancaster.

_____
Declarants Signature                    PAGE _9_ OF _9_

# EXHIBIT 3a

DEFENDANTS SERGEANT THOMPSON
AND DEPUTY SMITH'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES

KATHLEEN BALES-LANGE, #094765
County Counsel for the County of Tulare
KATHLEEN A. TAYLOR, #131100
Chief Deputy County Counsel
AMY I. TERRIBLE, #269475
Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: ATerrible@co.tulare.ca.us

Attorneys for Defendants Thompson and Smith

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>Plaintiff,<br><br>vs.<br><br>TULARE COUNTY SHERIFF SGT.<br>THOMPSON, DEPUTY SMITH, DEPUTY<br>O'NEIL, DEPUTY SANDOVAL, individually<br>and in their official capacities<br><br>Defendants. | **Case Number: 1:15-cv-00129-SAB (PC)**<br><br>**DEFENDANTS TULARE COUNTY<br>SHERIFF SGT. THOMPSON'S AND<br>DEPUTY SMITH'S RESPONSE TO<br>PLAINTIFF'S FIRST SET OF<br>INTERROGATORIES** |

PROPOUNDING PARTY:     Plaintiff, JEREMIAH D. VICKERS

RESPONDING PARTY:       Defendants, THOMPSON and SMITH

SET NUMBER:                  ONE (1)

**Responding Parties object to Plaintiff's Requests as they require responses beyond the discovery cut-off date.** However, in the spirit of cooperation, Responding Parties Sergeant Michael Thompson (sued as Sgt. Thompson) and Deputy Ryan C. Smith (sued as Deputy Smith, (hereinafter "Deputy Defendants"), by and through their attorney, Tulare County Counsel, and provides

responses to the Plaintiff's First Set of Interrogatories, served on October 10, 2016, pursuant to Rule 33 of the Federal Code of Civil Procedure.

## PRELIMINARY STATEMENT

It should be noted that Deputy Defendants have not fully completed the investigation of the facts relating to this case and have not fully completed preparation for trial. All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to Deputy Defendants, and they disclose only those contentions which presently occur to each of them.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal variations from the contentions set forth herein. The following responses are given without prejudice to Deputy Defendants' rights to produce evidence of any subsequently discovered fact or facts which Deputy Defendants may later recall. Accordingly, Deputy Defendants reserve the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The answers contained herein are made in a good faith effort to supply as much factual information, and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of Deputy Defendants in relation to further discovery.

By making this response, Deputy Defendants do not waive, and expressly reserve, all privileges, including the attorney-client privilege and the work-product rule. Additionally, Deputy Defendants do not waive, but on the contrary reserve, (a) the right to object on the grounds of competency, relevancy, and materiality, or any other proper ground, to the use of any document for any purpose, in whole or in part, in any subsequent step or proceeding in this action or in any other action; (b) the right to object on any and all grounds at any time to interrogatories, requests for

inspection, or other discovery procedures involving or relating to the subject matter of the Requests herein answered; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein. These paragraphs are incorporated as though set forth more fully in each of the following responses.

## GENERAL OBJECTIONS

1.    Responding Parties object to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, when possible, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.

2.    Responding Party objects to the extent that the demands of Plaintiff could be construed to call for information or documents protected from discovery under the attorney/client privilege and/or the attorney work product doctrine, or any other applicable privilege, whether or not these objections are separately stated for each category or demand.   In particular, without waiving limitation, Responding Party will not furnish any information constituting or reflecting the medical impressions, conclusions, opinions, legal theories, or other work product of its counsel.

3.    Responding Party also objects to each and every demand, whether or not such objection is separately set forth, to the extent it requires Responding Party to prepare summaries or compilations of information already made available to Plaintiffs through any other means.

4.    Responding Party further responds by stating that it will produce only those documents which are currently in its possession, custody, or control, and does not intend to produce documents which are in the possession of third parties and/or public entities, which are equally available to the requesting party or documents that have been previously produced.   To the extent any of the demands are interpreted to include any such documents, Responding Party objects to them.

## INTERROGATORIES

**No. 1:**   State all the positions you have held in the TCSD and it's Detentions Division.

**Response to No. 1:**  Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.  Responding Parties further objection in that this request calls for information not relevant to the subject matter of this action, not limited to a relevant time period, nor likely to the discovery of admissible evidence. However, in the spirit of cooperation, Responding Parties limit the Request to the relevant time period of the date of the Incident and answer as follows:  On the date of the Incident Deputy SMITH was assigned to the Tulare County Main Jail as the Fourth Floor Correctional Deputy and the Sergeant assigned was Sergeant THOMPSON.

**No. 2:**    Describe what you did, if anything, to ensure that TCSD Detentions Division's staff followed the Use of Force policies, in effect during your employment, on the day of the INCIDENT.

**Response to No. 2:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.  Deputy SMITH responds that on the day of the incident he was not responsible to ensure that TCSD staff followed the Use of Force policy. He was only responsible for his own actions as to following policy and followed said policies. Sergeant THOMPSON responds that he relied on the Correctional Deputies to follow all TCSD Detention Policies and observed their actions to be within said policies.

**No. 3:**   Give a detailed description of the INCIDENT, including your reason for the manner in

which you chose to remove inmate Vickers' arm from the trap-door, along with describing what inmate Vickers was doing (i.e. behavior, physical demeanor, etc.) the entire duration of the INCIDENT.

**Response to No. 3:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout.

**No. 4:**   Did you make any efforts to use as little force as necessary the entire duration of the INCIENT? If your answer is anything other than an unqualified "No", then please describe in detail the efforts you made and the order in which you made these efforts.

**Response to No. 4:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout. Responding Parties further respond that only necessary force was used, and such force was minimal.

**No. 5:**  Prior to the opening of inmate Vickers door during the INCIDENT, did you assess inmate Vickers' threat level? If your answer is anything other than an unqualified "No", then please describe in what manner you assessed inmate Vickers, what your conclusion was, and how you arrived at that conclusion.

**Response to No. 5:**  Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.  Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior.  Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout.

**No. 6:**   Did you do everything according to policy upon your arrival at inmate Vickers door and once, you became aware of his refusal to comply at the time of the INCIDENTS? If your answer is anything other than an unqualified "No", then please describe in detail what you did do, the sequence you did it in, and cite the policy (e.g. it's section and if, needed it's subsection(s)) that your action was in accordance with.

**Response to No. 6:**  Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.  Further objection is made in that Plaintiff has been provided with all relevant policies and the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior.  Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and

respond that it accurately describes the Incident and Vickers' behavior throughout.   Responding Parties further respond that their actions were within policy.

**No. 7:**   Before you opened the door, at the time of the INCIDENT, intending to remove the Plaintiff's arm from the trap-door, why didn't you notify the facility commander of inmate Vickers' refusal to comply first?

**Response to No. 7:**   Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON. Objection is also made to the term FACILITY COMMANDER on the ground that it is vague and ambiguous in this context that it renders this interrogatory oppressive, burdensome and unintelligible requiring Responding Parties to speculate as to Plaintiff's intended meaning. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout.

**Request No. 8:**   Was there another manner defined as use of force, in which inmate Vickers could have been made to comply (i.e. different from the manner that was used) at the time of the incident? If your answer is anything other than an unqualified "No", then please describe in detail what other manner(s) you refer to.

**Response to No. 8:**   Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON. Further objection

is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout. Responding Parties further respond that only necessary force was used, and such force was minimal.

**No. 9:** Describe in detail (i.e. date(s), location(s), sequence of methods used, and persons present and persons involved) every incident you have been involved in where videotaping equipment, safety equipment (including but not limited to protection suits, shields, knee and elbow pads, and leg restraints) were in use during the entrance of staff into an administratively segregated high risk inmate's cell.

**Response to No. 9:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON. Objection is also made as Plaintiff's request is not limited to any relevant time period, calls for information not relevant to the subject matter of this action, nor is it likely to lead to the discovery of admissible evidence. Limiting the scope to the Incident that is the basis of Plaintiff's Complaint, Responding Parties further object as Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout.

**No. 10:** As it relates to the INCIDENT, please state the number of times that you struck Plaintiff and, for each time, the specific body part or point struck on the Plaintiff, the type of punch or kick that was used whether or not a weapon or object was used, whether or not the Plaintiff was on the

ground at the time, the number of blows or kicks or punches that were delivered.

**Response to No. 10:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout. Responding Parties further respond that at no time during the Incident did SMITH or THOMPSON strike Plaintiff's body with hands, feet or objects; at no time did SMITH or THOMPSON deliver a single "blow or kick", nor did Responding Parties observe any other deputies strike Plaintiff.

**No. 11:** At any point during the INCIDENTS, did you shout at or speak to the Plaintiff? If so, what did you say during each part of your verbal communication; indicate whether or not you were shouting, threatening or cursing.

**Response to No. 11:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout.

**No. 12:** Describe and summerise the injuries that you inflicted upon the Plaintiff; including any

injurious counduct other than kicks and punches, including but not limited to, head smashing, arm twisting or wrestling. Also, please include in your answers observations with respect to bruises, bleeding, damage to teeth (e.g. including the point at which you became aware of the injuries and what your response(s) was) and expressions of pain exhibited by the Plaintiff; all during the INCIDENTS. Your answer should include damage to any clothing, as well.

**Response to No. 12:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout. Responding Parties further respond that at no time during the Incident did SMITH or THOMPSON strike Plaintiff's body with hands, feet or objects; at no time did SMITH or THOMPSON deliver a single "blow or kick", nor did Responding Parties observe any other deputies strike Plaintiff. Responding Parties did not observe any injuries to Plaintiff as a result of the Incident, nor did Responding Parties observe any expressions of pain by Plaintiff.

**No. 13:** With respect to your ability to commit an assault and or excessive force please set forth your birthdate, height, weight, general physical condition at the time of the INCIDENTS, any training that you have ever had with respect to weight lifting, boxing, wrestling, karate, judo, jujitsu, aikido and any other form of physical fighting or combat training; set forth dates, level achieved, belt achieved (if any); sports or physical activities that you have engaged in within the past ten years; in all aforementioned activities set forth dates, tournaments that you have competed in and any awards

or tournaments that you have won.

**Response to No. 13:**  Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.  Further objection in that this request calls for information not relevant to the subject matter of this action, nor to the discovery of admissible evidence and violates these Defendants privacy rights.

**No. 14:**  Have you ever been accused of having any involvement in any violence, excessive use of force or assaultive conduct? If so, for each such incident state the specific accusation, the date of the cause for the accusation (i.e. the date the alleged incident was to have occurred on) any punishment or fine that you received and whether such punishment or fine came as the result of a plea, trial or an administrative disciplinary consequence. Indicate the subject venue (i.e. the court, business or entity) it's address, the case number or report number and the name of the person who issued the verdict.

**Response to No. 14:**  Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.  Further objection in that this request calls for information not relevant to the subject matter of this action, nor to the discovery of admissible evidence and violates these Defendants privacy rights.

**No. 15:**  Have you ever been subject to any restraining orders or injunctive orders? If so, for each such order, state the nature of the proceeding, the date of issuance, any punishment or fine that you received and the specific order. Indicate the subject court, it's address, the case number and the judge who issued the order.

**Response to No. 15:**  Objection is made to the term YOU on the ground that it is vague and

DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.  Further objection in that this request calls for information not relevant to the subject matter of this action, nor to the discovery of admissible evidence and violates these Defendants privacy rights.

**No. 16:**  With respect to prior relevant conduct, other than the INCIDENTS which is the subject of this COMPLAINT have you engaged in any fights, assaults, use of force, excessive use of force or physical altercations whatsoever within the preceding ten years? If so, then for each such physical altercation and or incident; set forth its date, place, the names and addresses of all persons involved and a summary of the occurrence. Indicate whether or not a police report or incident report was ever issued and if so, the name and address of the agency or police department involved toether with the report or case number.

**Response to No. 16:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON.  Further objection in that this request calls for information not relevant to the subject matter of this action, nor to the discovery of admissible evidence and violates these Defendants privacy rights.

**No. 17:**  With respect to this COMPLAINT are you aware of any agents, deputies, representatives, employees, contractors or other person(s) acting on your behalf, under your control, or in concert or participation with you have, at any time, provided any statements, information, or discovery responses that are false, unsubstantiated or less than completely accurate? If your answer to this question is anything other than an unequivocal "no" please identify each and every such statement or response and identify the person(s) who generated or authored the subject statement or response by

name, address and relationship to the parties herein.

**Response to No. 17:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON and respond NO.

**No. 18:** Do you possess or are you aware of any information, facts, writings or evidence relating to this litigation that has not been fully and completely disclosed during your prior answers to these interrogatories? If your answer to this question is anything other than an unequivocal "No" please identify each and every such item of information, fact, writing or evidence specifically and in detail.

**Response to No. 18:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON respond NO other than privileged information.

**No. 19:** Do any of your agents, deputies, representatives, employees, contractors or other person(s) acting on your behalf, under your control, or in concert or participation with you possess any information, facts, writings or evidence relating to this litigation that has not been fully and completely disclosed during your prior answers to the interrogatories? If your answer to this question is anything other than an unequivocal "No" please identify each and every such item of information, fact, writing or evidence specifically and in detail and in addition, identify the persons possessing such information by name, address and relationship to the parties herein.

**Response to No. 19:** Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding

Parties will interpret "YOU" to mean Deputy SMITH and Sergeant THOMPSON respond NO other than privileged information.


Dated:  December 5, 2016                          KATHLEEN BALES-LANGE
                                                  Tulare County Counsel


                                                  By:

                                                       Amy I. Terrible
                                                       Deputy County Counsel
                                                       Attorneys for Defendants
                                                       Thompson and Smith


KAM/11/30/2016/2016870

## VERIFICATION

1     I have read the foregoing DEFENDANTS TULARE COUNTY SHERIFF SGT.

THOMPSON'S AND DEPUTY SMITH'S RESPONSE TO PLAINTIFF'S FIRST SET OF

INTERROGATORIES and know its contents.

☒     I am a party to this action. The matters stated in the foregoing document are true of my own

knowledge except as to those matters which are stated on information and belief and, as to those

matters, I believe them to be true.

    I am a representative of the Defendant COUNTY OF TULARE, a party to this action, and

am authorized to make this verification for and on its behalf, and I make this verification for that

reason. The matters stated in the foregoing document are stated on information and belief and, as to

those matters, I believe them to be true.

    I am one of the attorneys for _____, a party to this action. Such

party is absent from the county of aforesaid where such attorneys have their offices and, therefore. I

make this verification for and on behalf of that party for that reason. I am informed and believe and,

on that ground, allege that the maters stated in the foregoing document are true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct and that this verification was executed this 14 day of DEC , 2016 , at Visalia,

California.

Deputy Ryan C. Smith

LTW/12/6/2016/2016870

## VERIFICATION

1

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF TULARE       )

I am employed in the County of Tulare, State of California.  I am over the age of eighteen (18) years and not a party to this action; and, my business address is 2900 West Burrel Avenue, Visalia, CA 93291.

On this date, I served the following document: **DEFENDANTS SMITH'S VERIFICATION TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on the parties to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Jeremiah D. Vickers
#F74670
California State Prison, Los Angeles County
P.O. Box 8457
Lancaster, CA 93539
*Pro se Plaintiff*

☒   **(BY MAIL)** I am "readily familiar" with The County of Tulare's practice of collection and processing correspondence by mailing.  Under that practice, mail is deposited with the U.S. Postal Service on the same day with postage fully prepaid at Visalia, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **(BY CERTIFIED AND REGULAR MAIL)** I caused such envelope to be deposited with the U.S. Postal Service with postage fully paid at Visalia, California, in the ordinary course of business, via certified mail with return receipt requested, and via regular U.S. mail.

☐   **(BY TELECOPIER)** With the addressee(s)' consent and agreement, I caused such document to be delivered by telecopy transmission to the addressee(s).

☐   **(BY FEDERAL EXPRESS OR UPS NEXT DAY SERVICE)** I caused such envelope to be delivered to Federal Express or UPS with a fully prepaid airbill/invoice for next business day delivery to the addressee(s).

Executed on December 15, 2016, at Visalia, CA.

KARI MARTIN-HIGGINS

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF TULARE       )

I am employed in the County of Tulare, State of California.  I am over the age of eighteen (18) years and not a party to this action; and, my business address is 2900 West Burrel Avenue, Visalia, CA 93291.

On this date, I served the following document: **DEFENDANTS SMITH AND THOMPSON'S RESPONSE TO INTERROGATORIES** on the parties to this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Jeremiah D. Vickers
#F74670
California State Prison, Los Angeles
County
P.O. Box 8457
Lancaster, CA 93539
*Pro se Plaintiff*

☒  **(BY MAIL)** I am "readily familiar" with The County of Tulare's practice of collection and processing correspondence by mailing.  Under that practice, mail is deposited with the U.S. Postal Service on the same day with postage fully prepaid at Visalia, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **(BY CERTIFIED AND REGULAR MAIL)** I caused such envelope to be deposited with the U.S. Postal Service with postage fully paid at Visalia, California, in the ordinary course of business, via certified mail with return receipt requested, and via regular U.S. mail.

☐  **(BY TELECOPIER)** With the addressee(s)' consent and agreement, I caused such document to be delivered by telecopy transmission to the addressee(s).

☐  **(BY FEDERAL EXPRESS OR UPS NEXT DAY SERVICE)** I caused such envelope to be delivered to Federal Express or UPS with a fully prepaid airbill/invoice for next business day delivery to the addressee(s).

Executed on December 12, 2016, at Visalia, CA.

KARI MARTIN-HIGGINS

# EXHIBIT 4

DEFENDANTS SERGEANT THOMPSON
AND DEPUTY SMITH'S COUNSEL'S LETTER
STATING INITIAL REFUSAL TO RESPOND
TO PLAINTIFF'S PRODUCTION OF DOCUMENTS
AND INTERROGATORIES REQUEST

# TULARE COUNTY COUNSEL



**County Counsel**
Kathleen Bales-Lange

**Chief Deputies**
John A. Rozum
Clinton O. Sims II
Jennifer M. Flores
Kathleen A. Taylor

**Special Assistants**
Teresa M. Saucedo
Julia J. Roberts

**Attorneys**

Judith D. Chapman
Amy-Marie Costa
Barbara B. Grunwald
Carol E. Helding
Jason G. Chu
Abel C. Martinez
Diana L. Mendez
F. William Jackson
Marit Erickson

Stephanie R Smittle
Jennifer M. Nielsen
Kevin A Stimmel
Amy I. Terrible
Jennifer E. Takehana
Jeffrey L. Kuhn
Christopher D. Sorich
Matthew P. Wang

☒ 2900 W. Burrel, County Civic Center, Visalia, CA 93291          Telephone: (559) 636-4950   Fax: (559) 737-4319
☐ 11200 Avenue 368, Room 102, Visalia CA 93291                    Telephone: (559) 735-1505   Fax: (559) 713-3240

October 24, 2016

Mr. Jeremiah D. Vickers, CDCR# F-74670
CSP-Lancaster
P.O. Box 8457
Lancaster, California 93539

Re:    Vickers, Jeremiah D. v. Thompson et al.
       US District Court Eastern District of California Case No.: 1:15-cv-00129- SAB (PC)
       Our File No.: 2016870

Dear Mr. Vickers:

   We are in receipt of your Request for Production of Documents and Request for Interrogatories. Both of these Requests were signed and placed in the mail for service by you on October 10th.

   The **Discovery and Scheduling Order** issued by the Judge in this matter, specifically page 4, under "Discovery Issues" states that "[w]ritten discovery must be served at least thirty (30) days prior to the close of discovery. Responses must be served thirty (30) days after service of the discovery request." Responses to requests served by mail are extended by three (3) days. (See Rule 6(d) of the Federal Rules of Civil Procedure.) The deadline for the completion of all discovery, including filing all motions to compel discovery, is **November 10, 2016**.

   Due to the lateness of your most recent discovery demands, our clients' responses would not be due until after the discovery cut-off date of November 10, 2016. Therefore, our clients will not be responding to your Request for Production of Documents or Interrogatories. Our clients will, however, forward timely responses to your Requests for Admissions as they made the discovery cut-off window by three days.

Mr. Jeremiah Weikers
October 24, 2016
Page 2

      Lastly, on August 16, 2016, the Court graciously granted your request for an extension of time to complete your Initial Disclosures in this case, giving you an additional **30 days.** Your *mandatory* Initial Disclosure due date was extended to **September 20, 2016**; despite our previous correspondence on this issue, as of the date of this letter, your *mandatory* Initial Disclosures have still not been received.

 

Very truly yours,
KATHLEEN BALES-LANGE
County Counsel

By

Amy I. Terrible
Deputy County Counsel

AIT/10/24/2016/2016870/968582

**PROOF OF SEVICE BY UNITED STATES MAIL**
(Code of Civil Procedure Section 1015)
(28 U.S.C. Section 1745)

I, _Jeremiah D. Vickers_ , declare, depose and say, the following statement is true and correct under penalty of perjury, according to the laws of the State of California based on matters known to me personally to be true.

I am over eighteen (18), years of age, a resident, and a state prisoner of the State of California with a present mailing address of:

CALIFORNIA STATE PRISON-LOS ANGELES COUNTY

POST OFFICE BOX 4610

LANCASTER, CALIFORNIA  93539

On this __03__ day of __January__ , 201_7_ I caused a true and correct copy of the following , specifically described document(s):

One " MOTION TO COMPEL DISCOVERY "

At the prison to be placed in a sealed envelope(s) with first class postage, having been placed thereon, duly addressed to the interested person (s) as described hereinafter, and then deposited said envelope(s) in the regular United States mail, or mail service made available where I am being detained, to the addressee(s):

Clerk of the Court
Room 1501
United States District Court
2500 Tulare Street
Fresno, CA 93721

Tulare County Counsel
Amy I. Terrible, #269475
Deputy County Counsel
Kevin A. Stimmel, #292838
Deputy County Counsel
2900 W. Burrel, County Civic Center
Visalia, CA 93291

I declare that there has been regular U.S. mail pick-up by correctional officers at the aforementioned prison, and/or delivery service, at the places where I posted the envelopes described above, regular communication by mail between the place of mailing and the place so addressed.

Executed this __03__ day of __January__ , 201_7_ , under penalty of perjury according to the laws of the State of California, at Los Angeles; County of Lancaster.

Declarants Signature