KATHLEEN BALES-LANGE, #094765
County Counsel for the County of Tulare
Kathleen A. Taylor, #131100
Chief Deputy County Counsel
Amy I. Terrible, # 269475
Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: aterrible@co.tulare.ca.us

Attorneys for Defendants Smith and Thompson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS<br><br>    Plaintiff,<br><br>    v.<br><br>TULARE COUNTY SHERIFF SGT. THOMPSON, DEPUTY SMITH, DEPUTY O'NEIL, DEPUTY SANDOVAL, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES<br><br>    Defendants. | Case Number: 1:15-CV-00129-SAB(PC)<br><br>**OPPOSITION TO PLAINTIFF'S *FOURTH* MOTION FOR EXTENSION OF TIME AND REQUEST THAT PLAINTIFF'S MOTION TO COMPEL BE REJECTED AS UNTIMELY**<br><br>Trial Date:   None Set<br><br>Honorable Stanley A. Boone<br>U.S. Magistrate Judge |

Defendants, Tulare County Sheriff's Sergeant THOMPSON and Deputy SMITH, hereby submit the following Opposition to Plaintiff's *fourth* Motion for Extension of Time and Request that Plaintiff's Motion to Compel be rejected as untimely.

### I.   INTRODUCTION

Plaintiff Jeremiah Vickers brings the present action involving claims of excessive force against Defendants, who were Deputy Sheriffs working in Corrections at the Tulare County Jail where Plaintiff was incarcerated. The specific actions pending against these Defendants are: (1) an Eighth Amendment excessive force claim against SMITH, and (2) an Eight Amendment deliberate

indifference claim against both SMITH and THOMPSON (Plaintiff has not effected service of the Summons and Complaint upon remaining Defendants O'Neil and Sandoval).

On July 25, 2016, Plaintiff filed a motion to Modify the Discovery and Scheduling Order **requesting an sixty-day time extension** of the initial disclosure deadline of July 28, 2016.  This Court granted Plaintiff a thirty-day extension in which to comply with the initial disclosure requirement. (ECF Nos. 26 and 33.) **As of the time of this Opposition, Plaintiff has failed to provide his initial disclosures as required despite being granted a time extension to do so**.

On **October 11, 2016** Plaintiff filed a **second Motion for a sixty-day Extension of Time**, this time to "meet the Deadline to Amend Pleadings on or before the due date herein of October 11, 2016 (**request for extension made on the date of the deadline**). Defendants intended to file an opposition to Plaintiff's request for additional time, however on **October 13, 2016** the Court granted Plaintiff's motion to extend the deadline to file amended pleadings, extending said time to December 11, 2016. (ECF Nos. 44 and 45.) Subsequently, on October 31, 2016, Plaintiff filed a **motion to extend the discovery deadline** which this Court also granted. (ECF Nos. 51 and 54.)

On November 30, 2016, Plaintiff filed a Motion seeking Leave to File an Amended Complaint.  Because of Plaintiff's undue delay and failure to show good cause as required by the Court's Discovery and Scheduling Order, and because additional delays would prejudice Defendants, Defendants filed an Opposition to Plaintiff's request the very next day, December 1, 2016. (ECF Nos. 56 and 58).  As of the date of this Opposition, the Court has not issued a ruling on Plaintiff's pending Motion for Leave to Amend.

Plaintiff now seeks a *fourth* extension of time in this matter, this time for additional time in which to file a motion to compel.  While Plaintiff's one paragraph motion acknowledges he was provided a 30 day extension in which to file a motion to compel, however, Plaintiff requests this date be extended to January 3, 2017 due to the Court's failure to apply the mailbox rule in granting its'

previous extension. Plaintiff states no other basis for his requested relief. (ECF No. 61). Plaintiff filed his Motion to Compel on January 9, 2017 (ECF No. 60) concurrently with the instant Motion for Extension of Time.

Defendants oppose Plaintiff's request for a *fourth* time extension and further request this Court reject Plaintiff's untimely January 9th Motion to Compel preventing further expenditure of valuable County resources. Should this Court grant Plaintiff's request for time extension and accept the filing of Plaintiff's Motion to Compel, Defendants' request adequate time in which to file an opposition from the date of that order.

## II. FACTUAL BACKGROUND

The present action arises out of an incident that occurred on August 28, 2014 while Plaintiff was an inmate in the custody of the Tulare County Jail. Defendants THOMPSON and SMITH were Deputy Sheriffs working in Corrections assigned to the Tulare County Jail. Plaintiff initiated this action by filing his Complaint on January 26, 2015. (ECF No. 1.) On July 17, 2015 Plaintiff filed a motion seeking a 20 day extension of time to file an amended complaint, which was granted on July 27, 2015. (ECF Nos. 16 and 17.) In his First Amended Complaint (ECF No. 18), filed August 31, 2015, Plaintiff describes events that occurred during the incident involving the Defendants and alleged claims of excessive force against the Defendants in their individual and official capacities under the Eighth and Fourteenth Amendments. He also sought forms of injunctive and declaratory relief. However, the January 26, 2016 Screening Order reduced the cognizable claims to (1) an Eighth Amendment excessive force claim against SMITH, O'Neil and Sandoval; and (2) an Eighth Amendment deliberate indifference claim against SMITH, THOMPSON, O'Neil and Sandoval. (ECF No. 20.)

This Court previously entered a Discovery and Scheduling order setting the deadline for Initial Disclosures as July 28, 2016, Deadline to Amend Pleadings as October 11, 2016 and

Discovery Cut-Off for November 10, 2016. (ECF No. 36.) The Order clearly advised that these deadlines are firm and will not be extended by the Court except upon a showing of good cause. Defendants timely complied with the Initial Disclosure requirement. However, on July 25, 2016, Plaintiff filed a motion to Modify the Discovery and Scheduling Order requesting a sixty-day time extension of the initial disclosure deadline of July 28, 2016. (ECF No. 44.)  This Court granted Plaintiff a thirty-day extension in which to comply with the initial disclosure requirement. (ECF No. 45.)  As of the time of this Opposition (December 1, 2016) Plaintiff has failed to provide his initial disclosures as required.

On October 11, 2016 Plaintiff filed a second Motion for a sixty-day Extension of Time, this time to "meet the Deadline to Amend Pleadings on or before the due date herein of October 11, 2016" (**request for extension made on the deadline**). The basis of Plaintiff's need for additional time was his claim of "continuous extensive delays to access to my current housing institutions legal facilities." (ECF No. 49.)  However, a review of the Case Docket in this case, as well as Plaintiff's second pending lawsuit before this Court (referenced in his First Amended Complaint, ECF No. 18), Case No. 1:14-CV-02039-SAB(PC), it is evident Plaintiff has been afforded considerable access to his housing institution's legal facilities.

Defendants intended to oppose Plaintiff's October 11, 2016 request for additional time, however this Court granted Plaintiff's request **two days later on October 13, 2016**. Subsequently Plaintiff filed a request to extend the discovery cut-off, which this Court granted on November 29, 2016, extending the time in which Plaintiff can file a motion to compel an additional 30 days, i.e., until **December 29, 2016**. Because of Plaintiff's undue delay and failure to show good cause as required by the Court's Discovery and Scheduling Order, and because additional delays would prejudice Defendants, Defendants filed an Opposition to Plaintiff's request the very next day,

December 1, 2016. (ECF Nos. 56 and 58). As of the date of this Opposition, the Court has not issued a ruling on Plaintiff's pending Motion for Leave to Amend.

Plaintiff seeks now seeks a *fourth* extension of time in this matter, this time for additional time in which to file a motion to compel. While Plaintiff's one paragraph motion acknowledges he was provided a 30 day extension in which to file a motion to compel, Plaintiff requests this date be extended to January 3, 2017 due to his contention that the Court failed to apply the mailbox rule in granting its' previous extension. Plaintiff states no other basis for his requested relief. (ECF No. 61.) Plaintiff filed his Motion to Compel on January 9, 2017 (ECF No. 60) concurrently with the instant Motion for Extension of Time.

### III. LAW AND ARGUMENT

**A.  Legal Standards Governing Time Extensions**

Federal Rule of Civil Procedure ("FRCP") 6(b)(1) authorizes the court, for good cause, to grant extensions of time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. The court has considerable discretion in granting or denying any motion for enlargement of time. *Hoffman v. Kennedy*, 30 FRD 50 (E.D. Pa. 1962); *Anderson v. Stanco Sports Library, Inc,.* 52 FRD 108 (D.S.C. 1971).

Where the court has issued a pretrial scheduling order, the pretrial order controls the subsequent course of the action and may be modified only upon a showing of good cause. *Chao v. Westside Drywall, Inc.*, 709 F.Supp.2d. 1037, 1071-72 (D. Or. 2010). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . . The focus is upon the moving party's reasons for seeking modification." *Ashby v. Farmers Ins. Co.,* U.S. Dist. LEXIS 97502, [WL] at *4 (2007).

///

**B.     Plaintiff has Failed to Show Good Cause as Required.**

A party seeking an enlargement of time under Rule 6 must demonstrate good faith and a reasonable basis for noncompliance with the time limit specified.  Mere inadvertence will not support finding of good cause. *Cornelius v. La Croix*, 631 F Supp 610, 622 (E.D. Wis. 1986), *aff'd in part and rev'd in part*, 838 F.2d 207 (7th Cir. Wis. 1988).  The moving party seeking a time extension must show both good faith and a reasonable basis for not acting within the specified period. *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 163 FRD 196, 198 (S.D.N.Y. 1995).

"Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)(suggesting lengthy incapacitating illness could constitute good cause, but declining to so hold in instant case).  Good cause is generally triggered by something not within the movant's control. *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004).

A plaintiff's pro se status is not sufficient to excuse him or her from compliance with or observation of the Federal Rules of Civil Procedure and local court rules, nor does it constitute excusable neglect for purposes of an extension of time. *Slangal v. Getzin*, 148 FRD 691, 700 (D. Neb. 1993).

In determining whether to grant motion under Rule 6, the court must also consider whether allowing an enlargement of time would prejudice opposing party. *Cornelius v. La Croix*, 631 F.Supp. 610, 622 (E.D. Wis. 1986), *aff'd in part and rev'd in part*, 838 F.2d 207 (7th Cir. Wis. 1988).  A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Here, Plaintiff states *one* reason to support his request for a time extension: this Court's failure to apply the "mailbox rule" to its' 30-day grant of time extension in which to file his motion to compel, which had the Court applied, would have made his deadline January 2, 2017.  Yet,

1  Plaintiff still did not sign or mail his Motion to Compel, or his Request for Extension of Time until
2  January 3, 2017, **a date beyond his application of the mailbox rule**; both were lodged with this
3  Court on January 9, 2017.  **Plaintiff fails to state any adequate legal basis for his request.**
4
5       Plaintiff has had ample time to prepare and send numerous letters full of legalize, as well as
6  late discovery demands, late amended pleadings, late discovery responses, motions to compel and
7  motions for extensions of time.  **While Plaintiff has clearly had sufficient time in which to
8  prepare these documents and more, and while he continues to demand more and more
9  discovery despite being aware all discoverable items have long since been provided, Plaintiff
10 has not provided even his Initial Disclosures (due September of 2016) in this matter after being
11 granted a time extension in which to do so.**
12
13      Plaintiff has been aware of the discovery cut-of date since February of 2016 and waited until
14 *after the extended date* to send his *second* request for time extension to file his motion to compel.
15 His lackadaisical approach to discovery and the Court's deadlines does not constitute good cause.
16 Plaintiff has been granted numerous time extensions and has failed to comply with each of them.
17 Plaintiff was aware of the deadline and, *again*, failed to act.  Defendants respectfully request this
18 Court reject Plaintiff's lodged Motion to Compel (ECF No. 60) so that additional County resources
19 are not wasted responding to another baseless motion.
20
21 ///

## IV. CONCLUSION

In light of the foregoing, Defendants respectfully request that this Court (1) deny Plaintiff's request for a *fourth* time extension; (2) reject Plaintiff's January 9th Motion to Compel; and (3) for such other relief as this Court deems just and proper. Should this Court grant Plaintiff's request for time extension and accept the filing of Plaintiff's Motion to Compel, Defendants' request adequate time in which to file an opposition from the date of that order.

Dated: January 10, 2017

KATHLEEN BALES-LANGE
Tulare County Counsel


By   /s/ *Amy I. Terrible*
Amy I. Terrible
Deputy County Counsel