# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THOMPSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00129-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT O'NEIL SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 66)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Jeremiah D. Vickers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties who have appeared have consented to the jurisdiction of a United States Magistrate Judge, (ECF Nos. 8, 40, 65), but service has not been completed on Defendant O'Neil.

## I.

## BACKGROUND

On November 22, 2016, the Court granted in part Plaintiff's motion requesting intervention for service of the summons on Defendant O'Neil. (ECF No. 53.) Previously, the United States Marshal had indicated that service could not be completed on Defendant O'Neil at the Tulare County Sheriff's Department because that Defendant was no longer employed by Tulare County. The Court directed defense counsel, who is the Tulare County Counsel, to confidentially provide a forwarding address for Defendant O'Neil to the Marshal, so that the

Marshal could re-attempt service at the forwarding address. On November 30, 2016, defense counsel filed a notice indicating that she complied with the Court's order. (ECF No. 55.)[1]

On December 1, 2016, the Court issued a second order directing service of process on Defendant O'Neil by the Marshal with the information provided by defense counsel. (ECF No. 57.)

On May 18, 2017, the United States Marshal filed a return of service unexecuted as to Defendant O'Neil. (ECF No. 66). The USM-285 form states that the Marshall made an attempt at service on May 2, 2017, at the confidential address provided by defense counsel. On May 3, 2017, the Marshal received a phone call from the owner of the residence where the attempt at service was made. The owner informed the Marshal that Defendant O'Neil no longer lives at that residence.

## II.

## DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

///

---

[1] The same process was undertaken for Defendant Sandoval, who has since returned a waiver of service. (ECF No. 63.)

**B. Analysis**

Here, the Marshal has exhausted all possible avenues for effecting service of process on Defendant O'Neil using the information Plaintiff previously provided and the confidential information provided by defense counsel, and has not been able to effect service. If Plaintiff is unable to provide the Marshal with additional information to locate and serve Defendant O'Neil, then Defendant O'Neil shall be dismissed from this action, without prejudice.

Under Rule 4(m), the court will provide Plaintiff with the opportunity to show cause why Defendant O'Neil should not be dismissed from the action at this time.

## III.
## CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant O'Neil should not be dismissed from this action. Plaintiff may comply with this order by providing accurate and sufficient information for the Marshal to identify and locate Defendant O'Neil for service of process; and

2. **The failure to respond to this order will result in the dismissal of Defendant O'Neil from this action.**

IT IS SO ORDERED.

Dated: **May 23, 2017**

UNITED STATES MAGISTRATE JUDGE