# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMPSON, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00129-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br><br>(ECF No. 69) |

Plaintiff Jeremiah D. Vickers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for entry of default as to Defendant O'Neil, filed May 30, 2017. (ECF No. 69.) Plaintiff declares in support that Defendant O'Neil was served with the summons and complaint on November 21, 2016, and has not answered or otherwise defended this action. As a result, Plaintiff seeks entry of default.[1]

In general, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Federal Rule of Civil Procedure 12 provides that a defendant must serve an answer "within 21 days after being served with the summons and complaint," unless the defendant has timely waived service under Rule 4(d). Fed. R. Civ. P. 12(a)(1). Federal Rule of Civil Procedure 55(a) requires that the Clerk of the Court enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a).

---

[1] Plaintiff indicates that Defendant O'Neil was served on November 21, 2017

1

Here, service has not been effected on Defendant O'Neil, nor has he waived service under Rule 4(d). Plaintiff cites the return of service form which was returned by the United States Marshal as proof that Defendant O'Neil was served. (ECF No. 53.) However, that summons was returned unexecuted, and the Marshal indicated that service could not be completed on Defendant O'Neil at the Tulare County Sheriff's Department because that Defendant was no longer employed by Tulare County.

On December 1, 2016, the Court directed re-service by the Marshal with additional information provided by defense counsel. On May 18, 2017, the United States Marshal again filed a return of service unexecuted as to Defendant O'Neil. (ECF No. 66). The Marshall indicated that an attempt at service was made with all available information, but service was not effected on Defendant O'Neil.

On May 23, 2017, this Court issued an order to show cause to Plaintiff why Defendant O'Neil should not be dismissed from this action for the failure to provide sufficient information to effectuate service of process. (ECF No. 67.) That order may have crossed in the mail with the current motion.

Based on the foregoing, Defendant O'Neil has not yet been served with the summons and complaint, and thus default judgment is premature.

Accordingly, Plaintiff's request for entry of default, filed May 30, 2017 is DENIED.

IT IS SO ORDERED.

Dated: **June 1, 2017**

UNITED STATES MAGISTRATE JUDGE