# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEREMIAH D. VICKERS,

    Plaintiff,

v.

THOMPSON, et al.,

    Defendants.

Case No.: 1:15-cv-00129-SAB (PC)

ORDER DISMISSING DEFENDANT O'NEIL FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)

(ECF Nos. 66, 67)

Plaintiff Jeremiah D. Vickers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 8); Local Rule 302.

## I.

## BACKGROUND

The Court found that Plaintiff's first amended complaint stated cognizable claims for excessive force against Defendants Smith, O'Neil and, Sandoval, and deliberate indifference against Defendants Thompson, Smith, O'Neil, and Sandoval, in violation of the Eighth Amendment. Defendants Smith, Thompson, and Sandoval have been served and have answered the complaint. (ECF Nos. 35, 64.) Defendants Smith, Thompson, and Sandoval have also consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 40, 65); Local Rule 302.

On September 6, 2016, Plaintiff filed a "Motion Requesting Intervention from the Court for Service upon Remaining Defendants." (ECF No. 46.) Plaintiff declared that defense counsel

1

informed him that Defendant O'Neil no longer worked for the County of Tulare and could not be served by the Marshal by mail at the Tulare County Sheriff's Department. Plaintiff sought court intervention. On November 22, 2016, the Court directed defense counsel to provide a forwarding address from Tulare County's personnel records for Defendant O'Neil, if available. (ECF No. 53.) Defense counsel complied with that order, (ECF No. 55), and additional information was provided to the Marshal.

On December 1, 2016, the Court ordered the United States Marshal to serve the summons and complaint on Defendant O'Neil using the additional information provided by defense counsel. (ECF No. 57.) However, the Marshal was not able to locate Defendant O'Neil and service was returned unexecuted on May 18, 2017. (ECF No. 66.) The USM-285 form states that the Marshall made an attempt at service on May 2, 2017, at the confidential address provided by defense counsel. On May 3, 2017, the Marshal received a phone call from the owner of the residence where the attempt at service was made. The owner informed the Marshal that Defendant O'Neil no longer lives at that residence.

On May 23, 2017, Plaintiff was ordered to show cause why Defendant O'Neil should not be dismissed from this action.

On May 30, 2017, Plaintiff filed a request for entry of default as to Defendant O'Neil. (ECF No. 69.) On June 1, 2017, the Court denied Plaintiff's request, as no proof of service for Defendant O'Neil had been provided. The Court also reminded Plaintiff that it had issued an order to show cause why Defendant O'Neil should not be dismissed from this action. (ECF No. 70.)

As of the date of this order, Plaintiff has not responded to the Court's order to show cause, and the deadline to do so has passed.

## II.

## LEGAL STANDARD

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action

without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted).

Thus, while an incarcerated pro se litigant proceeding in forma pauperis is entitled to rely on the service of the summons and complaint by the U.S. Marshal, the U.S. Marshal can attempt service only after being provided with the necessary information to effectuate service. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### III.

### DISCUSSION

As noted above, the Marshal attempted to serve Defendant O'Neil with the summons and complaint in this action at the address provided, but was unable to do so. In light of the Marshal's inability to serve Defendant O'Neil, the Court issued an order to show cause to Plaintiff, providing him an opportunity to address this issue. Plaintiff did not respond to that order. Thus, all information on Defendant O'Neil's location provided by Plaintiff and defense counsel in this action has been exhausted by the United States Marshal, and Plaintiff has failed to

demonstrate good cause for failure to serve Defendant O'Neil. Accordingly, Defendant O'Neil must be dismissed form this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendant O'Neil is dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated: **July 11, 2017**

UNITED STATES MAGISTRATE JUDGE