# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>         Plaintiff,<br><br>   v.<br><br>THOMPSON, et al.,<br><br>         Defendants. | Case No.: 1:15-cv-00129-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE MOTION TO COMPEL DISCOVERY AS UNNECESSARY<br>(ECF No. 61)<br><br>ORDER REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL WITHIN **THIRTY DAYS**<br>(ECF No. 60) |

Plaintiff Jeremiah D. Vickers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 8, 40, 65); Local Rule 302.

Currently before the Court is Plaintiff's motion to compel discovery, and motion for an extension of time to file the motion to compel discovery, both filed on January 9, 2017. (ECF Nos. 60, 61.)

Plaintiff's motion to compel contains a proof of service stating it was provided to prison officials for mailing on January 3, 2017. (ECF No. 60, p. 116.) Plaintiff filed a motion for an extension of time to file this motion, noting that he had previously been granted a thirty-day extension of time to file the motion to compel on November 29, 2016. Thus, he understood the

deadline to be January 2, 2017, but he seeks for the motion to be considered as timely for being filed on January 3, 2017. (ECF No. 61.)

Defendants oppose the motion for an extension of time, arguing that there are no grounds to allow the deadline to be extended until January 3, 2017, and that the motion should therefore be rejected as untimely and to prevent the needless expenditure of resources. Defendants further request that if they are required to respond to the substance of Plaintiff's motion to compel, they be granted adequate time to do so.

Plaintiff's motion for an extension of time to file his motion to compel is denied, as unnecessary. Federal Rule of Civil Procedure 6(a) governs the computation of the relevant time period involved. Under Rule 6 (a) (1) (A) and (B), the first day is excluded from the computation and every day thereafter is included, including Saturdays, Sundays and legal holidays. Rule 6(d) states: "When a party may or must act within a specified period of time after service and service is made under rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."

Calculating thirty days from the date of service of the subject order under the rules outlined above, the deadline for Plaintiff's motion to compel fell on January 2, 2017, which was the legal public holiday for New Year's Day this year. Therefore, because "the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Thus, Plaintiff's motion was due on January 3, 2017, and applying the prison mailbox rule, as the Court is required to do here, his motion was timely filed, and his motion for an extension of time is unnecessary.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's motion for an extension of time to file a motion to compel discovery, filed on January 9, 2017 (ECF No. 61), is DENIED, as unnecessary; and

///

///

///

1        2.     Defendants SHALL file a response to Plaintiff's motion to compel, filed on

2   January 9, 2017 (ECF No. 60), within **thirty days** of the date of service of this order.

3

4   IT IS SO ORDERED.

5   Dated:  **July 17, 2017**

6                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28