# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS, | )   Case No.: 1:15-cv-00129-SAB (PC) |
|           Plaintiff, | ) |
| | )   ORDER REGARDING PLAINTIFF'S |
|    v. | )   MOTION TO COMPEL DISCOVERY |
| | ) |
| THOMPSON, et al., | )   (ECF No. 60) |
| | ) |
|           Defendants. | ) |
| | ) |
| | ) |

Plaintiff Jeremiah D. Vickers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's second amended complaint alleging excessive force in violation of the Eighth Amendment against Defendants Smith, Sandoval and Akin, the failure to intervene in violation of the Eighth Amendment against Defendant Alvarez, and deliberate indifference in violation of the Eighth Amendment against Defendants Thompson, Smith, Sandoval, Akin, Alvarez, Stelow and Williams.[1]

---

[1] Service of the second amended complaint against Defendants Akin, Alvarez, Stelow, and Williams is underway, (ECF No. 79), and they have not yet appeared in this action.

Also, previously in this case, Defendant O'Neil was dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m) for lack of service. (ECF No. 72.) Thus, all discussion of proceedings concerning that Defendant are omitted from this order.

Currently before the Court is Plaintiff's motion to compel discovery filed on January 9, 2017. (ECF No. 60.) Defendants Smith, Sandoval, and Thompson filed an opposition to Plaintiff's motion on August 2, 2017. The time for filing any reply has passed, and none was filed. The motion is deemed submitted without oral argument. Local Rule 230(l).

## I.

## MOTION TO COMPEL

Plaintiff's motion to compel concerns his requests for admissions dated October 3, 2016, his first set of requests for production dated October 10, 2016, and his first set of interrogatories dated October 10, 2016. Plaintiff first seeks for certain requests for admissions to be deemed admitted. Plaintiff argues that Defendant Thompson's and Smiths' responses to those requests for admission were evasive, insufficient, or consisted of "meritless denials/responses." (ECF No. 60, at p. 3.) Plaintiff also argues that certain defined terms he employed were improperly ignored.

Plaintiff next seeks to compel Defendants to produce all documents requested in his first set of requests for production, and to fully respond to his first set of interrogatories. Plaintiff argues that Defendant Thompson's and Smit's responses to these document requests and interrogatories were also evasive and insufficient, that the objections consisted of mere boilerplate, and that the responses were generally meritless. (Id. at 3-4.) Plaintiff also argues that any objections Defendants made were waived because the responses were not timely served.

Defendants oppose the motion, arguing as a threshold matter that at the time the discovery requests were propounded, only Defendants Smith and Thompson had been served, and that only a claim for deliberate indifference in violation of the Eighth Amendment was pending against them. (ECF No. 77, at pp. 6-7.) Therefore, they assert that the scope of discovery was limited to Defendants Smith and Thompson and the claims pending against them.

Regarding Plaintiff's requests for admission, Defendants argue that they responded fully and completely, using Plaintiff's defined terms and "by narrowing and/or defining terms undefined by Plaintiff when possible." (Id. at 9.) They further argue that certain of the requests were improper because they seek to establish irrelevant facts.

Regarding Plaintiff's interrogatories and requests for admissions, Defendants argue that their responses were timely in light of the Court's orders. Defendants further argue that they responded as appropriate, and that many of Plaintiff's discovery requests sought irrelevant information, were overbroad, sought information or documents not in their possession, custody, or control, and were otherwise improper. (Id. at 12-25.)

## II.

## LEGAL STANDARDS

The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

///

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant. Therefore, to the extent possible, the Court endeavors to resolve this motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.

### DISCUSSION

#### A.   Scope of Discovery

The Court begins with the threshold issue raised by Defendants regarding the proper scope of discovery. Defendants assert that their responses were properly limited only to Defendants Smith and Thompson, as they were the only parties to have been served and to have appeared and answered the operative complaint in this case at the time that Plaintiff propounded his discovery. Further, they argue that the only claim that the Court found was cognizable against those Defendants at the time was for deliberate indifference to a serious medical need.

This case was initiated on January 26, 2015, when Plaintiff filed his original complaint, (ECF No. 1), which was first amended on August 31, 2015, (ECF No. 18.) The first amended complaint was the complaint which this matter proceeded upon at the time that the discovery which is the subject of this motion was propounded.

Contrary to Defendants' argument, the Court screened the first amended complaint, and found that Plaintiff's allegations stated a claim of excessive force against both Defendants Sandoval and Smith, not just Defendant Sandoval. (ECF No. 20, at p. 6) Regarding Defendant Smith specifically, Plaintiff alleged that Defendant Smith "grabbed Plaintiff's arm and hand with both of his hands and began "twisting, turning and pulling them violently in different directions in an attempt to dislocate and/or break them/it" when Plaintiff failed to comply with an order to take his arm out of the food port on his cell door. (Id. at 3 (quoting First Am. Compl., ECF No. 18, at p. 8).) Plaintiff also alleged that while he was silent, still and calm, Defendant Smith pulled at him, shoved him, lifted him off the floor and pushed down on his shoulders. (Id. at p. 4.) The

Court further found that Plaintiff's allegations that he was injured after the officers' use of force and asked to see a nurse, but did not receive any care, were sufficient to state a claim for deliberate indifference to a serious medical need against Defendants Sandoval, Thompson, and Smith. (Id. at 6-7.)

On January 26, 2016, the Court ordered documents for service of process to be sent to Plaintiff. (ECF No. 21.) On March 30, 2016, following some delays by Plaintiff in submitting the necessary documents, the Court ordered the United States Marshal to serve a summons and first amended complaint on Defendant Smith, Sandoval, and Thompson. (ECF No. 28.)

On June 9, 2016, Defendants Smith and Thompson filed an answer to the first amended complaint. (ECF No. 35.) On June 10, 2016, the Court issued a discovery and scheduling order. (ECF No. 36.)

A few months later, on September 6, 2017, Plaintiff filed a motion stating that counsel had informed him that Defendant Sandoval could not be served by the Marshal using the information he provided. (ECF No. 46.) On September 15, 2016, the Marshal returned to the Clerk of the Court the summons and first amended complaint unexecuted as to Defendant Sandoval. (ECF No. 48.)

Shortly thereafter, on October 3, 2016 Plaintiff propounded the requests for admission to Defendants, and on October 10, 2016 Plaintiff propounded his requests for production and interrogatories to Defendants. At that time, Defendant Sandoval had not been served with process in this case. Instead, as the parties are aware, there were numerous motions, orders to show cause, orders to the United States Marshal, filings by the parties, rulings on requests for default, and multiple attempts at service. On April 27, 2017, the Marshal returned a waiver of service to the Court which was signed and dated by Defendant Sandoval on March 13, 2017.

Thus, at the time Plaintiff propounded the requests for admission, requests for production, and interrogatories which are the subject of this motion, and indeed at the time that this motion to compel was filed, Defendant Sandoval had yet to be served with process in this case. Instead, only Defendants Smith and Thompson had been served, had appeared, and had answered the then-operative complaint.

As a general rule, "discovery proceedings take place only after the defendant has been served. . . ." <u>Columbia Ins. Co. v. seescandy.com</u>, 185 F.R.D. 573, 577 (N.D. Cal. March 8, 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)). There are rare exceptions, such as limited discovery to learn identifying facts necessary to permit service on a defendant with the Court's permission, <u>see id.</u>, but those circumstances are not present here. As Defendant Sandoval had not yet been served or appeared in this action at the time that Plaintiff propounded his discovery, it was solely directed at Defendants Thompson and Smith. Therefore, the proper scope of discovery is limited to Plaintiff's claim of excessive force and deliberate indifference to Plaintiff's serious medical need in violation of the Eight Amendment against Defendant Smith, and Plaintiff's claim of deliberate indifference to serious medical need in violation of the Eighth Amendment against Defendant Thompson.[2]

The Court next evaluates the parties' disputes in the order raised by Plaintiff, with this understanding of the proper scope of the permissible discovery.

### B.    Requests for Admission

Plaintiff argues that Defendants' responses to his requests for admission ("RFA") nos. 2, 3, 4, 5, 13, 15, 17, and 18 are insufficient, and should be deemed admitted.

"Because admissions are designed to limit factual issues in a case,

'the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification. . . .'"

<u>Jones v. McGuire</u>, No. 2:08-CV-2607 MCE CKD, 2012 WL 2376290, at *6 (E.D. Cal. June 22, 2012), (quoting <u>Henry v. Champlain Enterprises, Inc</u>., 212 F.R.D. 73, 77 (N.D.N.Y.2003)), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u>, No. 2:08-CV-2607 MCE CKD, 2012 WL 4344539 (E.D. Cal. Sept. 21, 2012). "To facilitate clear and succinct responses, the facts stated in the request

---

[2] This finding is further bolstered by Plaintiff's pending motion seeking modification of the discovery and scheduling order, in which he asserts that he was unable to serve discovery on Defendant Sandoval due to the extensive efforts required to locate and serve that Defendant, and therefore he seeks leave to propound discovery on Defendant Sandoval. (ECF No. 71.) Thus, Plaintiff appears to concede that the previously-served discovery was not directed at Defendant Sandoval.

must be singularly, specifically, and carefully detailed." Id. Furthermore, requests for admissions should not be used to establish facts which are obviously in dispute, should not seek to admit the truth of legal conclusions, should not ask the party to admit facts of which they have no knowledge, and should not contain statements that are compound, conjunctive or disjunctive. Id. (quoting U.S. ex rel. England v. Los Angeles County, 235 F.R.D. 675, 684 (E.D. Cal. 2006); Lakehead Pipe Line Co. v. American Home Assur. Co., 177 F.R.D. 454, 458 (D. Minn. 1997); Disability Rights Council v. Wash. Metro. Area, 234 F.R.D. 1, 3 (D.C. Cir. 2006)). However, "when the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request." Id. (quoting Los Angeles County, 235 F.R.D. at 684.)

     1.    <u>Request for Admission Nos. 2-5</u>

In RFA Nos. 2-5, Plaintiff stated, "Admit that a TCSD Detentions Division administratively segregated inmate's refusal to handcuff through the cell's door food port, prior the door being opened, is considered to be a" "mutual response incident," "inmate disturbance," "emergency incident," and an "unusual event," respectively.

<u>Defendants' Responses</u>:  Defendants Thompson and Smith objected to each of RFA Nos. 2-5 as vague for not defining "mutual response incident," "inmate disturbance," "emergency incident," and an "unusual event," respectively.

In response to RFA No. 2, Defendants further responded, "If Plaintiff intends 'Mutual Response' to mean 'A mutual response is any response to an emergency situation involving staff not normally assigned to the involved facility' as defined by the Tulare County Sheriff's Department Detention Division Procedures Manual in effect at the time of the alleged incident, the request is denied."

In response to RFA No. 3, Defendants further responded that "Plaintiff's use of the terms 'incident' and 'disturbance' seemingly interchangeably without defining either term requires Defendants Smith and Thompson to speculate as to Plaintiff's intended meaning, thereby preventing Defendants Smith and Thompson from forming an intelligent reply in good faith; therefore the request is denied."

In response to RFA No. 4, Defendants further responded that "Plaintiff's use of the terms 'incident' and 'disturbance' seemingly interchangeably without defining either term requires Defendants Smith and Thompson to speculate as to Plaintiff's intended meaning. If Plaintiff intends 'Emergency Incident' to mean 'Fire and Smoke; Bomb Threat; Natural or Man-made Disasters; Earthquakes; Floods; Chemical Spills Affecting All or Part of the Facility; Food Strike; Inmate Disturbances; and Aviation Incidents' as defined by the Tulare County Sheriff's Department Detention Division Procedures Manual in effect at the time of the alleged incident, the request is denied."

In response to RFA No. 5, Defendants further objected that the request was "[n]ot relevant to the subject matter involved in the action as Plaintiff does not claim he refused to handcuff through the cell's door food port prior to the door being opened; rather, Plaintiff states in his Complaint that he refused to pull his hands back into his food port door after the handcuffs were removed." Defendants further responded that "Plaintiff's use of the terms 'incident' and 'disturbance' seemingly interchangeably without defining either term requires Defendants Smith and Thompson to speculate as to Plaintiff's intended meaning, thereby preventing Defendants Smith and Thompson from forming an intelligent reply in good faith. For these reasons, the request is denied."

Parties Arguments:  Plaintiff argues that each of the terms "mutual response incident," "inmate disturbance," "emergency incident," and "unusual event" in his RFA Nos. 2-5 were used as defined in the Tulare County Sherriff's Department Detention Division Procedures Manual ("TCSD Manual"), which Defendants appear to have understood based on their responses to RFA Nos. 2 and 4. Plaintiff argues that Defendants' responses are therefore insufficient, as their objections based on vagueness are deceitful and obstructionist.

Defendants assert that they searched the TCSD Manual for Plaintiff's terms, and where they were able to find the terms' definitions, they responded accordingly. Defendants further assert that they did not guess or speculate at the meaning of Plaintiff's terms when they could not reasonably locate the terms and definitions in the TCSD Manual, and instead denied the request, which they argue was an appropriate response. Defendants also argue that RFA Nos. 2-5 seek to

establish irrelevant facts, as Plaintiff did not allege that he refused to handcuff through the cell's door food port in this case, and also because facts concerning the terminology for a refusal to handcuff has nothing to do with whether Defendants Thompson or Smith were deliberately indifferent to Plaintiff's serious medical need.

**Ruling**:  Plaintiff's motion to have the responses in RFA Nos. 2, 3, 4 and 5 deemed admitted, is DENIED. According to the clarification of agreed terminology now provided by the parties, Plaintiff has a complete response to RFA Nos. 2 and 4. Further, Defendants asserted that they attempted to find the defined terms Plaintiff used in RFA Nos. 3 and 5, but were unable to do so, and thus responded with a denial in good faith. Plaintiff has provided no further clarification on the terminology at issue to enable Defendants Smith or Thompson to give any additional or amended response, nor has Plaintiff otherwise shown that the responses are insufficient or improper. Thus, Plaintiff has not met his burden here.

2.      Request for Admission Nos. 13, 15, 17, and 18[3]

In RFA No. 13, Plaintiff stated, "Admit that  the night of August 27, 2014, you were involved in a use of force upon the Plaintiff."

In RFA No. 15, Plaintiff stated, "Admit that you saw no videotaping equipment, medical staff or safety equipment (including but not limited to protection suits, shields, knee or elbow pads, and leg restraints) in use during the use of force on inmate Vickers, the Plaintiff, the morning of August 28, 2014 (i.e. the day, moment, and incident regarding the nature of this complaint)."

In RFA No. 17, Plaintiff stated, "Admit that you escorted inmate Vickers, the Plaintiff, from his cell to medical clinic the day of August 28, 2014."

In RFA No. 18, Plaintiff stated, "Admit that you saw no videotaping equipment, medical staff or safety equipment (including but not limited to protection suits, shields, knee or elbow

---

[3] Both parties appear to have skipped Plaintiff's RFA stating "Admit that on the day of August 28, 2014, you were involved in a use of force upon the Plaintiff." (ECF No. 60, at p. 19.) It does not appear that Defendants responded to this RFA. (Id. at p. 45.) Thus, the Court uses the parties' numbering and addresses the RFAs they appear to agree at issue here.

pads, and leg restraints) in use during the escorting of inmate Vickers from his cell that day of August 28, 2014, to the medical clinic."

Defendants' Responses: Defendants Thompson and Smith objected to each request as vague for not defining "you," on the grounds that there are multiple defendants in this matter. Defendants Thompson and Smith further responded to each request clarifying that they interpreted "you" to refer to Defendants Smith and Thompson. In response to RFA No. 13, they both denied being involved in any use of force.

In response to RFA No. 15, Defendants Smith and Thompson both admitted that "they saw no videotaping equipment, medical staff or safety equipment at the time of the incident involving inmate Vickers' refusal to comply with the order to pull his uncuffed hands into his cell on August 28, 2014. All other requests are denied."

In response to RFA No. 17, Defendants Smith and Thompson both admitted that "they saw no videotaping equipment, medical staff or safety equipment at the time of the involving inmate Vickers on August 28, 2014. All other requests are denied."

In response to RFA No. 18, Defendants Smith and Thompson responded that "Defendant Ryan Smith admits he authored an incident report regarding the incident involving Plaintiff's refusal to obey orders and pull his uncuffed hands into his cell on August 28, 2014. All other requests are denied. Defendant Michael Thompson admits reviewing the incident report regarding the incident involving Plaintiff's refusal to obey orders and pull his uncuffed hands into his cell on August 28, 2014. All other requests are denied."

Parties Arguments: Plaintiff argues that Defendant Smith's and Thompson's responses are evasive and ambiguous, particularly the use of the word "they" in their responses. Defendants argue that their responses were full and complete rather than evasive or ambiguous, and that "they" was used to refer to joint responses by Defendants Smith and Thompson, where appropriate.

**Ruling:** Plaintiff's motion to have the responses in RFA Nos. 13, 15, 17, and 18 deemed admitted, is DENIED. Defendants Smith and Thompson have responded that they both deny or admit certain requests, or provided more detailed individual responses for each of them, where

appropriate. Plaintiff has not shown that these responses are in any way ambiguous, evasive or otherwise insufficient. Thus, Plaintiff has not met his burden with respect to these RFAs.

### C. Timeliness of Responses

Plaintiff next argues that Defendants have waived any objections to his first set of requests for production and first set of interrogatories because their responses were untimely. The Court finds it necessary to address this issue before turning to the dispute concerning the sufficiency of the substance of the responses and objections.

As noted above, the Court entered a discovery and scheduling order on June 10, 2016, which set the discovery cut-off date for November 10, 2016. (ECF No. 36). The order also provided that written discovery must be served at least thirty (30) days prior to the close of discovery. (Id. at 4.)

On October 24, 2016, defense counsel sent Plaintiff a letter objecting to Plaintiff's first set of request for production and first set of interrogatories. (ECF No. 60, pp.114-115.) Specifically, counsel wrote that Plaintiff's discovery requests were not timely under the discovery and scheduling order, on the grounds that Federal Rule of Civil Procedure 6(d) grants a party an additional three (3) days to serve responses where the request were served by mail, as they were here. Therefore, counsel implicitly asserted that the discovery was required to be served at least thirty-three (33) days before the discovery cut-off date, and that Plaintiff's first set of request for production and interrogatories were not timely served.

On October 31, 2016, Plaintiff filed a motion for leave to extend the discovery cut-off deadline so that Defendants could respond to the discovery requests, and so that Plaintiff could file a motion to compel, if necessary, regarding Defendants' responses. (ECF No. 51.) On November 30, 2016, that motion was granted, and the Court found as part of its ruling that Plaintiff's discovery requests were in fact served within the time permitted by the discovery and scheduling order. (ECF No. 54.) In light of this Court's order, Defendants served responses to Plaintiff's first set of requests for production and first set of interrogatories on December 5, 2016. (ECF No. 77, pp. 12-13.)

///

Plaintiff contends that Defendants waived their objections to his first set of requests for production and first set of interrogatories, since they did not serve responses until December 5, 2016, without obtaining any agreement from him or protective order from the Court. Defendants' responses were served twenty-two (22) days after the date they were due to be served.

The Court does not find it appropriate to consider Defendants' objections to the discovery responses to be waived, under the facts and circumstances of this case. If a party believes that they are not required to respond to discovery requests due to untimeliness of service, that party should promptly object or seek a protective order from the court. See, e.g., Hadley v. United States, 45 F.3d 1345, 1350 (9th Cir. 1995). Here, Defendants promptly objected to Plaintiff's discovery responses via their counsel's October 24, 2016 letter, and stated their grounds for refusing to respond to the discovery requests on the basis of untimely service. Plaintiff then sought an order of clarification and extension of the discovery deadline from the Court, and within five (5) days of issuance of the Court's order finding Plaintiff's discovery was in fact timely served, Defendants served their responses. As noted above, the resolution of this dispute only resulted in a twenty-two (22) day delay in service of the discovery responses.

Thus, the Court finds that Defendants did not remain silent in regards to arguably untimely discovery, which may have resulted in a waiver of objections. Instead, Defendants reasonably and promptly objected to the requests. Further, the Court finds that the twenty-two (22) day delay in service of the responses did not prejudice or disadvantage Plaintiff, and does not justify finding a waiver of Defendants' objections to the requests.

Accordingly, in the interests of justice, the Court will address Defendants' additional objections to Plaintiff's discovery requests in evaluating this motion to compel. Therefore, the Court turns to the substantive disputes regarding Plaintiff's first set of requests for production and interrogatories.

///
///
///
///

### D.    Requests for Production

Plaintiff argues that Defendants' responses to his requests for production ("RFP") nos. 2-12 are insufficient.

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b), noted above. Fed. R. Civ. P. 34(a). A party objecting to a request for production must state the reasons for the objection. Fed. R. Civ. P. 33(b)(2)(B). Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

#### 1.    Request for Production No. 2

"Any and all incident packages generated by TCSD relating to all interactions with Plaintiff on or about INCIDENTS giving rise to the COMPLAINT. This document request includes (i.e. Sgt. Thompson, Deputy Alvarez, Lieutenant Stelow, etc.) but is not limited to the Crime/Incident Report Review Notices, Facility Commander Reviews, Sergeant/Shift Supervisor Report(s), Patrol Lieutenant Use of Force Compliance Report(s), Use of Force Reports, all Supervisor Report Critiques of Use of Force Incident Report(s)."

Defendants' Response:  "Objection. The request fails to specify the documents requested with reasonable particularity, is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, calls for disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. If Plaintiff seeks only the Incident Report regarding the Incident giving rise to the Complaint, Responding Parties previously provided said documents in conjunction with Responding Parties' Initial Disclosures."

**Ruling:**    Defendants' objections that Plaintiff's request is overbroad and unduly burdensome are sustained. As Defendants discuss in their opposition, the request seeks information from non-parties. However, Defendants relevancy objections are overruled, as Plaintiff seeks documents related to the incidents at issue in this case, which may reasonably

reveal information concerning the claims against Defendants Smith and Thompson arising out of those incidents. Accordingly, in light of Plaintiff's pro se status, the Court will narrow Plaintiff's request.

Plaintiff's motion to compel a further response to Request for Production No. 2 is GRANTED. Defendants shall produce all reports and writings, including reviews, related to the August 27, 2014 and August 28, 2014 incidents at issue in this matter.

2.    Request for Production No. 3

"Any and all video footage and/or jail video surveillance footage, un-redacted, depicting the times and places of the INCIDENTS mentioned in the COMPLAINT (i.e. from the time Deputy Smith approached the Plaintiffs door with the nurse for night 'pill pass' on August 27, 2014 to the every minute of every location from every angle that the Plaintiff was placed within the jail that has video surveillance footage until the taking of Sgt. Williams photos on August 28, 2014 EVERY MINUTE OF EVERY LOCATION)."

Defendants' Response:   "Objection. The request calls for disclosure of confidential documents. Without waiving the objection, after a diligent search, Responding Parties are unaware of the existence of any video surveillance of the Incident, as video surveillance is stored for a one-year period per policy and this Incident occurred in August of 2014, more than two years prior to the date of this request."

**Ruling:**   Plaintiff's motion to compel a further response to RFP No. 3 is DENIED. Plaintiff argues that Defendants should be compelled to produce the policy pursuant to which any video surveillance was destroyed, with the name of the person responsible and the date that such footage was destroyed. However, Defendants assert that Plaintiff was provided the applicable policies, as he cites them in his motion, and Plaintiff does not dispute this contention.

Further, Plaintiff has cited no proper request to Defendants Smith and Thompson for records with the information concerning who was responsible for destroying any video surveillance footage and/or dates. The Court will not compel the production of documents or information which was not properly requested during discovery.

///

3.     <u>Request for Production Nos. 4, 5 and 6</u>

RFP Nos. 4, 5, and 6 seek "[a]ny and all records of training that has been provided to each defendant" on the "use of force," "cell extractions," and "emergency medical and mental health evacuation procedures," respectively. RFP Nos. 4, 5, and 6 all further specify that "[t]he time frame for this discovery request is the time each defendant became employed by the TCSD to the present."

<u>Defendants' Responses</u>:  Defendants objected to each of RFP Nos. 4, 5, and 6 on the grounds that "[t]he request is not limited to a relevant time period, calls for the disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence."

Without waiving those objections, Defendants also produced the training records of Defendants Smith and Thompson.

**Ruling:**  Plaintiff's motion to compel a further response to RFP Nos. 4, 5, and 6 is DENIED. Defendants assert that they have provided the responsive training records sought, which detailed the name and date of every training course completed by Defendants Smith and Thompson. Plaintiff has not identified any responsive documents that have not been produced, or otherwise shown how this response is insufficient.

Plaintiff argues that Defendants should be compelled to produce more information about the training records, including who issued them, and when, where and how they were produced. Plaintiff has cited no proper request to Defendant Smith and Thompson for this information, and the Court will not compel the production of documents or information which was not properly requested.

4.     <u>Request for Production Nos. 7, 8 and 9</u>

RFP Nos. 7, 8, and 9 seek "[a]ny and all documents received, read, or reviewed by each defendant that refer or relate to training, policies or procedures" on the "use of force," "cell extractions," and "medical and mental health evacuation and/or emergency medical and mental health evacuations," respectively.

///

Defendants' Responses: Defendants objected to each of RFP Nos. 7, 8, and 9 on the grounds that the requests are "overbroad, not limited to a relevant time period, . . . unduly burdensome and oppressive, and seek[] documents not reasonably designed to lead to the discovery of admissible evidence."

Without waiving those objections, Defendants Smith and Thompson also responded that they had previously provided the applicable policies as part of their initial disclosures.

**Ruling:** Plaintiff asserts that, contrary to Defendants' representation in their responses, they never actually produced the documents that are responsive to these RFPs. Defendants assert in their opposition to the motion to compel that they made an error, in that they had previously produced the responsive policies to Plaintiff in another action, and did not realize that they had failed to produce the policies again in this action. Defendants have since supplemented their disclosures in this case, and Plaintiff has not identified any further documents that remain unproduced. Thus, Plaintiff's motion to compel a further response to RFP Nos. 7, 8, and 9 is DENIED, as moot.

5. Request for Production Nos. 10, 11 and 12

RFP No. 10 seeks "[a]ny and all documents relating to allegations of excessive use of force by any TCSD staff in cell extractions or emergency medical and/or mental health evacuations while any of the defendants were present."

RFP No. 11 seeks "[a]ny and all formal or informal written complaints (including but not limited to administrative Grievance forms) against any defendant, including but not limited to those alleging excessive use of force that occurred in or out of TCSD Detention Division (including all written responses, appeals, reports, investigations, and/or correspondence regarding complaints). The time frame for this discovery request is the time each defendant became employed by TCSD to the present."

RFP No. 12 seeks "[a]ny and all formal or informal written complaints (including but not limited to administrative Grievance forms) against any TCSD Deputy and/or staff, including but not limited to those alleging use of force, that happen to so much as even mention the 'presence' of any defendant (including all written responses, appeals, reports, investigations, and/or

correspondence regarding complaints). The time frame for this discovery request is the time each defendant became employed by TCSD to the present."

Defendants' Responses: Defendants made the same response to RFP Nos. 10, 11, and 12, as follows: "Objection. The request is overbroad, not limited to a relevant time period, is unduly burdensome and oppressive, calls for disclosure of confidential documents, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. Without waiving said objections, and after a diligent search, Responding Parties are not aware of the existence of any responsive documents. If any such documents existed they would be in the possession of the Tulare County Sheriff's Department located at 2404 W. Burrel Ave., Visalia, CA 93291."

**Ruling**: Plaintiff's motion to compel a further response to RFP Nos. 10, 11, and 12, is DENIED. Defendants' objections that Plaintiff's requests are overbroad and unduly burdensome are sustained. Plaintiff's requests can be read to request any document relating to any allegation of excessive force involving any Defendant, or even against any other staff person while a Defendant was present. Given the scope of the request, the burden and expense of a search for the proposed discovery outweighs its likely benefit. Plaintiff fails to show how other allegations of excessive force involving other people are relevant to his claim.

Plaintiff argues that he believes this discovery may uncover evidence of other wrongdoing that may support other claims, but the Court finds that he is not entitled to use the discovery process to engage in an improper "fishing expedition." See Calderon v. U.S. Dist. Court for the Northern District of California, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation."); see also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) (district courts need not condone the use of discovery to engage in fishing expeditions). Plaintiff has therefore not met his burden to compel a further response to RFP Nos. 10, 11 and 12.

### E. Interrogatories

Plaintiff argues that Defendant Smith's and Thompson's responses to his interrogatories nos. 1, 3-9, 11-16, 18 and 19 are incomplete and evasive.

///

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). See also Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

1.    Interrogatory No. 1

"State all the positions you have held in the TCSD and its Detentions Division."

Defendants' Response:  "Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret 'YOU' to mean Deputy SMITH and Sergeant THOMPSON. Responding Parties further objection in that this request calls for information not relevant to the subject matter of this action, not limited to a relevant time period, nor likely to the discovery of admissible evidence. However, in the spirit of cooperation, Responding Parties limit the Request to the relevant time period of the date of the Incident and answer as follows: On the date of the Incident, Deputy SMITH was assigned to the Tulare County Main Jail as the Fourth Floor Correctional Deputy and the Sergeant assigned was Sergeant THOMPSON."

**Ruling**:  Plaintiff asserts that his request is not overbroad in that he seeks only the specific history of the responding Defendants. Defendants Smith and Thompson contend that Plaintiff is only entitled to information concerning the date of the incident in question. The Court determines that Plaintiff is entitled to discovery general background information about the Defendants, and overrules Defendants' objections.

Therefore, Plaintiff's motion to compel a further response to Interrogatory No. 1 is GRANTED. Defendants Smith and Thompson shall provide to Plaintiff the positions each of them have held during their respective employments with the Tulare County Sheriff's Department.

2.  Interrogatory No. 3

"Give a detailed description of the INCIDENT, including your reason for the manner in which you chose to remove inmate Vickers' arm from the trap-door, along with describing what inmate Vickers was doing (i.e. behavior, physical demeanor, etc.) the entire duration of the INCIDENT."

Defendants' Response:  "Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret 'YOU' to mean Deputy SMITH and Sergeant THOMPSON. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout."

**Ruling**:  Plaintiff's motion to compel a further response to Interrogatory No. 3 is DENIED. Plaintiff argues that the description in the incident report referred to by Defendants does not describe what the interrogatory seeks. However, the Court has reviewed the report, which gives a factual account of the events at issue, describes Defendants' actions, and describes Plaintiff's statements, movements, and actions during the incident. Defendants have responded that they agree with the description of events in the report. Plaintiff has not identified any information that he has not been provided. Defendants Smith and Thompson further assert that they have no additional information to provide, and thus it appears no further information can be compelled.

///

///

3.    Interrogatory No. 4

"Did you make any efforts to use as little force as necessary the entire duration of the INCIDENT? If your answer is anything other than an unqualified 'No,' then please describe in detail the efforts you made and the order in which you made these efforts."

Defendants' Response:  The response is the same as the response for Interrogatory No. 3, set forth above, with the additional statement that "Responding Parties further respond that only necessary force was used, and such force was minimal."

**Ruling**:    Plaintiff's motion to compel a further response to Interrogatory No. 4 is DENIED.  Plaintiff asserts that the response "is not in accordance with the request." This does not meet Plaintiff's burden to show how the response is deficient. Further, Defendants have answered that the force used was necessary and minimal.

4.    Interrogatory No. 5

"Prior to the opening of inmate Vickers door during the INCIDENT, did you assess inmate Vickers' threat level? If your answer is anything other than an unqualified 'No,' then please describe in what manner you assessed inmate Vickers, what your conclusion was, and how you arrived at that conclusion."

Defendants' Response:  The response is the same as the response for Interrogatory No. 3, set forth above.

**Ruling:**  Plaintiff argues that the response to this interrogatory is insufficient because the report does not provide information on Defendants' assessment of his threat level. Defendants argue that the request seeks irrelevant information because it does not seek information about their deliberate indifference to his serious medical need. As discussed above, the scope of discovery is not limited to that claim, but also includes Plaintiff's claim of excessive force against Defendant Smith. Plaintiff's interrogatory reasonably seeks relevant information concerning that claim. Therefore, Defendants' objection is overruled.  Furthermore, the Court agrees that the incident report referenced does not provide the information requested in this interrogatory regarding assessing the threat that Plaintiff posed.

///

Plaintiff's motion to compel a further response to Interrogatory No. 5 is GRANTED. Defendants Smith and Thompson shall provide any further responsive information to Interrogatory No. 5, if any.

5.   Interrogatory Nos. 6

"Did you do everything according to policy upon your arrival at inmate Vickers door and once, you became aware of his refusal to comply at the time of the INCIDENTS? If your answer is anything other than an unqualified 'No,' then please describe in detail what you did do, the sequence you did it in, and cite the policy (e.g. its section and if, needed its subsection(s)) that your action was in accordance with."

Defendants' Response:  The response is the same as the response for Interrogatory No. 3, set forth above, with the additional statement that "Responding Parties further respond that their actions were within policy."

**Ruling:**   Plaintiff argues that this response is insufficient and ambiguous because no policy was ever issued. Giving Plaintiff the benefit of a liberal interpretation of his argument, the Court finds that Defendants' response lacks the policy citation(s) Plaintiff requested.

Therefore, Plaintiff's motion to compel a further response to Interrogatory No. 6 is GRANTED. Defendants Smith and Thompson shall supplement their requests with a citation to the policy or policies that they reference.

6.   Interrogatory No. 7

"Before you opened the door, at the time of the INCIDENT, intending to remove the Plaintiff's arm from the trap-door, why didn't you notify the facility commander of inmate Vickers' refusal to comply first?"

Defendants' Response:  "Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret 'YOU' to mean Deputy SMITH and Sergeant THOMPSON. Objection is also made to the term FACILITY COMMANDER on the ground that it is vague and ambiguous in this context that it renders this interrogatory oppressive, burdensome and

unintelligible requiring Responding Parties to speculate as to Plaintiffs intended meaning. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers behavior throughout."

**Ruling:** Defendants argue that Plaintiff should have defined the term "facility commander" in this interrogatory or clarified that the term was used as defined in the TCSD Manual. Plaintiff asserts in his motion that he indeed meant the term to be used as defined in that Manual. Thus, the terminology now being agreed upon and understood by the parties, the Court overrules Defendants' objections.

Accordingly, Plaintiff's motion to compel a further response to Interrogatory No. 7 is GRANTED. Defendants Smith and Thompson shall supplement their response to Interrogatory No. 7 based on the agreed usage of the TCSD Manual to define the term "facility commander."

     7.     Interrogatory No. 8

"Was there another manner defined as use of force, in which inmate Vickers could have been made to comply (i.e. different from the manner that was used) at the time of the incident? If your answer is anything other than an unqualified 'No,' then please describe in detail what other manner(s) you refer to."

Defendants' Response: "Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several unnamed defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret 'YOU' to mean Deputy SMITH and Sergeant THOMPSON. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout. Responding Parties further respond that only necessary force was used, and such force was minimal."

**Ruling**:  Plaintiff's motion to compel a further response to Interrogatory No. 8 is DENIED, as Plaintiff does not give any argument or explanation as to why the response provided is insufficient, and therefore has not met his burden.

        8.    <u>Interrogatory No. 9</u>

"Describe in detail (i.e. date(s), location(s), sequence of methods used, and persons present and persons involved) every incident you have been involved in where videotaping equipment, safety equipment (including but not limited to protection suits, shields, knee and elbow pads, and leg restraints) were in use during the entrance of staff into an administratively segregated high risk inmate's cell."

<u>Defendants' Response</u>:  "Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret 'YOU' to mean Deputy SMITH and Sergeant THOMPSON. Objection is also made as plaintiffs request is not limited to any relevant time period, calls for information not relevant to the subject matter of this action, nor is it likely to lead to the discovery of admissible evidence. Limiting the scope to the Incident that is the basis of Plaintiff's Complaint, Responding Parties further object as Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers' behavior throughout."

**Ruling**:  Plaintiff's motion to compel a further response to Interrogatory No. 9 is DENIED, as Plaintiff merely states that Defendants have not justified their objections. This does not show why the response provided is insufficient or why the objections were improper, and therefore Plaintiff has not met his burden.

///

///

///

9. <u>Interrogatory No. 11</u>

"At any point during the INCIDENTS, did you shout at or speak to the Plaintiff? If so, what did you say during each part of your verbal communication; indicate whether or not you were shouting, threatening or cursing."

<u>Defendants' Response</u>: "Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret 'YOU' to mean Deputy SMITH and Sergeant THOMPSON. Further objection is made in that Plaintiff has been provided with the Incident Report prepared by Deputy Smith detailing the incident and inmate Vickers' behavior. Responding Parties have reviewed the Incident Report prepared by Deputy SMITH at or near the time of the Incident and respond that it accurately describes the Incident and Vickers behavior throughout."

**<u>Ruling</u>**: Plaintiff argues that this interrogatory was not fully answered as it was only responded to by objections. Defendants explain that they have no other responsive documents to this interrogatory, and that the verbal communications between the parties are irrelevant.

Defendants' objections are overruled. Although a party may respond to an interrogatory by producing documents containing information responsive to the request, Plaintiff is entitled to a complete response to his interrogatory. Defendants should provide any further response they have beyond the report provided, or confirm that there is no additional information to provide. Further, the Court finds that communications between the parties during the events at issue may reasonably reveal relevant evidence.

Therefore, Plaintiff's motion to compel a further response to Interrogatory No. 11 is GRANTED. Defendants Smith and Thompson shall supplement their response with any further information responsive to the interrogatory, if any.

10. <u>Interrogatory Nos. 13, 14, 15, and 16</u>

Interrogatory No. 13 states, "With respect to your ability to commit an assault and or excessive force please set forth your birthdate, height, weight, general physical condition at the time of the INCIDENTS, any training that you have ever had with respect to weight lifting,

boxing, wrestling, karate, judo, jujitsu, aikido and any other form of physical fighting or combat training; set forth dates, level achieved, belt achieved (if any); sports or physical activities that you have engaged in within the past ten years; in all aforementioned activities set forth dates, tournaments that you have competed in and any awards or tournaments that you have won."

Interrogatory No. 14 states, "Have you ever been accused of having any involvement in any violence, excessive use of force or assaultive conduct? If so, for each such incident state the specific accusation, the date of the cause for the accusation (i.e. the date the alleged incident was to have occurred on) any punishment or fine that you received and whether such punishment or fine came as the result of a plea, trial or an administrative disciplinary consequence. Indicate the subject venue (i.e. the court, business or entity) its address, the case number or report number and the name of the person who issued the verdict."

Interrogatory No. 15 states, "Have you ever been subject to any restraining orders or injunctive orders? If so, for each such order, state the nature of the proceeding, the date of issuance, any punishment or fine that you received and the specific order. Indicate the subject court, its address, the case number and the judge who issued the order."

Interrogatory No. 16 states, "With respect to prior relevant conduct, other than the INCIDENTS which is the subject of this COMPLAINT have you engaged in any fights, assaults, use of force, excessive use of force or physical altercations whatsoever within the preceding ten years? If so, then for each such physical altercation and or incident; set forth its date, place, the names and addresses of all persons involved and a summary of the occurrence. Indicate whether or not a police report or incident report was ever issued and if so, the name and address of the agency or police department involved to ether with the report or case number."

Defendants' Response:  For each of these interrogatories, Defendants responded, "Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret 'YOU' to mean Deputy SMITH and Sergeant THOMPSON.

///

Further objection in that this request calls for information not relevant to the subject matter of this action, nor to the discovery of admissible evidence and violates these Defendants' privacy rights."

**Ruling**: Plaintiff argues that he is entitled to discovery information related to prior assaults, arrests, and incidents of excessive force. Defendants object that the information is not relevant, and that the requests are overbroad.

With regard to Interrogatory No. 13, the Court finds that Plaintiff is entitled to discover some general information about the physical characteristics of Defendant Smith in regards to his claim of excessive force based on allegations of a physical assault. However, the request is overbroad. Therefore, in light of Plaintiff's pro se status, the Court will narrow the request.

Accordingly, Plaintiff's request to compel a further response to Interrogatory No. 13 is GRANTED. Defendant Smith shall provide to Plaintiff his weight and height on August 27, 2014.

Regarding Interrogatory Nos. 14, 15, and 16, Defendants' objections that Plaintiff's requests are overbroad and unduly burdensome are sustained. The requests are overly broad because they seek information regarding any incidents involving allegations of force, assault, or violent behavior against Defendants. Given the scope of the request, the burden and expense of a search for the proposed discovery outweighs its likely benefit. Plaintiff fails to show how other incidents unrelated to the events of August 27, 2014 and August 28, 2014 and involving other people are relevant to his claim.

Therefore, Plaintiff's request to compel a further response to Interrogatory Nos. 14, 15, and 16 is DENIED.

11.  Interrogatory Nos. 18 and 19

Interrogatory No. 18 asks, "Do you possess or are you aware of any information, facts, writings or evidence relating to this litigation that has not been fully and completely disclosed during your prior answers to these interrogatories? If your answer to this question is anything other than an unequivocal 'No' please identify each and every such item of information, fact, writing or evidence specifically and in detail."

Interrogatory No. 19 asks, "Do any of your agents, deputies, representatives, employees, contractors or other person(s) acting on your behalf, under your control, or in concert or participation with you possess any information, facts, writings or evidence relating to this litigation that has not been fully and completely disclosed during your prior answers to the interrogatories? If your answer to this question is anything other than an unequivocal 'No' please identify each and every such item of information, fact, writing or evidence specifically and in detail and in addition, identify the persons possessing such information by name, address and relationship to the parties herein."

Defendants' Response:    For both of these interrogatories, Defendants responded, "Objection is made to the term YOU on the ground that it is vague and ambiguous in this context as there are several named defendants in this action and the Requests do not specify which defendant Plaintiff is referring to. Without waiving said objection, Responding Parties will interpret 'YOU' to mean Deputy SMITH and Sergeant THOMPSON respond NO other than privileged information."

**Ruling**:  Plaintiff argues that more information is needed regarding whatever privilege Defendants assert here. In response, Defendants have augmented their answer to simply respond, "No," with no qualification as to any privileged material.

Accordingly, Plaintiff's motion to compel a further response to Interrogatory Nos. 18 and 19 is DENIED, as moot.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, it is HEREBY ORDERED that:

1.      Plaintiff's motion to compel discovery, filed on January 9, 2017 (ECF No. 60), is GRANTED IN PART AND DENIED IN PART, as explained in this order; and

///

///

///

///

2. Defendants Smith and Thompson shall supplement their responses as directed in this order within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated: __**August 31, 2017**__

UNITED STATES MAGISTRATE JUDGE