# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMPSON, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00129-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS REQUESTING MODIFICATION OF SCHEDULING ORDER<br>(ECF Nos. 71, 91)<br><br>ORDER REGARDING PLAINTIFF'S MOTION REQUESTING COURT TO STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 90) |

## I.

## INTRODUCTION

Plaintiff Jeremiah D. Vickers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF Nos. 8, 40, 65, 89.)

## II.

## BACKGROUND

This action currently proceeds on Plaintiff's second amended complaint alleging excessive force against Defendants Smith, Sandoval and Akin, the failure to intervene against Defendant Alvarez, and deliberate indifference against Defendants Thompson, Smith, Sandoval, Akin, Alvarez, Stelow, and Williams, in violation of the Eighth Amendment.

1

On July 26, 2017, the Court granted Plaintiff's motion for leave to file a second amended complaint. (ECF No. 76.) Prior to that order, this action proceeded on Plaintiff's claims for excessive force against Defendants Smith and Sandoval, and deliberate indifference against Defendants Thompson, Smith and Sandoval, in violation of the Eighth Amendment. (ECF No. 18.)[1] Defendants Smith and Thompson filed an answer to the first amended complaint on June 9, 2016, (ECF No. 35), and on June 10, 2016, the Court issued a discovery and scheduling order, (ECF No. 36). Under that order, discovery closed in this matter on November 10, 2016. (Id.)

Following many months of issues concerning locating Defendant Sandoval and service of process, on May 11, 2017, Defendant Sandoval filed an answer to the first amended complaint. (ECF No. 64.) Several weeks later, on July 5, 2017, Plaintiff filed a motion to re-open discovery with respect to Defendant Sandoval, citing the delay in locating, serving, and obtaining an answer from that Defendant. (ECF No. 71.)

In the meantime, as noted above, on July 26, 2017, the Court granted Plaintiff leave to amend his second amended complaint, and screened that pleading. (ECF No. 76.) The Court found that Plaintiff stated additional claims against Defendants Akin, Alvarez, Stelow, and Williams. (Id.) On August 16, 2017, the Court directed service by the United States Marshal on those Defendants. (Id.) Waivers of service were returned for Defendants Akin, Stelow, and Williams on September 5, 2017, (ECF No. 82), and for Defendant Alvarez on September 8, 2017, (ECF No. 83).

On October 3, 2017, all Defendants filed a joint motion for summary judgment. (ECF No. 85.) On October 20, 2017, Plaintiff sought an extension of time to file a response to Defendants' motion for summary judgment, (ECF No. 86), which was granted on October 23, 2017, (ECF No. 87).

On November 20, 2017, rather than file a response to Defendants' summary judgment motion, Plaintiff filed two motions of his own. First, Plaintiff filed a motion requesting that the

---

[1] This case also proceeded on certain claims against Deputy O'Neil. Following numerous filings and rulings, Deputy O'Neil was ultimately dismissed from this action, without prejudice, for the failure to effect service of process, on July 11, 2017. (ECF No. 72.)

Court stay Defendants' motion for summary judgment to allow him to do discovery in support of his opposition. (ECF No. 90.) Second, Plaintiff filed a motion requesting to re-open discovery with respect to Defendants Akin, Alvarez, Stelow, and Williams. (ECF No. 91.) Defendants oppose these motions. (ECF No. 92.)

The time for Plaintiff to file any reply in support of these motions has passed, and no reply was filed. Accordingly, the motions are submitted without oral argument. Local Rule 230(l).

**III.**

**DISCUSSION**

The issue before the Court is whether to reopen discovery in this case to allow Plaintiff to propound discovery on Defendants Akin, Alvarez, Sandoval, Stelow, and Williams, none of whom had appeared in this action prior to the close of discovery on November 10, 2016. Plaintiff also seeks a stay of Defendants' pending motion for summary judgment to allow him to conduct that discovery and prepare an opposition with the benefit of the discovery responses.

**A.    Legal Standards**

"Federal Rule of Civil Procedure Rule 56(d) provides that if a party opposing summary judgment 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.'" Swoger v. Rare Coin Wholesalers, 803 F.3d 1045, 1048 (9th Cir. 2015) (quoting Fed. R. Civ. P. 56(d)). "A party requesting a continuance pursuant to [Rule 56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted).[2]

---

[2] Plaintiff cites Rule 56(f) in his motion to stay. Federal Rule of Civil Procedure 56(d) was previously numbered 56(f), and some previous case law refers to 56(f). Martinez v. Columbia Sportswear USA Corp., 553 F. App'x 760, 761 n.2 (9th Cir. 2014). Based on the substance of Plaintiff's request, the Court understands Plaintiff to be referring to the current Rule 56(d).

3

Where a party requests to reopen discovery after discovery has closed, the request also must meet the requirements of Rule 16. Rule 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. The Court has wide discretion to extend time, Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrate some justification for the issuance of the enlargement order, Fed. R. Civ. P. 6(b)(1); Ginett v. Fed. Express Corp., 166 F.3d 1213 (6th Cir. 1998) (unpublished table decision).

**B.     Arguments**

In support of Plaintiff's request, he asserts that he seeks discovery on Defendants who have not yet been the subject of discovery, and for whom he has not obtained any responses in his prior discovery requests. (ECF No. 90, at p. 2.) Plaintiff further states that he seeks discovery that will show there is a material issue of fact, to prove that there was deliberate indifference in this case, and to show a history of "not responding properly." (Id.) Plaintiff further argues that in preparing his opposition, it became clear that the absence of discovery from Defendants Akin, Alvarez, Sandoval, Stelow, and Williams obstructed him in preparing his response, and therefore he is prejudiced. Plaintiff also notes that he was unable to serve discovery during the discovery period because of the difficulties and time spent in identifying these Defendants, amending his pleading to name them as parties, locating these Defendants, and serving them. (ECF No. 71, 91.)

Defendants argue that Plaintiff's requests should not be granted on several grounds. Defendants cite Plaintiff's failure to produce required discovery himself in this action; specifically, his failure to produce his initial disclosures. (ECF No. 92, at p. 6.) Defendants further assert that Plaintiff had not been diligent as he did not seek to reopen discovery during

4

the time his second amended complaint was being served, nor did he mention needing to obtain discovery when he made his request for an extension of time to respond to their summary judgment motion. (Id. at 7.) Plaintiff's request is also not specific regarding the facts he hopes to elicit from further discovery, whether they exist, and whether they are essential to resist the summary judgment motion. (Id.) In contrast, Defendants assert that they have provided all responses and discoverable items in their possession to Plaintiff, and any additional discovery will produce no new information. (Id. at 4.)

**C.    Analysis**

In determining these motions, the Court turns to a careful analysis of the allegations, disputed issues, and record in this case.

Plaintiff's claims arise out of events on August 27, 2014 and August 28, 2014, while Plaintiff was a convicted inmate housed at the Tulare County jail while awaiting transfer to a CDCR facility. (ECF No. 75.) According to Plaintiff, at the night medication pill pass on August 27, 2017, Plaintiff stuck his arm out of the food port and refused to put it back in, hindering Defendant Smith's ability to close it. (Id.) In response, Defendants Smith, Sandoval, and Akin (and other non-defendant officers) allegedly used excessive force upon him, and Defendant Alvarez was present and watched, but did not intervene in the use of excessive force. (Id.) Further, Plaintiff allegedly asked Defendants to see a nurse, but did not receive any medical care. (Id.) Finally, Plaintiff alleges that after this incident, he was escorted to and placed in a holding cell, where Defendant Williams took photographs of him at Defendant Stelow's instruction, but they failed to ensure that he received any medical care.

The discovery in this case has been extensive. The June 10, 2016 discovery and scheduling order in this case required the parties to make initial disclosures. Defendants were ordered to produce information on each individual likely to have information about their claims or defenses, or who would be used to support their version of events, and the information each individual so identified was believed to possess. (ECF No. 36, at p. 2.) Defendants were further ordered to produce copies of all documents related to the claims and defenses in the case, including any defense concerning the failure to exhaust administrative remedies. (Id.)

On July 11, 2016, Defendants filed a notice indicating that they had provided Plaintiff with 207 pages of documents in compliance with the initial disclosure requirements. (ECF No. 41.) On July 18, 2016, Defendants supplemented their disclosures with an additional 600 pages of documents received from the Los Angeles County California Department of Corrections. (ECF No. 43.) These disclosures included, among other things, incident reports, photographs, jail records, and medical records. (ECF No. 60, at pp. 24-25.) From this discovery, Plaintiff explained that he was able to determine the identity of the additional Defendants he named in the second amended complaint—Defendants Akin, Alvarez, Stelow, and Williams—and describe their role in the events at issue. (See ECF No. 76, at pp. 8-9.)

Further, as discussed in detail in prior orders in this case, Plaintiff propounded requests for production, interrogatories, and requests for admission in this case. (See ECF No. 80.) Although not all Defendants were in the case at the time, Plaintiff was able to obtain broad discovery on a number of relevant issues to his claims, such as discovery regarding the Tulare County Sherriff's Department Detention Division's policies and procedures. Plaintiff's motion to compel further responses to these discovery requests were also granted in part, including that Defendants were required to produce all reports and writings, including reviews, related to the August 27, 2014 and August 28, 2014 incidents in this matter. (Id. at 13-14.) In light of the foregoing, it is difficult to see what more could be obtained from Defendants regarding the events at issue in this case, or regarding the claims and defenses here.

Under the facts and circumstances of this case, the Court does not find good cause to reopen discovery here, nor has Plaintiff met the requirements for a stay of Defendants' summary judgment motion pursuant to Rule 56(d). Plaintiff's belated requests to reopen discovery do not explain what additional discovery Plaintiff seeks, nor does he provide any facts to show that the evidence or information he seeks actually exists. Although Plaintiff has reviewed Defendants' summary judgment motion and has worked on preparing an opposition, he does not explain how the evidence he seeks would prevent summary judgment in this case. Getz v. Boeing Co., 654 F.3d 852, 868 (9th Cir. 2011) (explaining that the non-moving party must show that the discovery sought would preclude summary judgment). Furthermore, given the extensive amount

of discovery already produced here concerning relatively straightforward events and claims, the Court does not find prejudice to Plaintiff in declining to re-open discovery here.

Thus, the Court will deny Plaintiff's requests to reopen discovery and request for a stay of Defendants' summary judgment motion pursuant to Rule 56(d). Plaintiff will be required to respond to Defendant's summary judgment motion within thirty (30) days of the date of service of this order.

### IV.
### CONCLUSION

For the reasons explained above, the Court HEREBY ORDERS that:

1. Plaintiff's motions requesting the modification of the discovery and scheduling order, filed on July 5, 2017 (ECF No. 71), and filed on November 20, 2017, (ECF No. 91), are denied;

2. Plaintiff's motion requesting the Court to stay Defendants' motion for summary judgment, filed on November 20, 2017 (ECF No. 90), is denied;

3. Plaintiff's response to Defendants' motion for summary judgment shall be filed within thirty (30) days of the date of service of this order; and

4. <u>No extension of time will be granted absent a showing of good cause. The failure to comply with this order will result in the imposition of sanctions, up to and including dismissal of this action</u>.

IT IS SO ORDERED.

Dated: __**January 10, 2018**__

UNITED STATES MAGISTRATE JUDGE