# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMPSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00129-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO APPOINT COUNSEL<br><br>[ECF No. 104] |

　　　　Plaintiff Jeremiah D. Vickers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF Nos. 8, 40, 65, 89.) This matter is currently set for an evidentiary hearing on the issue of exhaustion of administrative remedies on September 27, 2018, at 2:00 p.m. (ECF No. 100.)

　　　　Currently before the Court is Plaintiff's ex parte motion requesting the appointment of counsel, with a declaration in support. (ECF No. 104.) Plaintiff moves for the appointment of counsel to represent him in the evidentiary hearing, and to postpone the hearing so that additional discovery can be conducted. In support, Plaintiff asserts that he is unable to afford counsel, lacks legal training, and has limited law library access and little ability to conduct discovery or evidentiary hearings. He asserts that he requires time to identify, locate, and interview inmates who can support his version of events, investigate housing records and incident/surveillance records, and to have counsel prepare to examine witnesses at the hearing.

1

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances to appoint counsel, nor does it find good cause to postpone the evidentiary hearing. The Court cannot find a likelihood of success on the merits at this stage, and Plaintiff has adequately articulated his claim and has satisfactorily represented himself through out this proceeding. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances.

Further, Plaintiff has not made a showing necessary to reopen discovery at this late stage, or to otherwise modify the schedule in this matter. Defendants made their motion for summary judgment for the failure to exhaust administrative remedies over eleven months ago, on October 3, 2017. (ECF No. 85.) Thus, Plaintiff has been long aware of the defense and issues here that are the subject of the upcoming hearing.

Plaintiff made previous requests for extensions of time to respond to Defendants' summary judgment motion, but never raised the need to gather additional evidence or witness information to support his defense on this issue. (See ECF Nos. 86, 91.) Plaintiff's opposition to summary judgment, submitted on extension, does not discuss the need to gather additional witnesses or evidence in support, and Plaintiff's current motion is vague and unspecific.

///

Finally, the Court ordered the parties to meet and confer on witnesses and evidence to be presented at the hearing before it scheduled the matter on the calendar. (ECF No. 98, at 16.) Plaintiff did not inform the Court of any need to delay proceedings to interview any specific witnesses or gather any specific evidence. (See Defendants' Request for Hearing, Doc. No. 99, stating that Plaintiff reported "ten minutes before this call I was notified of the phone call, not what the call was about or who it was with. I would like time to review the rules of court and records before responding to your question.")

Under these circumstances, the Court does not find the justification for disrupting the schedule of this litigation, postponing the hearing, or reopening discovery. See Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (diligence must be shown by the party seeking modification of scheduling order).[1]

For these reasons, Plaintiff's motion, filed on September 19, 2018 (ECF No. 104), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **September 20, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[1] Although Plaintiff refers to some surveillance video footage, previously the parties informed the Court that there is no available video footage from the events at issue, as video surveillance is only stored for a one-year period per policy. Plaintiff has not shown otherwise that any footage is likely to be found.