# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>    Plaintiff,<br><br>v.<br><br>THOMPSON, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00129-SAB (PC)<br><br>ORDER REQUIRING DEFENDANTS TO FILE MOTION FOR LEAVE TO AMEND RESPONSIVE PLEADING WITHIN FOURTEEN DAYS<br><br>[ECF No. 109] |

## I.
## INTRODUCTION

Plaintiff Jeremiah D. Vickers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF Nos. 8, 40, 65, 89.) This action currently proceeds on Plaintiff's claim for excessive force against Defendants Smith, Sandoval, and Akin, and the failure to intervene against Defendant Alvarez.

## II.
## BACKGROUND

On October 3, 2017, Defendants filed a motion for summary judgment. (ECF No. 85.) On March 2, 2018, Plaintiff filed an opposition to that motion, on extension. (ECF No. 95.) On March 8, 2018, Defendants filed a reply. (ECF No. 97.)

On August 14, 2018, the Court granted in part and denied in part Defendants' motion for summary judgment. (ECF No. 98.) Among other things, the Court held that disputed issues of fact precluded the Court from concluding that administrative remedies were available to Plaintiff, and that Defendants were entitled to an evidentiary hearing on that issue. (Id. at 16.) Defendants were permitted an opportunity to request an evidentiary hearing, within thirty days. (Id.)

On September 5, 2018, Defendants filed a timely motion requesting an evidentiary hearing. (ECF No. 99.) On September 7, 2018, the motion was granted, and the Court set an evidentiary hearing on the issue of exhaustion of administrative remedies for September 27, 2018 at 2:00 p.m. in Courtroom 9 of the United States Courthouse in Fresno, California. (ECF No. 100.)

On September 7, 2018, the Court issued an order and writ of habeas corpus ad testificandum, ordering the warden of California State Prison, Los Angeles County ("CSP-LAC"), where Plaintiff is housed, to produce Plaintiff for the September 27, 2018 hearing. (ECF No. 101.)

On September 19, 2018, Plaintiff filed an ex parte motion requesting the appointment of counsel for the evidentiary hearing, and seeking to postpone the hearing. (ECF No. 104.) On September 21, 2018, that motion was denied. (ECF No. 105.) The order was served via email on the Litigation Coordinator at CSP-LAC so that it could be hand-delivered to Plaintiff, due to the time-sensitive nature of the ruling. (ECF No. 106.)

On September 26, 2018, the Court was informed by the Department of Corrections and Rehabilitation ("CDCR") that Plaintiff refused to be transported for the September 27, 2018 hearing. (ECF No. 108.)

As a result, the Court *sua sponte* found that the interests of justice required Plaintiff to appear via video conferencing at the hearing. The Court requested that defense counsel work with CDCR and the Court's IT Department to facilitate Plaintiff's video conference appearance on an expedited basis. Defense counsel and CDCR expeditiously complied, which the Court greatly appreciated. Despite their efforts Plaintiff refused to appear for the hearing even though

video appearance but then changed his mind shortly before the actual hearing.

## III.

## EVIDENTIARY HEARING

On September 27, 2018, the Court conducted an evidentiary hearing on the issue of exhaustion of administrative remedies. (ECF No. 109.) Plaintiff appeared *pro se*, via video telephone conference, on behalf of himself, and Amy I. Myers, Tulare County Counsel, appeared on behalf of Defendants.

### A. Plaintiff's Failure to Appear

At the outset of the hearing, the Court informed the parties that it had information from CDCR that Plaintiff refused to be transported for the evidentiary hearing. The Court questioned Plaintiff on the matter.

Plaintiff stated that he understood that he would have to transfer prisons to attend the hearing, and that he did not find that the schedule would accommodate him. The Court found that Plaintiff willfully refused to attend the evidentiary hearing. Nevertheless, in an abundance of caution, it accommodated Plaintiff on a one-time basis by allowing him to appear by video conference. Defendants did not object to Plaintiff appearing and giving testimony by video conference. As noted at the hearing, the Court appreciates counsel accommodating the change in proceedings.

Plaintiff was warned, and is expressly warned here again, that for all future proceedings, he will be required to appear in person and be transported to the United States Courthouse in Fresno, with transportation arrangements to be made in CDCR's discretion. <u>Further, Plaintiff's failure to appear and refusal to prosecute this action may result in sanctions, up to and including dismissal of this action</u>.

### B. Exhaustion of Available Administrative Remedies

During the hearing, Plaintiff submitted as evidence Defendants' Answer to the amended complaint; specifically, Plaintiff submitted Defendants' admission in the Answer that Plaintiff submitted a grievance on the claim at issue, as alleged in his amended complaint. (Defs.' Answer, ECF No. 35, ¶ 1.) Previously, Plaintiff submitted that portion of Defendants' Answer

as an exhibit to his opposition to Defendants' motion for summary judgment for the failure to exhaust administrative remedies. Plaintiff cited the Answer as support for his argument that he submitted a grievance in compliance with the requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Pl.'s Opp'n, ECF No. 95, Ex. F.)

Plaintiff clarified at the hearing that by citing to this admission in Defendants' Answer, he meant to raise that he was unaware, until Defendants brought their summary judgment motion, that there was any dispute regarding his exhaustion of available administrative remedies. Further, there was an admission in the record on the issue, and he argues that he is disadvantaged under the circumstances.

## IV.

## DISCUSSION

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 918–19, 166 L. Ed. 2d 798 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002)); see also Woodford v. Ngo, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368 (2006) (same). Nevertheless, "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (citing Jones, 549 U.S. 199, 204 (2007)); see also Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 & n. 6, 130 S. Ct. 1237, 1246-47, 176 L. Ed. 2d 18 (2010) (citing Jones and Woodford as examples of cases in which the Supreme Court treated exhaustion under the PLRA as a non-jurisdictional threshold requirement). A party's responsive pleading under Federal Rule of Civil Procedure 8(c) must contain the affirmative defenses it wishes to assert, or those affirmative defenses are deemed waived. E.g., In re Adbox, Inc., 488 F.3d 836, 841 (9th Cir. 2007). Thus, the failure to exhaust administrative remedies is an affirmative defense that is waived if the Defendant does not plead it in a responsive pleading, and prove it. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005) (citing Wyatt v. Terhune, 315 F.3d 1108, 1117-18 & n.9 (9th Cir. 2003)).

Here, the Court finds that Defendants admitted that Plaintiff exhausted available

administrative remedies for the claims raised in this suit, and failed to raise the affirmative defense of the failure to exhaust available administrative remedies, in their Answer. Nevertheless, at the hearing, defense counsel argued that Defendants' admission and failure to raise the defense was done in error, and that there was reasonable justification for the error.

Ordinarily, motions to amend the pleadings are governed by Federal Rule of Civil Procedure 15(a). That Rule provides that unless a party can amend its pleading as a matter of course (which is not applicable here), the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." Id.

However, once a court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, the standards of Rule 16, rather than Rule 15, govern amendment of the pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

In this case, a Discovery and Scheduling Order was entered on June 10, 2016, setting the deadline to amend the pleadings as October 11, 2016. (ECF No. 36.) Plaintiff moved to extend that deadline for sixty days until December 11, 2016, (ECF No. 49), which was granted, (ECF No. 50.) Defendants have not made any motion for leave to amend their Answer, and the deadline has now passed, but the potential of good cause for the failure to seek leave to amend at an earlier date was raised by defense counsel at the evidentiary hearing. No evidence has yet been presented on that issue, nor have the parties fully argued whether Defendants may now amend their responsive pleading.

In the interests of justice, the Court finds that Defendants may move for leave amend their responsive pleading within **fourteen (14) days** of this order, and must make a showing of good cause for leave to amend. Plaintiff may file a response to that motion within **fourteen (14) days** of service and filing. No reply will be permitted, and the Court will rule upon the motion once the deadline to file any response has passed. Local Rule 230(l).

///

If Defendants fail to make a timely motion, or fail to show good cause for leave to amend their Answer, then the defense of the failure to exhaust available administrative remedies will be deemed waived. The Court will then proceed to set this matter for trial.

If Defendants file the motion for leave to amend, and it is granted, then Court will also grant Plaintiff a reasonable opportunity to pursue discovery <u>only</u> on the limited issue of whether administrative remedies were effectively unavailable in this case. Specifically, this includes <u>only</u> evidence regarding the factual dispute as to whether Deputy Timothy Abbot gave Plaintiff a grievance form on or about August 28, 2014, whether Plaintiff submitted that form to Deputy Abbot, and whether that form was lost, destroyed or otherwise not acted upon. Plaintiff will also be allowed a reasonable opportunity to supplement his opposition to Defendants' motion for summary judgment based on any newly discovered evidence.

## V.

## CONCLUSION

For the reasons explained, it is HEREBY ORDERED that Defendants must file a motion to amend their responsive pleading within **fourteen (14) days**, or the defense of the failure to exhaust available administrative remedies will be deemed waived, as discussed above.

IT IS SO ORDERED.

Dated: **October 8, 2018**

UNITED STATES MAGISTRATE JUDGE