# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS,<br><br>        Plaintiff,<br><br>   v.<br><br>THOMPSON, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-00129-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND AFFIRMATIVE DEFENSE<br><br>[ECF No. 114]<br><br>**TEN-DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Jeremiah D. Vickers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF Nos. 8, 40, 65, 89.)

This matter has a lengthy and complex procedural history well-known to the parties, which the Court will briefly summarize in relevant part. This action previously proceeded on Plaintiff's First Amended Complaint, filed August 31, 2015, alleging excessive force against Defendants Smith and Sandoval, and deliberate indifference against Defendants Thompson, Smith and Sandoval, in violation of the Eighth Amendment. (ECF No. 18.)[1] On June 9, 2016,

---

[1] The case also proceeded on certain claims against Deputy O'Neil, but that party was dismissed from this action, without prejudice, for the failure to effect service of process, on July 11, 2017, (ECF No. 72).

1

Defendants Smith and Thompson filed an Answer to the First Amended Complaint. (ECF No. 35.) In that Answer, Defendants Smith and Thompson admitted that Plaintiff submitted a grievance regarding the matters alleged in the First Amended Complaint. (Id. at ¶ 1.) These Defendants also did not assert any affirmative defense for the failure to exhaust available administrative remedies in the Answer.

On June 10, 2016, the Court issued a discovery and scheduling order, which set the deadline for amending pleadings as October 11, 2016. (ECF No. 36.) On October 11, 2016, Plaintiff filed a motion to extend the deadline to file amended pleadings. (ECF No. 49.) The Court granted Plaintiff's request and extended that deadline to December 11, 2016. (ECF No. 50.)

On November 30, 2016, Plaintiff filed a motion for leave to file a Second Amended Complaint. (ECF No. 56.) The matter was briefed in the ordinary course, but in the meantime, the Court's resources became burdened with matters dealing with service of process and related issues for several months.

Following the resolution of several matters, Defendant Sandoval returned a waiver of service of process on April 27, 2017. (ECF No. 63.) Shortly thereafter, on May 11, 2017, Defendant Sandoval filed an Answer to the First Amended Complaint. (ECF No. 64.) Defendant Sandoval, like Defendants Smith and Thompson, admitted in an Answer that Plaintiff submitted a grievance regarding the matters alleged in the First Amended Complaint. (Id. at ¶ 1.) Defendant Sandoval also did not assert any affirmative defense for the failure to exhaust administrative remedies.

On July 25, 2017, the Court granted Plaintiff's motion for leave to file a Second Amended Complaint. (ECF No. 76.) The Court also screened the proposed Second Amended Complaint, and found that it stated additional Eighth Amendment claims for excessive force against Defendant Akin, for the failure to intervene against Defendant Alvarez, and for deliberate indifference against Defendants Akin, Alvarez, Stelow and Williams. (Id.) Service of process was initiated against these additional Defendants. (Id.) Waivers of service were returned for those Defendants on September 5, 2017. (ECF Nos. 82, 83.) No additional answers were filed.

On October 3, 2017, all Defendants filed a motion for summary judgment, raising multiple arguments. (ECF No. 85.) On August 14, 2018, the Court granted in part and denied in part that motion. (ECF No. 98.) Defendants' motion for summary judgment was granted as to Plaintiff's Eighth Amendment deliberate indifference claim, and Defendants Thompson, Stelow, and Alvarez were dismissed from this action as a result. (Id. at 14-15.) As a result, this matter now proceeds on Plaintiff's Eighth Amendment claim for excessive force against Defendants Smith, Sandoval, and Akin, and for the failure to intervene against Defendant Alvarez. (Id.)

Defendants also argued that summary judgment should be granted based on Plaintiff's failure to exhaust available administrative remedies with respect to the remaining claims. The Court denied the motion, without prejudice. (Id. at 4-9.) The Court held that disputed issues of fact precluded the Court from concluding that administrative remedies were available to Plaintiff, and that Defendants were entitled to an evidentiary hearing on that issue. (Id. at 16.)

On September 27, 2018, the Court conducted that evidentiary hearing. (ECF No. 109.) Plaintiff appeared pro se on behalf of himself, via video telephone conference after his refusal to appear in person, and Amy I. Myers, Tulare County Counsel, appeared on behalf of Defendants. During the hearing, Plaintiff submitted as evidence the admission in the June 9, 2016 Answer by Defendants Thompson and Smith that Plaintiff fully grieved the claim at issue in this case. (ECF No. 35, ¶ 1.) Plaintiff argued that due to the admission, he was unaware, until Defendants brought their summary judgment motion, that there was any dispute regarding his exhaustion of available administrative remedies, and he was disadvantaged under the circumstances. In response, defense counsel argued that Defendants' admission and failure to raise the defense was done in error, and that there was reasonable justification for the error.

On October 9, 2018, the Court ordered Defendants to file a motion for leave to amend their responsive pleading within fourteen days, or the defense of the failure to exhaust available administrative remedies would be deemed waived. (ECF No. 110.) On October 18, 2018, Defendants filed a notice of motion using the incorrect event in CM/ECF. (ECF No. 111.) The Clerk of the Court instructed Defendants to re-file the document. (ECF No. 112.)

///

On October 22, 2018, Defendants filed a corrected motion for leave to file an amended answer and affirmative defense. (ECF No. 114.) That same day, the Court ruled that the October 22, 2018 motion would be treated as the operative filing required by the Court's October 9, 2018 order, and permitted Plaintiff fourteen days to respond. (ECF No. 116.)

On November 5, 2018, Plaintiff timely provided to prison officials for mailing an opposition to Defendants' motion for leave to file an amended answer and affirmative defense. (ECF No. 117.) The motion is now deemed submitted. Local Rule 230(l).[2]

## II.

## DISCUSSION

### A. Legal Standards

Ordinarily, motions to amend the pleadings are governed by Federal Rule of Civil Procedure 15(a). That Rule provides that unless a party can amend its pleading as a matter of course (which is not applicable here), the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." Id.

However, once a court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, the standards of Rule 16, rather than Rule 15, govern amendment of the pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification," although the "existence or degree of prejudice to the party opposing the

---

[2] On November 19, 2018, Defendants filed a reply to Plaintiff's opposition. (ECF No. 118.) No reply was permitted on this matter, (see October 8, 2018 Order, ECF No. 110, at 5; October 22, 2018 Order, ECF No. 116, at 2), and therefore the reply will be disregarded.

4

modification might supply additional reasons to deny the motion[.]" Id. (citing Gestetner Corp. v. Case Equip Co., 108 F. R. D 138, 141 (D. Me. 1985)).

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. Johnson, 975 F.2d at 608. Leave to amend should be granted unless the amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed. Reserve, No. 2:09–CV–01464–WBS–JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 8, 2010).

**B.     Arguments**

In this case, Defendants argue that good cause exists to allow leave to amend their pleadings and assert the defense of failure to exhaust administrative remedies. In support, Defendants have submitted a declaration of defense counsel, which states that the failure to plead the defense was the result of an inadvertent mistake. (Myers Decl., ECF No. 114-2.) Specifically, Plaintiff was litigating two Section 1983 civil rights actions pending in the Eastern District of California around the same time: the instant case, and another matter, Jeremiah D. Vickers v. Maldonado, et al., No. 1:14-cv-02039-SAB (E.D. Cal. 2014).[3] Defense counsel declares that she determined that Plaintiff exhausted his available administrative remedies in the Maldonado matter, and therefore admitted that fact in a responsive pleading in that case. (Myers Decl. ¶ 4.) In preparing Defendants' Answers in this case, defense counsel declares that the admission on exhaustion of administrative remedies was mistakenly and inadvertently carried over to those pleadings. (Id.)

---

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case, including filings in the same court. See Biggs v. Terhune, 334 F.3d 910, 916 n. 3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n. 1 (9th Cir. 1984) (citing examples of judicially noticed public records).

5

Later, after the Second Amended Complaint was served on the additional Defendants as described above, defense counsel reviewed the record in preparing Defendants' motion for summary judgment, discovering the error in the Answers in or around September 2017. (Id. at ¶ 2.) Defense counsel did not seek to amend the Answers, believing that the failure to exhaust administrative remedies defense was jurisdictional and non-waivable, and thus that it could be raised for the first time on summary judgment. (Id. at ¶ 5.) Defendants' summary judgment motion was filed shortly after defense counsel discovered the error, on October 3, 2017. (Id. at ¶ 6.) Based on the foregoing, Defendants argue that the erroneous admission and failure to plead their affirmative defense was a result of an inadvertent mistake or excusable neglect, and thus good cause is shown for granting leave to amend.

Plaintiff argues that Defendants should not be allowed to amend their pleadings or assert their affirmative defense because the defense is frivolous and moot. Plaintiff further argues that he will be prejudiced because it will allow a "collateral attack" on his claim, and that Defendants seek leave to amend in bad faith. As evidence of bad faith here, Plaintiff cites that the instant case and the Maldonado matter are different enough that defense counsel should not have twice submitted Answers in this action with any alleged error carried over from that case. Plaintiff also argues that there is undue delay here based on the time taken for defense counsel to discover the error, and the need to reopen discovery if the affirmative defense is allowed. Finally, Plaintiff argues that allowing any amended pleading is futile here because the defense is ineffective.

**C.  Analysis**

The Court begins with an analysis of Defendants' diligence in seeking leave to amend, as required. The focus is on Defendants' reasons given for the motion.

Defense counsel declares that an inadvertent mistake resulted in the erroneous answer in this case due to some confusion caused by the representation of several officers in this action and in the Maldonado action. The dockets of those cases show that they were filed within about month of each other, this case filed on January 26, 2015, (ECF No 1), and the Maldonado action filed on December 22, 2014, 1:14-cv-02039-SAB (PC) (ECF No. 1). Both cases were presided

over by the undersigned, and both involved allegations of excessive force by officers employed by the Tulare County Sheriff's Department against Plaintiff while he was a pretrial detainee, albeit at different facilities. Defense counsel represented the defendants in both actions, and the answer in the Maldonado case was filed on February 1, 2016, 1:14-cv-02039-SAB (PC) (ECF No. 19), a few months before the Answer was filed for Defendants Smith and Thompson in this case, (ECF No. 35). A comparison of the documents show that they are very similar. Defendant Sandoval's Answer, filed some months later, is also substantially similar to Defendants Smith and Thompsons' Answer, suggesting that counsel was still operating under the same mistake and made a similar error.

Contrary to Plaintiff's assertions, the Court finds no evidence of bad faith here. The inadvertent mistake declared by defense counsel has support in the record of this case and the Maldonado action. Moreover, upon the discovery of the error, the affirmative defense was raised almost immediately in Defendants' summary judgment motion. Plaintiff was then permitted multiple extensions of time to prepare and file an opposition to that summary judgment motion. (See ECF Nos. 87, 93, 96).[4] When the admission in Defendants' Answers was raised at the evidentiary hearing, defense counsel argued that the admission was done in error, and filed a motion for leave to amend in quick compliance with the Court's order following the hearing. The Court finds evidence of diligence in correcting inadvertent mistake here, rather than any bad faith.

Likewise, the Court finds no evidence of undue delay in this case. Plaintiff cites the time taken between defense counsel's mistake and the motion to correct it as evidence of delay, but counsel has explained the reasons that the error was made, and the reasons and timing for discovering the error and attempting to correct it. As noted above, the defense was promptly raised in a summary judgment motion after the error was found. There is no evidence to indicate any wrongful motive or intent to delay this litigation. Rather, as Defendants argue, they have never sought any modifications of the discovery and scheduling order or extensions of any

---

[4] Plaintiff's final request for an extension of time was filed simultaneously with his late opposition, and was granted nunc pro tunc upon a showing of good cause. (ECF No. 96.)

7

deadline in this action prior to this motion. This motion is shown to be sought in good faith to protect a defense that Defendants have diligently litigated in this case, not to "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." See Johnson, 975 F.2d at 610.

Plaintiff makes several arguments that he will be prejudiced if leave to amend is granted, but the Court finds that there is no undue prejudice to Plaintiff here. Plaintiff asserts that allowing Defendants to amend their Answers and raise the affirmative defense of failure to exhaust administrative remedies would prejudice him because it would permit the Court to decide the merits of that defense, rather than deem it waived.

The Court cannot accept this contention that a disposition of this issue on the merits would be unduly prejudicial under the circumstances. See Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California, 648 F.2d 1252, 1254 (9th Cir. 1981) ("Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'") (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). Although the defense was not raised until Defendants' summary judgment motion, Plaintiff was permitted months of time and several extensions to address the matter in his opposition. Plaintiff submitted over two hundred pages in opposition. (ECF No. 95.) The Court carefully evaluated the submissions, found a disputed issue of fact, and again allowed Plaintiff an opportunity to address his opposition to the defense, factually and legally, at an evidentiary hearing.

Further, if leave to amend is granted, the Court will grant Plaintiff both a reasonable opportunity to pursue limited additional discovery on this issue and allow him to supplement his opposition, if needed. Plaintiff complains of the delay in the proceedings here caused by the reopening of discovery, but that protestation rings hollow given the many extensions of time and modifications to the discovery and scheduling order that Plaintiff has sought in this matter. (See ECF Nos. 16, 22, 26, 44, 49, 51, 61, 71, 86, 90, 91, 94.) Accordingly, there is no showing of undue delay in allowing Defendants leave to amend under the circumstances.

Finally, the Court addresses the futility of amendment. Plaintiff argues that allowing the amendment to raise the defense is futile, because defense is ineffective, frivolous and moot.

Plaintiff asserts that, although this suit addresses his confinement at the Tulare County Jail as a pretrial detainee, he was not in the custody of the Tulare County Sheriff's Department at the time that he filed this action or filed the operative Second Amended Complaint here. Therefore, he argues that he was no longer required to exhaust his claim under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").

In support of his argument, Plaintiff relies upon Jackson v. Fong, 870 F.3d 928 (9th Cir. 2017). The Ninth Circuit Court of Appeals in that case examined whether a former prisoner, Jackson, was subject to the PLRA's exhaustion requirement when he initiated suit as a prisoner at San Quentin State Prison, but later filed a supplemental pleading after his release from custody. Id. at 930. The Ninth Circuit held that the PLRA requires a prisoner to exhaust available administrative remedies prior to filing suit. Id. at 933 (quoting Albino v. Baca, 747 F.3d 1162, 1165 (9th Cir. 2014)). Further, exhaustion under the PLRA is measured at the time the action is filed, McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002), meaning that the facts and circumstances of whether a claim was fully exhausted are decided at the outset of the litigation, on the circumstances that existed before the case was filed.

Jackson did not exhaust administrative remedies prior to filing suit, but at the time that he filed his operative pleading, he was no longer a prisoner. The administrative appeal he filed before his release from prison was cancelled upon his release, and it was impossible for him to fully exhaust the claims brought in his supplemental complaint, which added new claims and allegations to the original suit. See id. at 932, 934. Since Plaintiff was no longer a prisoner by the time that he filed his operative pleading, and could not grieve his complaints, the Ninth Circuit found exhaustion was not required under the PLRA. See id. at 934.

The instant case is distinguishable. Plaintiff is not a former prisoner, but rather a former pretrial detainee and a current convicted prisoner. The exhaustion requirement of the PLRA applies to both pretrial detainees and convicted prisoners, who "may not file suit challenging conditions in a correctional facility unless he or she has exhausted administrative remedies at the facility." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 792 (9th Cir. 2018) (citing 42 U.S.C. § 1997e(a)). "The PLRA strengthened the exhaustion requirement such that "[e]xhaustion is no

longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citation omitted).

Plaintiff's Second Amended Complaint in this case alleged the same claims and largely the same allegations as his prior pleadings. The claims he pursues now are the same claims that he originally pursued in this case, other than the identification of a previously unnamed deputy and the addition of a party who was described in the prior pleading but not named as a party.

Plaintiff has not argued that it was impossible for him to exhaust his administrative remedies because he was no longer a prisoner, or because he was no longer an inmate at the Tulare County Jail. Rather, the undisputed facts on this issue have been that an inmate at the Tulare County Jail had five days from an incident to start the formal grievance procedure. (Order Granting In Part and Den. In Part Defs.' Mot. for Summ. J., ECF No. 98, at 6.) The incident at issue allegedly occurred during the evening of August 27, 2014, and Plaintiff was released from the custody of Tulare County to the custody of the California Department of Corrections and Rehabilitation ("CDCR") on September 9, 2014, approximately thirteen days later. (Id. at 6-7.) Plaintiff has consistently contended in this case that he did iniate the formal grievance process prior to his release from Tulare County custody, on or about August 28, 2014, when he allegedly submitted a grievance form to Deputy Abbot. (Id. at 7.) Those facts are in dispute. Nevertheless, the Court cannot find based on Plaintiff's transfer of custody from Tulare County Jail to CDCR, on the current record, that exhaustion of administrative remedies was impossible. Plaintiff is not a former prisoner, and therefore Jackson is inapplicable.

Based on the foregoing, the Court does not find that amendment is futile in this case. In sum, good cause exists to allow Defendants leave to amend their Answers, and allowing the amendment would not cause undue prejudice to Plaintiff or undue delay, the amendment is not sought in bad faith, and it is not futile. Therefore, the Court will grant Defendants' motion and allow leave to amend.

Defendants attached a proposed First Amended Answer to the Second Amended Complaint to their motion. (ECF No. 114-3.) The Court will require Defendants to promptly file that pleading within ten days of this order. Subsequently, the Court will allow Plaintiff to

conduct limited discovery <u>only</u> on the issue of whether administrative remedies were effectively unavailable in this case. Plaintiff will also be allowed a reasonable opportunity to supplement his opposition to Defendants' motion for summary judgment based on any newly discovered evidence, if any. Those matters will be addressed by a separate order issued after Defendants have filed their amended pleading.

## III.

## CONCLUSION

For the reasons explained, the Court HEREBY ORDERS that:

1. Defendants' motion for leave to file an amended answer and affirmative defenses, filed on October 22, 2018 (ECF No. 114) is granted;

2. Defendants First Amended Answer and Affirmative Defenses must be filed and served within ten (10) days of this order; and

3. The Court will issue a separate order regarding the limited re-opening of discovery and supplemental briefing on Defendants' motion for summary judgment, upon the filing of Defendants' First Amended Answer and Affirmative Defenses.

IT IS SO ORDERED.

Dated: **November 27, 2018**

UNITED STATES MAGISTRATE JUDGE