# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. VICKERS, | ) Case No.: 1:15-cv-00129-SAB (PC) |
| Plaintiff, | ) ORDER REOPENING DISCOVERY FOR |
| v. | ) LIMITED PURPOSE, AND ALLOWING |
| | ) SUPPLEMENTAL BRIEFING ON |
| THOMPSON, et al., | ) DEFENDANTS' MOTION FOR SUMMARY |
| Defendants. | ) JUDGMENT FOR FAILURE TO EXHAUST |
| | ) ADMINISTRATIVE REMEDIES |

Plaintiff Jeremiah D. Vickers is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302. (ECF Nos. 8, 40, 65, 89.) This action currently proceeds on Plaintiff's claim for excessive force against Defendants Smith, Sandoval, and Akin, and the failure to intervene against Defendant Alvarez.

Pursuant to the Court's orders issued on October 8, 2018 and November 27, 2018, discovery is reopened in this matter for a limited purpose. Previously, on September 27, 2018, the Court conducted an evidentiary hearing on whether administrative remedies were effectively unavailable in this case. Specifically, the factual disputes at issue are (1) whether Deputy Timothy Abbot gave Plaintiff a grievance form on or about August 28, 2014; (2) whether Plaintiff submitted that form to Deputy Abbot; and (3) whether that form was lost, destroyed or otherwise not acted upon.

For reasons explained in the Court's prior orders, Plaintiff is now granted leave to conduct limited discovery on those factual disputes. Plaintiff is also granted leave to supplement his opposition to Defendants' motion for summary judgment based on any newly discovered evidence, if any. Defendants shall also be permitted an opportunity to respond, as outlined below.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff may conduct discovery limited to the factual issues listed above. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court, unless they are at issue in a proceeding, as specified in Local Rules 250.2, 250.3 and 250.4.

2. Plaintiff must serve any discovery requests within **thirty (30) days** of this order. Responses to Plaintiff's written discovery requests shall be due within **thirty (30) days** after the request is served;

3. <u>Boilerplate objections are disfavored and will be summarily overruled by the Court</u>. Responses to any document requests shall include all documents within a party's possession, custody or control. <u>See</u> Fed. R. Civ. P.34(a)(1);

4. Plaintiff may take depositions. However, Plaintiff must designate a deposition officer, and notify the deponents and defense counsel of the time, place, and manner of the deposition. Plaintiff must also pay all costs associated with any depositions, including fees for a deposition officer and court reporter, and witness fees and mileage under Rule 45(b)(1). Pursuant to Rule 30(b)(4), Plaintiff may take any deposition under this section by video conference without a further motion or order of the Court. Any depositions must be completed within **sixty (60) days** of this order;

5. The parties are required to act in good faith throughout this discovery process. The failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5), or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules, which may include dismissal of the case;

///

6.     Plaintiff may file a supplemental brief to his opposition to Defendants' motion for summary judgment, presenting any new, additional evidence and any argument based on newly discovered evidence, within **ninety (90) days** of this order.  Defendants may file a response to the supplemental brief, if any, within **fourteen (14) days** of service of Plaintiff's supplemental brief.  Plaintiff may file a reply to Defendants' response within **seven (7) days** of service of the response.  The matter shall be deemed submitted when the time for briefing expires under this order.  Local Rule 230(l);

7.     <u>Any requests for extensions of time of the deadlines set in this order must be supported by good cause, must be made before the deadline expires, and are subject to opposition by the non-moving party</u>.

IT IS SO ORDERED.

Dated:   **December 4, 2018**

_____
UNITED STATES MAGISTRATE JUDGE

3